IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                      CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION,
dba Bank of Albuquerque,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Quash Subpoenas and Protective Order [Doc. 42]. The Court considered the motion, response [Doc. 50], and reply [Doc. 65].

EEOC seeks to quash four subpoenas served by Defendant BOKF, National Association ("Defendant")[1] on nonparties.[2] The nonparty recipients of the subpoena did not object or move to quash. Rather, in an amazing show of chutzpah, EEOC contacted the recipients and told them not to comply with the subpoenas. [*See* Doc. 42, at 3.] In effect, EEOC granted its own protective order by directing nonparties, that were served with Court-authorized subpoenas, not to comply. This was improper. Either the recipients should have objected or EEOC could have sought emergency relief.[3]

---

[1] There is an ongoing dispute as to whether EEOC named the proper Defendant in this litigation. While EEOC named BOK Financial Corporation d/b/a Bank of Albuquerque as Defendant, BOKF, National Association (formerly Bank of Albuquerque) appeared and answered this motion. [Doc. 50, at 2.]

[2] The nonparty businesses are former or current employers of two of the named individuals on whose behalf EEOC brings suit.

[3] Emergency relief by way of telephonic hearing could have been scheduled on short notice. Indeed, the Court has conducted expedited telephonic hearings in this case. Even if Defendant preferred briefing this issue rather than proceeding by a telephonic conference with the Court, nothing prevented EEOC from requesting a telephonic conference.

After careful consideration of the pertinent law, pleadings, and attachments, the Court reaches the conclusion set out below.

**Background**

EEOC is the Plaintiff in this action; it brings a complaint on behalf of three individuals: Yolanda Fernandez, Betty Brewer, and Elizabeth Morantes ("named individuals"), alleging, *inter alia*, violations of Title VII of the 1964 Civil Rights Act. EEOC contends that Defendant discriminated against the women due to their age and gender, and retaliated against them due to their opposition to unlawful employment practices.

**Current Motion**

EEOC sets out a number of arguments in support of its motion to quash subpoenas and for protective order: (1) Defendant failed to provide EEOC with adequate advance notice before service of the Rule 45 subpoenas on the nonparty businesses; (2) the third party subpoenas seek irrelevant, overly broad, and private information; (3) subpoenas served on current employers of the allegedly aggrieved individuals are strictly prohibited; (4) the information sought is duplicative and can be obtained by less intrusive means. [Doc. 42.]

Defendant responds by arguing that EEOC received proper notice of the subpoenas, EEOC has no standing to object to the third party subpoenas, and the subpoenas request relevant, non-privileged information that is reasonably calculated to lead to the discovery of admissible evidence. Defendant requests expedited treatment of EEOC's motion in view of the December 3, 2012 discovery cutoff and the delays incurred by this discovery dispute. Defendant seeks a Court order directing EEOC to obtain valid releases for the production of documents from all former or current employers of the named individuals, and an order authorizing these third party businesses to produce

the documents requested in an expedited manner.  Defendant also asks for its fees and costs in pursuing the subpoenas and responding to the motion to quash. [Doc. 50, at 10.]

## Analysis

### A. Notice of Rule 45 Subpoena

EEOC represents that Defendant failed to give it proper notice concerning the issuance of the nonparty subpoenas.  EEOC contends that Defendant's actions violated Rule 45(b)(1), which provides, in pertinent part, that:

> If the subpoena commands a production of documents, electronically stored information, or tangible things or the inspection of premises before trial, ***then before it is served, a notice must be served on each party.***

Fed. R. Civ. P. 45(b)(1) (emphasis added).  EEOC urges that "Defendant blatantly admits to serving the subpoenas at issue in this motion **prior to** giving notice to the EEOC" and that Defendant "offers absolutely no reason for its manifest violation" of Rule 45, except to say the rule contains no notice requirement. [Doc. 65, at 1] (emphasis in original).

EEOC relies on Tenth Circuit authority, arguing that the Circuit "emphatically interpreted this requirement to require 'notice to be given prior to service of a subpoena.'" [Doc. 65, at 4] (*citing* Butler v. Biocore Med. Tech., Inc., 348 F.3d 1163, 1173 (10th Cir. 2003)).  EEOC explains that by "Defendant's own admission, it mailed the subpoenas on October 10, 2012 at 17:20 CST/16:20 MST" but that "not until later that same day, and after the mailing of the subpoenas at issue," did Defendant provide notice to the EEOC. [Doc. 65, at 5.]

