IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

         Plaintiff,

vs.                                                CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION,
dba Bank of Albuquerque,

         Defendant.

## **REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court pursuant to the trial judge's Order of Reference [Doc. 64], in which the trial judge requested that the undersigned Magistrate Judge issue a report and recommendation on "Plaintiff EEOC's Motion for Leave to Amend Its Complaint" [Doc. 27]. The Court considered the motion, Response [Doc. 32], and EEOC's Reply [Doc. 36]. Oral argument is not necessary.

### **Background**

At the Fed. R. Civ. P. 16 scheduling conference conducted on June 28, 2012, and in accord with the parties' Joint Status Report and Provisional Discovery Plan [Doc. 14], Equal Employment Opportunity Commission ("EEOC") was given until August 31, 2012, to file motions for

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed. *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

amendment and/or joinder. EEOC filed this opposed motion to amend the Complaint on August 29, 2012. Briefing on this motion was complete upon the filing of the Notice of Completion of Briefing on October 3, 2012 [Doc. 37].

EEOC's motion to amend presents the Court with an unusual situation. EEOC timely filed its motion to amend by submitting it two days before the deadline to do so. However, at this stage of the litigation, granting the motion in its entirety would disrupt the Court's case management plan, require that discovery be extended for a significant period of time, and conflict with the pending pretrial conference deadline and the pending trial date.

## Motion to Amend

In the motion to amend complaint, EEOC states that it seeks to add two additional defendants as successors-in-interest, Bank of America, National Association and BOKF, NA. It further explains that the amendment is necessary to "add clarity to its claims by adding additional facts." [Doc. 27. at 1.] The proposed complaint contains 13 pages rather than 7 pages, and 75 allegations rather than 20 allegations. [Doc. 1, Doc. 27, attached proposed complaint.] The proposed complaint includes allegations regarding the original three named individuals, along with new contentions concerning a "class of female employees," which had not earlier been part of the lawsuit. [Doc. 27, attached proposed complaint.]

EEOC argues that under Fed. R. Civ. P. 15(a)(2), a court should freely give leave to amend when justice requires. The "ends of justice" provision of Rule 15(a)(2) contemplates giving leave to amend. However, when granting leave would prejudice existing parties, be disruptive to court schedules, and EEOC had ample time to earlier make this request so as to eliminate or reduce hardship to opposing parties, there is no requirement that the Court allow an amendment. This is particularly true in view of the case's history.

### A.     Proposed Class Allegations

EEOC has had administrative control of at least some of the charging parties' complaints for more than four years–as far back as 2008–clearly, years to determine the appropriate scope of the lawsuit.  Indeed, EEOC's December 16, 2010 determination said that reasonable cause existed to find that respondent (BOK Financial) had discriminated against Fernandez and "a class of women." [Doc. 36, Ex. 1, at 1-2.]  The same language appears in the EEOC's October 6, 2010 cause determination as to Ms. Morantes' charge. [Doc. 36, Ex. 1, at 3-4.]

Yet, when EEOC filed this lawsuit in December 2011, it notified the Court and opposing counsel that it was prosecuting this lawsuit on behalf of three separate individuals, Betty Brewer, Yolanda Fernandez and Elizabeth Morantes.  Its lawsuit made no mention of class allegations or class relief. [*See* Doc. 1.] Moreover, discovery in this case focused on the claims and defenses related to the three women on whose behalf the case is being prosecuted

It is clear that when EEOC was investigating Fernandez's and Morantes' charges in 2009-2011, during the administrative process, EEOC was contemplating class allegations and class relief. Prior to filing suit, defense counsel sent EEOC counsel a letter, dated December 8, 2010, confirming a discussion among counsel about the parameters of a possible class action. [Doc. 32, Ex. 10.] For example, the December 2010 letter discussed that the potential class would be limited to New Mexico and to female managers and branch managers over the age of forty.  The potential class claims would be limited to the time frame of June 16, 2007 to present. In the letter, defense counsel notes that in the Summer of 2010, she had accepted conciliation of Ms. Morantes' individual claims and that she was caught off guard by new class allegations by the EEOC. [Id.] In March 2011, counsel continued to correspond about who comprised the class.  EEOC counsel stated that the class members remained the same – the previously named three women and "an unidentified class."

Defense counsel sought identification of the class members so as to respond to EEOC's settlement demand at the time. [Doc. 32, Ex. 11.]

In June 2011, the EEOC determined that efforts to conciliate the Morantes' charge were unsuccessful. [Doc. 32, Ex. 12.] Discussion of a possible class occurred late in 2010 into 2011, but for whatever reason, EEOC did not make class allegations in the December 2011 Complaint and took no steps to pursue class claims.  Moreover, in the parties' Joint Status Report [Doc. 14], EEOC did not say it intended to prosecute this case as a class action.  To the contrary, it predicated the filing of motions for summary judgment only on behalf of each of the three women. [Doc. 14, at 10.]

