IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                   CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION,
dba Bank of Albuquerque,

        Defendant.

## REPORT AND RECOMMENDATION ON
## ELIZABETH MORANTES' MOTION TO INTERVENE[1]

THIS MATTER is before the Court on a "Motion for Leave to Intervene by Elizabeth Morantes" ("Morantes"), filed October 25, 2012.[2] [Doc. 45.] Morantes is one of three women on whose behalf EEOC brought suit against Defendant in December 2011. [Doc. 1.] The Court considered the Motion, Response [Doc. 62] and Reply [Doc. 80] and recommends that intervention be denied as explained below.

### Background

The United States Equal Employment Opportunity Commission ("EEOC") prosecutes this lawsuit on behalf of Yolanda Fernandez, Betty Brewer, and Elizabeth Morantes. EEOC has had

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.  *See, e.g.*, <u>Wirsching v. Colorado</u>, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

[2]Pursuant to an Order of Reference [Doc. 64], the trial judge requested that the undersigned Magistrate Judge issue a report and recommendation on Morantes' motion for leave to intervene.

administrative control of this case for nearly four years–back to 2008–and has assisted each of the three women on whose behalf the claim is being prosecuted with investigation, attempted resolution, and representation. Each of the women, including Morantes, knew of and consented to EEOC's advocacy on her behalf. On December 27, 2011, EEOC filed its lawsuit [Doc. 1] on behalf of these three individuals and is actively and vigorously prosecuting this action. The EEOC's complaint alleges, in part, that each of the three women was disciplined and/or terminated because of her sex, female and/or because of her age, and/or because of her age plus their sex.

Discovery started in this case in about June 2012. [*See, e.g.,* Doc. 12.] On June 28, 2012, the Court entered a scheduling order with deadlines for discovery and motion practice. The deadline for discovery is December 3, 2012; the deadline for filing discovery motions is December 24, 2012; and the deadline for filing potentially dispositive motions is January 4, 2013. [Doc. 17.] The deadlines for disclosing expert already expired for both parties.

On July 2, 2012, the District Court set this case for a pretrial conference on June 7, 2013, and a five to six day jury trial, beginning on August 12, 2013. [Text Doc. Entries 21 and 22.]

On August 29, 2012, EEOC filed a motion to amend its complaint to add interrelated corporate defendants as named parties and to add allegations on behalf of a "class of women." The undersigned Magistrate Judge issued a report and recommendation, proposing that the motion be denied. That Report and Recommendation will proceed to the District Court Judge once the parties file objections. [Doc. Nos. 27, 64, 76.]

On October 25, 2012, Elizabeth Morantes, one of the three women on whose behalf EEOC brings this litigation, filed a motion to intervene through private counsel. The District Court Judge referred that motion, like the motion to amend, to the undersigned Magistrate Judge for a report and

recommendation. [Doc. 45.] Morantes' proposed complaint asserts claims of age discrimination, sex discrimination, and discrimination on the basis of age plus sex, much like the claims in the EEOC's complaint. [Doc. 45, Ex. 1.] Morantes seeks an award of monetary damages for alleged economic and emotional injuries. [Id.]

### Legal Standard – Fed. R. Civ. P. 24 (Intervention)

"Rule 24 attempts to balance the interest of the person seeking intervention with the burdens such intervention may impose on parties to pending suits." Steven Baicker-McKee, William M. Janssen, John B. Corr, Federal Civil Rules Handbook, 712 (2012 ed.). Notwithstanding the terminology of intervention of right and permissive intervention, district courts enjoy substantial discretion in deciding to permit intervention under either portion of the rule. Id.

Rule 24(a) provides that a court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute. Fed. R. Civ. P. 24(a)(1). While Morantes argues that she should be allowed to intervene as a matter of right and in accordance with permissive intervention, the Court evaluates her request as one brought under Rule 24(a) (Intervention of Right) based on 42 U.S.C. § 2000e-5(f)(1). *See* EEOC v. W.H. Braum, Inc., 80 F. App'x 63, 66 (10th Cir. Oct. 28, 2003) (unpublished) (*citing* EEOC v. Mo. Pac. R.R. Co., 493 F.2d 71, 74 (8th Cir.1974)) ("statutory language of Title VII, 42 U.S.C. § 2000e-5(f)(1), which has been incorporated into the ADA, grants the charging employee an unconditional right to intervene in cases brought by the EEOC." )

A prerequisite to either type of intervention under Rule 24 is that the motion be filed timely. Fed. R. Civ. P. 24(a) and (b). The Tenth Circuit instructs that Rule 24's timeliness requirement should be evaluated "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant,

and the existence of any unusual circumstances." Sanguine, Ltd. v. United States Dep't of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984) (citations omitted).  A party's assertion that it would be prejudiced by allowing intervention because adding additional parties would double the work load and add issues is not necessarily persuasive.  The Tenth Circuit further explained that such factors "are a function of intervention itself rather than the timing of the motion to intervene. The prejudice prong of the timeliness inquiry 'measures prejudice caused by the intervenors' delay-not by the intervention itself.'" Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1251 (10th Cir. 2001) (internal citation omitted).