EEOC overstates its argument.  The point of Rule 45(b)'s notice requirement is to allow the party to assert any privileges or objections they may have to the nonparty subpoenas.  In Butler, the Tenth Circuit noted the district court's reasoning that the "purpose behind the notice requirement

is to provide opposing counsel an opportunity to object to the subpoena." Butler, 348 F.3d at 1173 (citations omitted). As noted by the district court, a contrary interpretation of Rule 45(b)(1) "would allow a party to mail notice to opposing counsel one day prior *to the date of compliance* [with the subpoena], effectively prohibiting counsel from responding [or objecting]." Id. (emphasis added) (citation omitted). In Butler, the Circuit further explained that "the 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena. For an objection to be reasonably possible, notice must be given well in advance of the production date." Id. (internal citations omitted).

Here, contrary to EEOC's representations, Exhibits 3 and 4 of Defendant's response [Doc. 50] confirm that notice of the subpoenas was provided to EEOC's attorney, Silvertooth, on Wednesday, October 10, 2012, at 6:01 p.m. [Doc. 50, ¶ 6.] The email provides, "Attached hereto, please find copies of the subpoena duces tecum sent out today." [Doc. 50, Ex. 3.] Attorney Silvertooth acknowledged receipt of the notice that same date at 9:38 p.m. [Doc. 50, Ex. 4.] In that email, Attorney Silvertooth formally requested defense counsel to "retract these subpoenas" arguing that a Rule 45(b)(1) could not be served on a third party before notice was given to the parties first. [Id.] On October 11, 2012, Defendant gave more "formal" notice to EEOC counsel by providing a filing entitled "Notice of Issuance of Subpoenas." [Doc. 50, ¶ 7; Doc. 40.] Defendant advised that the subpoenas at issue were served at least three days **after** providing notice of the subpoenas to EEOC. [Doc. 50, ¶ 8.] Clearly, Defendant notified Plaintiff's counsel of the subpoenas prior to serving the subpoenas on the business.

The purpose of Rule 45(b)'s notice requirement is satisfied under these circumstances. EEOC argues that the subpoenas were "served" once Defendant mailed them, even though the nonparty businesses obviously did not receive them until days after mailing. But, EEOC had ample

time to file a motion to quash or written objections to the subpoenas before the responding nonparty had even received the subpoena. As conceded by EEOC, it waited from October 10 or 11 until October 19, 2012, five days before the production was due, to contact the subpoenaed employers. The important point is not only did EEOC have sufficient to time to file written objections, a motion to quash or a motion for protective order, it initially took none of those appropriate actions. Instead, it waited a week and then improperly contacted the nonparty businesses, directing them not to comply with the subpoenas. The Court could issue an order to show cause why sanctions should not be awarded on that ground alone, but elects not to do so.[4] However, the Court cautions EEOC that it risks sanctions in the future if it continues to engage in such unauthorized conduct.

### B. EEOC's Standing to File Motion to Quash

Before reaching the merits of EEOC's motion, the Court must determine if EEOC has standing to bring the motion. Schmitz v. Davis, 2011 WL 2009469, *2 (D. Kan. May 23, 2011) (unpublished). In Steven Baicker-McKee, William M. Janssen and John B. Corr's's commentary to Rule 45 in the Federal Civil Rules Handbook 998 (2012 ed.) (citation omitted), the editors observe that "[a] motion to quash may only be brought by the witness; the parties do not have standing to bring the motion on behalf of the witness." The editors further explain that if a subpoena seeks the production of documents, only the recipient may serve timely written objections. Id. Here, the recipient nonparty businesses did not object or bring a motion to quash. Indeed, one

---

[4]The Court notes, however, that EEOC's inappropriate litigation tactics already resulted in substantial sanctions being imposed. See E.E.O.C. v. TriCore Reference Lab., 2012 WL 3518580 (10th Cir. Aug. 16, 2012). One would hope that such a large sanction order would compel EEOC to conduct litigation with circumspection and adherence to codes of conduct and rules of practice and procedure.

business fully complied before EEOC wrongly directed the remaining recipients to ignore the Court-authorized subpoenas.