In its reply, EEOC argues that it simply wishes to add a new Defendant, plead some facts not previously included in its original Complaint, and clarify that it is not alleging any claims under § 707 of the Civil Rights Act. [Doc. 36, at 2-3.] It further emphasizes that "**EEOC does not seek to add any new claims.**" [Doc. 36, at 2] (emphasis in original).

However, as part of its attempt to "clarify its claims," the First Amended Complaint [Doc. 27, Ex. A] contends that the three women were victims of discrimination, along with a "class of female employees."  The proposed amended complaint now alleges that the EEOC's earlier "investigation uncovered that a class of female employees was affected by the [Defendant's] alleged unlawful practices" [Doc. 27, Ex. 1, ¶ 12].  While this information was known well before EEOC filed its first complaint, the complaint did not discuss EEOC's determinations concerning an alleged class. [Doc. 1.]

The proposed amended complaint further alleges: "Since at least 2007, Betty Brewer, Yolanda Fernandez, Elizabeth Morantes, and a class of female employees and/or class of female employees over the age of forty (40) were subjected to less favorable terms and conditions of employment than afforded to male employees or younger male employees."  [Doc. 27, Ex. 1, ¶ 25.]

EEOC now seeks to expand its three-person claims to a "class of female employees." In other words, EEOC alleges that Defendant not only discriminated against the three women, but also against a "class of women." [Doc. 27, Ex. 1.]

This "clarification" is nothing more than an attempt to convert this three-person lawsuit into a class action after discovery has proceeded on only the three individuals' claims and only a short time remains on the Court's discovery schedule. Under the circumstances of this case and its history, the Court finds the attempt to amend tardy and prejudicial.

EEOC could well have filed a class action lawsuit and sought certification pursuant to Fed. R. Civ. P. 23, but chose not to do so. Should the Court allow class allegations to go forward at this point, it would significantly disrupt the Court's case management plan, require discovery focused on class issues, require a briefing scheduling on class certification, and compel the Court to vacate both the pretrial conference and trial. An amendment of this magnitude, at this stage in the proceedings, is contrary to the two-pronged goals of the Civil Justice Reform Act, 28 U.S.C. § 471, *et. seq.*, that is to expedite the ultimate disposition of a case and reduce the costs of litigation. Moreover, such a broad expansion of the complaint is extremely prejudicial to Defendant.

The Court cannot reconcile EEOC's multiple new allegations of class violations in its proposed amended complaint with its assertion that it does not seek to add any claims or extend scheduling order deadlines. [Doc. 36, at 1, 2, 4.] EEOC appears reticent to come right out and say in its pleadings that it now seeks to bring a class action. Instead, in response to Defendant's argument concerning the attempt to bring a class action, EEOC argues that Defendant "was well aware of the class allegations as is evident from Defendant's [December 2010] letter sent in response to EEOC's determinations finding discrimination affecting a class of women, and a class of women over 40." [Doc. 36, at 7.] While true that class contentions were discussed prior to EEOC

filing suit, a plaintiff's complaint frames the scope of the lawsuit, and in this case, the lawsuit filed contains no class allegations. Thus, even in pre-suit class allegations were discussed, Defendants are justified in believing that those allegations were abandoned when not filed. The plaintiff is the master of the pleadings. EEOC is well versed in Title VII law and would have, or at least should have known at the pleading stage if this case dealt with three persons or perhaps hundreds.

While Defendant knew about the possibility of class allegations, it was EEOC's responsibility, as master of its complaint, to file those claims. *See* Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) (under the "well-pleaded complaint" rule, the plaintiff is considered the "master of the claim"). It matters not what and when Defendant knew about the pre-lawsuit allegations. A plaintiff may, for a variety of reasons, choose to narrow and simplify a claim. For example, the time, effort, and expense of an expanded claim may make prosecution tenuous, impractical, or expensive. However, here, the unanswered question is why EEOC did not set forth class allegations from the inception of this lawsuit, knowing what it knew and possibly knowing more in terms of alleged class violations. EEOC's attempt to slip class allegations into the lawsuit when it represents that its amendments raise no new claims is disingenuous.

Courts have an obligations to effectively manage their own dockets. A court has inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases." *Cf.* Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, *reh'g denied,* 371 U.S. 873 (1962). *See* Weinbaum v. Las Cruces Pub. Sch., 465 F. Supp. 2d 1116, 1143 (D.N.M. 2006) (This Court's "inherent authority ... to manage its own docket includes the discretion to determine which claims to consider.") (internal citations omitted).