The Rule 24 timeliness analysis is contextual.  "Absolute measures of timeliness should be ignored." Sierra Club v. Espy, 18 F.3d at 1205; *see also* Stupak-Thrall, 226 F.3d at 475 (absolute measure of time between filing of the complaint and the motion to intervene is one of least important circumstances). [GET COMPLETE CITES]  There is a strong precedent in favor of intervention, *see* Gen. Tel. Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 331 (1980) (the individual aggrieved party is given the right to intervene to protect their personal interests, which may at times be in conflict with those of the EEOC); Clinton, 255 F.3d at 1249 (10th Cir. 2001) ("This circuit takes a *somewhat* liberal line in allowing intervention.") (citations omitted) (emphasis added). *Compare* Oklahoma ex rel. Edmondson v. Tyson Foods, Inc., 619 F.3d 1223, 1234-35 (10th Cir. 2010) (motion to intervene denied where nothing occurred in the four-plus years since State filed its complaint that would indicate State could not adequately represent petitioner).

**Morantes' Motion for Leave to Intervene**

Morantes' motion to intervene first argues the merits of the claims she sets forth in her attached proposed complaint.[3] [Doc. 45 and Ex. 1.] Morantes then addresses Fed. R. Civ. P. 24 in terms of intervention. She claims that the factors for evaluating timeliness militate in favor of permitting her intervention.

In support of her motion for leave to intervene, Morantes contends that EEOC does not adequately represent her interests and that the burden to show EEOC's inadequacy in this regard is minimal. *See* Sanguine, 736 F.2d at 1419 ("Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate.").

Morantes argues that EEOC's primary interest in vindication of public policies as expressed by federal statutes does not appropriately protect Morantes' "expressed personal interests in privacy and advocacy of her rights." [Doc. 45, at 7.] For example, she notes that Defendant recently issued subpoenas for Morantes' employment and "confidential medical records" but that EEOC had not yet required entry of a confidentiality order protecting Morantes' privacy interests. "It seems apparent that the EEOC may not fully protect [Morantes'] interests in this matter." [Id.]

Morantes further asserts that EEOC advised her private attorney that it did not believe it could share documents produced in discovery with Morantes, or provide her with copies of discovery propounded on Defendant, along with discovery responses. Thus, she believes "it is possible" that EEOC will not sufficiently protect her interests. [Id.]

---

[3]While the Court understands the need for zealous advocacy, at times the motion contains unnecessary hyperbole, *i.e.,* "Bank of Oklahoma had become a young boys club," "Morantes had been shoveled out," her "termination was breathtaking in its hastiness." [Doc. 45, at 2-3.] Inflammatory argument does not advance a party's cause and sometimes distracts from the core questions.

According to Morantes, no prejudice will result from her intervention as "discovery is only beginning, and depositions of some of the parties are still to be scheduled."[4] [Doc. 45, at 8.] She also notes EEOC's pending motion to amend that might add new claims or parties.[5] Morantes claims that if intervention is not permitted, the risk of prejudice to her interests is substantial. She claims she will not have advocates dedicated to advancing and protecting her interests. Morantes asserts she is compelled to intervene in this lawsuit so as to ensure that the "risk of inadequate representation is minimized as much as possible."[6]

In Defendant's response, it relies primarily on the argument that the motion to intervene is untimely, and that this Court already decided the request for intervention. Thus, according to Defendant, Morantes' motion for leave to amend should be analyzed as a motion for reconsideration. [Doc. 62, at 2.] Defendant's recitation of the procedural background is not entirely accurate.

On September 6, 2012, the undersigned Magistrate Judge conducted a telephonic conference due to a fax it received from counsel regarding a request to vacate the settlement conference because of Morantes' intention to file a motion to intervene. [Doc. 29, minutes.] Morantes' private attorney participated in the telephonic conference along with counsel for the parties. In discussing the proposed motion for leave to intervene, the Court observed that any such motion would be untimely as it should have been filed by the August 31, 2012 deadline for amendment or joinder, that already

---

[4]This was closer to true when the file was motion in late October, but even then only a little over 30 days remained before discovery closed. The motion to intervene was not briefed until just days before discovery closed.