In support of its argument that it has standing to protect the privacy interests of Ms. Fernandez and Ms. Morantes in challenging the nonparty subpoenas, EEOC relies on a recently issued decision by the undersigned Magistrate Judge. In EEOC v. 704 HTL Operating, LLC and Inv. Corp. of Am., No. CIV 11-845 BB/LFG, the Court concluded that while EEOC did not have standing to object as to privacy interests of a person it did not represent, the EEOC, however, did have standing to raise possible privileges or privacy interests on behalf of the named individual whom it did represent. [Doc. 51 in No. CIV 11-845, at *3] (D.N.M. Apr. 3, 2012) (unpublished). In so concluding, this Court explained:

> This point was made clear in a recent decision brought by the same plaintiff, EEOC. In EEOC v. Original Honeybaked Ham Co. of Georgia, 2012 WL 934312 (D. Colo. Mar. 19, 2012) (unpublished), the EEOC similarly sought to quash a number of subpoenas served on employers and prior employers of the plaintiff class, seeking a variety of information, including salary and personnel records, as well as medical information. As is true here, EEOC, in Original Honeybaked Ham, came before the court seeking the motion to quash. The District Court found that EEOC lacked standing, except as to privilege or to assert the privacy of the aggrieved employees which EEOC represented. Id. at *2.

Id.

In accord with its prior analysis in 704 HTL Operating, the Court concludes EEOC has standing to raise privilege and privacy issues as to the three named individuals on whose behalf it is prosecuting this case.[5] Having determined EEOC has standing, the Court notes that EEOC's

---

[5]*See, e.g.,* E.E.O.C. v. Rexnord Indus., LLC, 2012 WL 2525652 (E.D. Wis. Jun. 29, 2012) (unpublished) (in light of EEOC's statutory authority to bring an action on charging party's behalf and thus protect that party's privacy interests, the Court will err on EEOC's side, concluding it has standing to bring a motion to quash).

argument regarding the need to protect privacy interests of the named individuals is cursory and speculative. It challenges the alleged relevancy of the requested employment files and overbreath of the subpoenaed information, and argues that the named individuals' privacy interests should prevail over any relevancy. EEOC contends, in passing, that the requested personnel files of the named individuals "often contain sensitive personal information . . . ." [Doc. 42, at 4.] It further asserts in its conclusion that such files contain "protected, sensitive, and confidential information" and that courts should not "willy-nilly disclose them" [Doc. 42, at 13], but provides no basis whatsoever for its conclusion.

Simply because records are in a personnel file does not mean the records are privileged, private and not subject to discovery. The right to confidentiality of matters contained in personnel files is not absolute. Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). Courts generally consider a balancing test to determine if materials in a personnel file are so personal or sensitive that they warrant protection. A court should determine if there is a legitimate expectation of privacy; if disclosures serves a compelling interest; and, if disclosure can be made in some other, less intrusive manner. Id.

**C.     Scope of Subpoenas**

The Court next determines whether the subpoenas seek irrelevant or overly broad information. The subpoenas at issue request the third party businesses to produce:

> Any and all employment records and/or personnel file(s) regarding [Ms. Fernandez or Ms. Morantes], including but not limited to, job posting(s) which [Ms. Fernandez or Ms. Morantes] applied and/or qualified, applications(s), all time records, hours recorded, work schedules, pay records, W-2s, status changes, position descriptions, and the like.

EEOC asserts that personnel files are not always discoverable in their entirety and that disciplinary actions of former or subsequent employers are not always relevant. [Doc. 42, at 7.] The Court agrees. *See* Denver Policemen's Protective Ass'n, 660 F.2d at 436 (district court properly employed balancing test and conducted *in camera* inspection to determine what part of personnel records should be disclosed). Moreover, EEOC argues that an employment discrimination plaintiff does not place her entire employment history at issue. However, EEOC concedes that earnings from subsequent employers are relevant as to a possible back-pay calculation and offers to provide the W2s from the nonparty employers. That is insufficient. Defendant is entitled to discover all evidence relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Thus, Defendant is not required to accept only the scant evidence EEOC offers to produce.

The Court further observes that in this case, EEOC seeks substantial damages for back pay, front pay, and emotional harm on behalf of the named individuals. To determine if these individuals complied with their mitigation responsibilities and to obtain discovery relevant to the claims or defenses, Defendant requested the above-described information.

Rule 45 does not explicitly discuss relevancy and whether it is proper to object based on relevancy. In Linnebur v. United Tel. Ass'n, Inc., 2011 WL 3490022, at *7 (D. Kan. Aug. 10, 2011) (unpublished), the federal district court advised:

> Although Rule 45 does not specifically provide for a relevance or overbreadth objection, it is well settled "that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34." Therefore, "the court must examine whether a request contained in a subpoena is overly broad or seeks irrelevant information under the same standards" as the rules governing discovery requests served on parties.