In a situation where there is no pretrial conference or trial pending, the refusal to modify case management deadlines may constitute an abuse of the Court's discretion. For example, in Rimbert

v. Eli Lilly and Co., 647 F.3d 1247, 1255-56 (10th Cir. 2011), a party moved for a new scheduling order to allow time to name a new expert when no pretrial conference or trial was pending. Id. at 1254-55. The refusal to modify case management deadlines would, of necessity, mean that the plaintiff could not successfully prosecute its claims. In Rimbert, the Circuit found that while a court is obligated to manage its docket, its refusal to allow a reasonable modification of the scheduling order was an abuse of discretion in part because there was no pretrial conference or trial setting and because a modification of the schedule did not prejudice any party.

The situation presently before this Court is different. The case is now near the close of discovery and has been actively litigated as a lawsuit on behalf of three separate individuals, not as a class action. The deadline for motion practice is only six weeks away. A pretrial conference is set for July 12, 2013, and jury trial is set for August 12, 2013. Allowing the class allegations would be disruptive and prejudicial.

The present case is being brought as an EEOC charge. If EEOC believes there are class violations, there appears nothing to prevent it from conducting appropriate administrative investigations, attempting conciliation, and, if those efforts fail, to initiate a proper class action. Thus, neither the EEOC nor the potential class would be prejudiced by denying the modification in this case. The Court, therefore, recommends denial of EEOC proposed complaint to the extent it seeks to add class allegations.

The Court also recommends denial of the extensive amendment of the complaint, expanding 20 allegations to 75 allegations. EEOC did not demonstrate how these additional allegations actually clarify the claims. The Court recommends that EEOC be allowed to remove any claim brought under § 707 of the Civil Rights Act based on its assertion that it does not pursue any such claims. In addition, the Court recommends that all three Defendants be named as discussed *infra*.

The Court, however, recommends denial of the remaining new allegations, including the class allegations.

### B.     **Proposed Defendants**

EEOC also seeks to amend the Complaint to continue to name BOK Financial Corporation as a Defendant, to add Bank of Albuquerque as a Defendant, and to add BOKF, NA as a Defendant. EEOC's request is again tardy but timely. As earlier stated, it has had administrative control of this case for at least four years, and this case was pending for eight months before EEOC filed its motion to amend.

As early as the parties' meet-and-confer in June 2012, Defendant BOK Financial Corporation advised EEOC that it named the wrong party and suggested that EEOC correct its error. EEOC did nothing. So, too, in the Joint Status Report [Doc. 14, at 12-13], Defendant urged EEOC to correct its Complaint to name the proper party, and provided EEOC with information from which EEOC could properly name the party. Again, EEOC took no action. Moreover, in various pleading filed by Defendant, it reminded EEOC that it named an improper defendant and should substitute the correct defendant. *See, e.g.,* [Doc. Nos. 32, 59]. EEOC neglected to do so until now.

The originally named defendant, BOK Financial Corporation, asserts that it is improperly named. However, during all the pertinent time periods, *e.g.,* 2008 - 2010, when the three named individual women were employed by Bank of Albuquerque, a subsidiary of BOK Financial Corporation, it appeared that BOK Financial Corporation was the Defendant that responded to EEOC charges.

In January 2011, Bank of Albuquerque merged into Bank of Oklahoma, and, on that date, the entities changed their name to BOKF, NA, a subsidiary of BOK Financial Corporation. It may be that Bank of Albuquerque no longer exists as a separate entity, although it was the employer of

the named individuals at all pertinent times. Because Bank of Albuquerque was a direct subsidiary of BOK Financial Corporation then, the Court finds that BOK Financial Corporation is properly named in this lawsuit.[2]

As these entities are interrelated, we do not have the "new party" problem that requires new discovery. BOK Financial Corporation answered the original Complaint and proceeded with this litigation on its own behalf or on behalf of BOKF, NA. Moreover, BOK Financial Corporation has no objection to BOKF, NA being named as a party, and states that it believes it is the sole and proper party. Under these circumstances, and especially given the fact that all three entities appear to be represented by the same counsel and have related interests defending this lawsuit, the Court finds that they can all be named in the lawsuit. The Court observes that any defendant believing that it was improperly named is free to challenge the propriety of the claims against it.

## **Recommendation**

In sum, the Court recommends that EEOC's motion to amend, for the purpose of adding new Defendants, be granted. The Court further recommends that the motion to amend be granted to the extent that a claim raised under § 707 of the Civil Rights Act be removed. However, the Court recommends that the motion to amend be denied as to all additional allegations, including class allegations. If these recommendations are adopted, EEOC will be given additional time to file an amended complaint consistent with the Court's Order.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[2] The Court reaches this conclusion based on the pleadings before it at this time. However, it further observes that in late June 2012, Defendant noted its intention to file a motion to dismiss regarding its position that BOK Financial Corporation was an improperly named Defendant. [Doc. 14, at 11.] That motion might have provided the Court with more information but was not filed.