[5]The Court recommended the motion to amend be denied. A decision will issue after parties file objections. Thus, it still is pending.

[6]EEOC did not take a position as to the motion to intervene, although during an earlier telephonic conference before the undersigned Magistrate Judge, EEOC noted that Morantes had the right to intervene and the right to individual representation. [Doc. 29, at 4.]

passed. [Doc. 29.] *See* Harris v. Vector Marketing Corp., 2010 WL 3743532, *2 (N.D. Cal. Sept. 17, 2010) (proposed intervenors' motion, though one to intervene, was also properly considered a motion to amend the pleadings or a motion to add new parties; thus, the question was whether the proposed intervenors established good cause to modify the court's scheduling order deadlines) (unpublished).

However, the Magistrate Judge did not actually issue a formal ruling on a motion to intervene since no such motion was filed at that time. Indeed, the motion for leave to intervene was not filed until almost two months after that conference. In addition, the Magistrate Judge does not have authority to decide a motion to intervene, short of a referral from the District Judge to analyze the motion and issue recommendations. Thus, the Court does not view the motion as one for reconsideration, nor did this Court, during discussions on the telephone, issue a final determination as to the motion for intervention.

Defendants also contends that Morantes should not be allowed to intervene as she and her attorney waited too long. They were aware of the EEOC charge for nearly three years and of the EEOC complaint for ten months. For example, Morantes knew that EEOC filed suit on her behalf by about January 4, 2012, when she saw a news report in the Albuquerque Journal concerning the EEOC litigation. [Doc. 45, at 8; Doc. 62, at ¶ 4.]

Defendant further notes that while Morantes complains about lack of protection as to her medical records, she authorized such records to be released to Bank of Albuquerque and never requested a protective order when she signed the medical releases. Moreover, Bank of Albuquerque has moved the Court to enter a protective order, which is currently pending. Defendant does not argue that it would prejudiced by the intervention but instead, primarily relies on its position that Morantes cannot satisfy the requirements of a motion for reconsideration.

Morantes' reply [Doc. 80] adds little to her opening position. The Court already discussed her argument that she did not previously file a motion for leave to intervene and that the Court did not issue a formal written decision denying such a request. With respect to whether either Defendant or Morantes may be prejudiced if not allowed to intervene, the Court addresses this issue in its analysis below. In addition, Morantes contends that EEOC may not be able to fully advocate and protect her rights, in part, because EEOC declines to provide her "substantive information regarding the documents exchanged during discovery, or [] the facts gleaned in depositions . . . ." [Doc. 80, at 5.] The Court directs EEOC to keep Morantes and the other two named individuals fully informed as to the progress of this case.

## **Analysis**

The Court evaluates four factors in determining timeliness of Morantes' motion for intervention. With respect to the length of delay in seeking intervention, this factor weighs in favor of Defendant. Morantes was free, as early as January 2012, to decline EEOC's prosecution of the case on her behalf and to initiate her own administrative complaint alleging discrimination. Indeed, the same private attorney, who filed the present motion, was acting on behalf of Morantes as early as November 13, 2009. [Doc. 62, Ex. 3.] Thus, Morantes cannot claim that she or her attorney were without knowledge of EEOC's involvement in this matter.

While Morantes could choose to have EEOC investigate the charge and attempt conciliation if her administrative charge was not resolved, she clearly had the right to secure counsel and file suit within 90 days from issuance of a right-to-sue letter. However, Morantes took no action to file suit through private counsel, until October 25, 2012, when she filed the present motion. Essentially, her inaction for ten months indicated her consent to have EEOC act on her behalf during not only the years this matter was pending in the administrative process, but also in this present lawsuit. At no

time prior to filing her motion to intervene did Morantes advise the Court that she did not want EEOC's assistance, that EEOC was failing in its responsibilities, or that she wanted to prosecute the case on her own.

The Court again finds in favor of Defendant as to the second factor regarding prejudicial impact of such delay on existing parties. The Court recognizes that this prong measures prejudice caused by the intervenor's delay, and not by the intervention itself. *See* Clinton, 255 F.3d at 1251. However, if Morantes if allowed to intervene at this late date and granted permission to file a complaint, Defendant will need to file an answer. Moreover, Morantes already seeks to serve discovery on Defendant [Doc. 53], and the period for discovery essentially is closed or will be by the time objections to this recommendation are filed and the motion is decided. More than likely, Morantes will insist that EEOC's discovery on her behalf is insufficient and request that discovery be re-opened for a significant period of time. While the pretrial conference and trial date are not imminent, they are scheduled and could be impacted by the extension of multiple deadlines, including possibly a request to extend expert deadlines.

In Clinton, it is true that the Tenth Circuit decided, even after a 2 ½ year delay, to allow intervention. But that case is distinguishable in a number of significant ways. First, the Court reasoned that the case was "far from ready for final disposition; no scheduling order has been issued, no trial date set, and no cut-off date for motions set." 255 F.3d at 1250-51. In that case, the parties conducted only minor discovery and filed motions to dismiss based on jurisdictional grounds, before the intervention motion. Id. at 1251. Second, and even more importantly, in Clinton, the intervenors agreed to "be bound by whatever discovery schedule was already in place [] [and] would not seek additional discovery. . . ." Id. at 1250.

9

Such is not the case here. Intervenors already seek to serve written discovery on Defendant, and undoubtably, the discovery schedule would have to be amended. Intervenors did not agree to be bound by the discovery schedule in place. In addition, this case is set for trial, the scheduling order was issued months ago, and all deadlines for pleading practice are set. Thus, the Court determines that unlike the Clinton case, this proceeding is relatively late in the discovery stages and that there would be prejudice to Defendant if intervention was allowed. Accordingly, the second factor as to timeliness weighs in favor of Defendant.

The third factor, prejudice to the intervenor if intervention is denied, may favor intervenor, but it does not strongly favor her. Morantes claims that the EEOC's interests and goals cannot or do not appropriately protect her interests, specifically her personal interests in privacy. In addition, Morantes asserts that she cannot obtain any of the discovery in the current proceeding. For the most part, Morantes' arguments on this point are conclusory in nature, if not speculative. However, the Court acknowledges that the intervenor's burden to show EEOC's inadequacy in representation is minimal. *See* Sanguine, 736 F.2d at 1419.

Still, the Court is not persuaded that this factor strongly favors intervenor, especially here, where Morantes' personal attorney was working on her behalf as early as 2009, and yet she failed to complain of EEOC's representation until October 2012. She knew of the lawsuit since January 2012, but did not allege EEOC could not adequately represent her at any time before late October 2012. As noted, her arguments that EEOC's interests and goals are somehow inconsistent with her own interests are summary and vague. Moreover, Morantes never explains why suddenly in October 2012, it became apparent, if it did, that EEOC was not adequately representing her interests.

The argument that the EEOC is not protecting Morantes' privacy interests as to employment or medical records is unpersuasive. First, as noted by Defendant, Morantes authorized medical

10

records to be released to Bank of Albuquerque and never requested a protective order when she signed the medical releases. In addition, even in Morantes' proposed complaint, she seeks damages for emotional distress; thus, she would have to provide releases for medical records to support her claim. Moreover, Bank of Albuquerque has moved the Court to enter a protective order, which is currently pending before the Court.

With respect to Morantes' employment records and Defendant's third party subpoenas seeking such records, the Court observes that Defendant EEOC has vigorously, *albeit* improperly, attempted to protect those records from being provided to Defendant. [*See, e.g.,* Doc. 69] (ruling on EEOC's motion to quash subpoenas). Thus, the Court is not convinced that EEOC failed to protect Morantes' privacy interests as to employment records or that it has not made every effort to protect her interests.

The Court concludes that the third factor of the timeliness test minimally favors Morantes.

With respect to the fourth factor, *i.e.,* whether other factors are identified that affect fairness in Morantes' case, Morantes did not identify any such factors. For example, this is not a case where intervention is requested post-judgment or post-settlement. If this were so, the fourth factor would weigh in favor of non-intervention.

This Circuit is "somewhat" liberal in favoring intervention, but the Court determines, in its discretion, that the majority of the timeliness factors weigh in favor of Defendant. The Court need not analyze the requirements of permissive intervention because that portion of Rule 24 also requires timeliness and the same four-factor analysis.

On balance, the Court determines that Morantes consented to have EEOC represent her in this litigation; that Morantes allowed EEOC to continue representing her during the years the matter was administratively pending; that EEOC has represented Morantes in this lawsuit for almost one

11

year; and that EEOC has aggressively litigated this case on her behalf.  Morantes offered no compelling explanation or rationale as to why EEOC should be removed as her counsel.  Her belated request, if granted, would prejudice opposing parties, and interfere with the Court's own responsibilities relating to the efficient, economical and expeditious disposition of cases.  Thus, the Court determines that Morantes' motion to intervene is untimely and recommends denial of the motion under the circumstances of this case.

## Recommendation

The undersigned Magistrate Judge recommends that the Trial Court deny Morantes' Motion for Leave to Intervene [Doc. 45] because the request is untimely as explained *supra*.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

.