(citations omitted). Under Rule 26(b)(1), discovery may be obtained regarding nonprivileged matter that is relevant to a party's claim or defense. Typically, relevancy is broadly construed, and a

discovery request is allowed unless the information clearly can have no possible bearing on a party's claim or defense. *See, e.g.,* A Major Difference, Inc. v. Wellspring Products, LLC, 243 F.R.D. 415, 416 (D. Colo. 2006) (Rule 26(b)(1) allows broad discovery of "any matter, not privileged, which is relevant to the claim or defense of any party").

Here, the Court determines that some of the specifically identified categories of information sought by Defendant are relevant, discoverable, and not privileged. For example, the requested information as to job postings, applications for work, work schedules, pay records, job status and changes, and job descriptions, in relation to both subsequent and current work, "appear[s] reasonably calculated to lead to the discovery of admissible evidence" on the question of mitigation of damages. These employment records, for example, could reveal other previously undisclosed employers for whom the named individuals worked. The named individuals have a duty to mitigate their damages and Defendant is free to explore whether opportunities for other employment were provided to them, whether they acted on those opportunities as part of their mitigation responsibilities, what positions they obtained, and how much salary they earned.

EEOC argues, however, that Defendant's request for "any and all employment records and/or personnel files" for the named individuals is overly broad. The mere use of the phrase "any and all" does not necessarily make the request *per* se overly broad. Robinson v. City of Arkansas City, Kan., 2012 WL 603576, *9 (D. Kan. Feb. 24, 2012) (unpublished) (citation omitted). But, "[r]equests should be reasonably specific, allowing the respondent to readily identify what is wanted." Id. (citation omitted).

So as to allow the Court to conduct the Lichtenstein balancing test, the Court requires delivery of the previous unproduced personnel and employment files to the Court for an *in camera* review. The Court directs Defendant to reissue the subpoenas but requires the nonparty recipients

to deliver the requested information and files directly to this Court. The subpoena recipients are to produce all requested information to the Court for an *in camera* inspection within ten (10) days from receipt of the new subpoena. Defendant shall also deliver to the Court all personnel and employment records from the one employer who already complied with the subpoena. After the Court's inspection, it will determine what information should be produced to Defendant and enter a corresponding order.

### D.     Other Means to Obtain Information

EEOC also argues that the information sought is "unreasonably cumulative or duplicative" and can be obtained from a more convenient source. [Doc. 42, at 11.] EEOC contends that the relevant salary or mitigation information has already been requested in the first document requests and that Defendant can ask EEOC to produce additional relevant documents regarding other mitigation efforts. EEOC also suggests that Defendant can obtain the information through deposition testimony.

The Court determines that Defendant properly served the nonparty businesses with Rule 45 subpoenas and that EEOC did not demonstrate that the requested information is "unreasonably cumulative or duplicative." In addition, the Court is not persuaded by EEOC's argument that there are less intrusive ways to obtain the information, especially in view of the parties' apparent inability to agree on dates of depositions, language of protective orders, acceptance of service, and numerous discovery disputes. [*See, e.g.,* Doc. Nos. 59, 61.]

Moreover, the fact that Defendant chooses to seek this information through various forms of discovery devices is not improper. Indeed, obtaining information from other sources serves as a means to corroborate or refute information previously provided. In addition, nothing in the rules

of civil procedure precludes a party from attempting to obtain information through various or multiple discovery devices.

## Conclusion

The Court concludes that Defendant sufficiently complied with Rule 45's notice requirements and that EEOC had ample time to properly file written objections to the nonparty subpoenas or an appropriate motion with the Court. The EEOC's actions in contacting the nonparty businesses and directing noncompliance with a Court-authorized subpoena were improper and, indeed, likely a sanctionable act. Such future conduct will not be condoned.

The Court further decides that EEOC has standing to challenge the subpoenas' requested information based on based possible privacy interests of the named individuals. The Court concludes that at least some of the requested information is relevant and not overly broad, but that some of the information sought by Defendant may not be relevant or may be overly broad. For this reason, the Court requires an *in camera* inspection of the responsive documents and files.

IT IS THEREFORE ORDERED that EEOC's Motion to Quash Subpoenas and for Protective Order is GRANTED in part and DENIED in part. The Court will enforce the new subpoenas and require production of requested documents to the Court for an *in camera* inspection of the employment and personnel files before determining what information must be produced to Defendant. The information should be provided to the Court as described herein. Because the motion is granted in part, the Court denies Defendant's request for costs and fees.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge