IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                         CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

        Defendant.

## ORDER ON PRODUCTION OF NON-PARTY DOCUMENTS

THIS MATTER is before the Court following an *in camera* inspection of records subpoenaed by Defendant BOK Financial Corporation. In a prior Order [Doc. 69], the Court directed that the non-party Destination Maternity Corporation ("Destination Maternity") produce documents relating to its employee, Yolanda C. Fernandez ("Fernandez"), so that the Court could determine their discoverability.

Defendant properly served non-party subpoenas pursuant to Fed. R. Civ. P. 45 on Destination Maternity, and Plaintiff Equal Employment Opportunity Commission ("EEOC") improperly directed Destination Maternity not to respond to the Court's subpoena. In the Court's earlier Memorandum Opinion and Order [Doc. 60], it chastised EEOC for improperly directing a subpoena recipient to ignore the subpoena, and Destination Maternity has now properly hand delivered the requested documents to the Court.

The Court begins with the basic proposition that, in federal court proceedings, a party is entitled to all non-privileged information relevant to a party's claims or defenses. Fed. R. Civ. P. 26. EEOC represents three women in this case, among them, Fernandez. EEOC contends that

Defendant violated their protected rights under Title VII of the Civil Rights Act; and that the women suffered financial harm, and are entitled *inter alia* to damages for emotional distress.

A party seeking damages for alleged unlawful termination from employment must demonstrate efforts taken to mitigate damages. Mitigation of damages is an obligation. *See* Walck v. City of Albuq., 117 N.M. 651, 653 (Ct. App.) (measure of damages to which wrongfully discharged employee is entitled encompasses duty to mitigate damages), *cert. denied*, 118 N.M. 695 (1994), and a party seeking damages may not sit idly by and allow damages to accumulate. Rather, the party must take reasonable steps to lessen the damages by obtaining, or at least making a good-faith effort to seek, other employment. *See* Volkman v. United Transp. Union, 826 F. Supp. 1253, 1258 (D. Kan. 1993) (back pay claimant has duty to mitigate damages; failure to search for work could support affirmative defense of failure to mitigate).

So as to explore Fernandez's claims for damages and to determine satisfaction of her mitigation responsibilities, Defendant requested:

> Any and all employment records and/or personnel file(s) regarding Yolanda C. Fernandez, including but not limited to, job posting(s) for which Fernandez applied and/or qualified application(s), all time records, hours recorded, work schedules, pay records, W-2s, status changes, position descriptions and the like.

EEOC argues that the requested information is not relevant, is obtainable from alternative sources, and violates Fernandez's privacy rights. The Court agrees in part. *See* Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981) (district court properly employed balancing test and conducted *in camera* inspection to determine what part of personnel records should be disclosed).

Simply because a record appears in an employee's personnel file does not automatically result in a finding that there is an expectancy of privacy in the record. For that reason, when

personnel records are sought, court's generally conduct a balancing test to determine if materials in the personnel file are so personal or sensitive that they warrant protection. <u>Id.</u> at 435-36. A court typically decides if there is a legitimate expectation of privacy, if disclosures serve a compelling interest, and if disclosures can be made in some other less intrusive manner. <u>Id.</u>

Having conducted the review, the Court determines that the records sought are relevant to the controversy, that any expectation Fernandez had in privacy is outweighed by her claims for damages, and that the third-party subpoena provides the least intrusive means of obtaining the documents.

The documents submitted by Destination Maternity are not <u>Bates</u> stamped, but consist of four separate groups.

## I.  First Group of Documents

(1)  The first group is a letter of transmittal to the Court, together with a copy of the issued subpoena and a copy of the Court's Memorandum Opinion and Order [Doc. 69]. None of these documents are privileged. Indeed, the Court's Memorandum Opinion and Order is a public record, as is the subpoena to produce documents. The Court overrules EEOC's objection as to the first group of documents, and the Court orders them produced to Defendant.

## II.  Second Group of Documents

The second group, also without <u>Bates</u> stamps, consists of a variety of documents from Fernandez's personnel file.

1. Three pages are computer "Employee Profile" print-outs relating to Fernandez.

(a) Her social security number appears on the form, but will be redacted. These employer documents simply identify Fernandez and provide information concerning her name, address, birth date, hire date, seniority date, home telephone number and emergency contact.

Fernandez's full birth date appears on this document, but, pursuant to federal pleading requirements, information concerning an individual's full birth date should not be provided. Fed. R. Civ. P. 5.2. The Court will redact the full birth date and leave only Fernandez's birth year. So, too, the Court will redact and remove Fernandez's emergency contact information.

      (b) The second page contains two computer monitor page printouts. The first item includes information concerning Fernandez's salary at each of three positions Fernandez held with Destination Maternity. It is discoverable and, to the extent Fernandez had an expectation of privacy regarding her salary, that expectancy is outweighed by Defendant's right to discovery information concerning mitigation. EEOC's objection is overruled.

      The second monitor printout page includes benefit information. This document is relevant under Rule 26, non-privileged, and to the extent Fernandez had an expectancy of privacy, it is outweighed by Defendant's right to discover information relevant to claims and defenses. The second item in this printout should be produced.

      (c) The third page contains two documents in a monitor printout screen relating to Fernandez. Both documents are blank and, therefore, their production would not violate any privacy interest. The Court overrules any objection and orders those documents produced.

   2. Next is a "Change and New Hire Form" which contains basic information concerning Fernandez, including name, social security number, telephone number, the store number in which she is employed, and her hire date. It also includes new hire information showing the source of the referral, gender, marital status, the position to which she was hired, and her rate of pay. It contains a family emergency contact number and identifies individuals in Destination Maternity who approved the hiring process. The information, in part, is relevant and, in other part, not relevant and protected. The document will be produced, but Defendant is precluded from using or reporting in

any document Fernandez's social security number and full date of birth.  If necessary, it may use the last four digits of the social security identifier, as well as the year of birth.  Defendant may not use the emergency family contact named in any pleading.

    3.  Next is Fernandez's five-page Employment Application, which includes matters concerning special skills and qualifications, as well as prior employment.  It includes Fernandez's statement concerning why she separated from prior employment.  The Court determines that the employment application is relevant to the claims and defenses.  It shows her skills, experience, and prior employment.  Any expectation of privacy Fernandez had in her employment application is outweighed by Defendant's right to obtain information relevant to claims and defenses.

    4.  The next documents are a two-page Employment Reference Verification Form, which include Fernandez's consent to release records, wherein she agreed to allow Mothers Work to obtain information and to make inquiries with employers, credit reporting agencies and others relevant to her employment application.  Also included is a Mothers Work form showing that Fernandez accepted an offer of employment and the date of acceptance.  It shows the position for which she was hired and referenced checked verifications.  This document is relevant, discoverable and any right of privacy is outweighed by the right of Defendant to obtain information relevant to claims and defenses.

    5.  Fernandez's W-4 Employee's Withholding Allowance Certificate contains her social security number and her claims of exemptions.  This document, unlike others, is not relevant to the claims or defenses.  The number of claimed exemptions does not affect her yearly compensation, but only the amount of money deducted from Fernandez's pay check as part of employee withholding.  The Court determines this document is not relevant and will be removed from the packet of information to be produced.

6. Next in the group of documents is a "Direct Deposit Authorization Agreement," whereby Fernandez agreed to have her pay directly deposited.  This document contains sensitive social security and banking information.  It is not relevant to any claim or defense, and will be removed from the materials to be produced.

7. The next document in the second group is another "Team Member Change and New Hire Form" created when Fernandez was promoted from Assistant Manager to Store Manager.  It contains the salary changes in the two positions.  The document is relevant to the claims and defenses related to mitigation of damages and will be produced.

8. Next is a six-page "Field Performance Appraisal."  It is relevant to the parties' claims and defenses, and to the extent Fernandez had any expectancy of privacy in her work performance, her privacy interests are outweighed by Defendant's right to obtain relevant information. The objection to production is overruled.

9. Fernandez's January 15, 2009 letter of resignation and effective date.  As it discusses her obtaining other employment, it is relevant and discoverable with respect to mitigation of damages.

10. Relative to the above is a "Team Member Change and New Hire Form" which documents her resignation.  The document is relevant and any objection to its production is overruled.

11. The "Employment Reference Verification Form" relating to statements it next and it relates to statements concerning Bank of America.  The form is relevant as it shows that Bank of America recommended Fernandez's hiring and provided no additional information.  This document is relevant to claims and defenses, is discoverable, and any privacy interest is outweighed by Defendant's right to obtain information.

12. This is another "Direct Deposit Authorization Agreement." As it contains social security number and sensitive bank account numbers, the Court determines it is not relevant, privacy interests outweigh any right of discovery, and the document will be removed from the documents submitted to Defendant.

13. Next is an "Employment Reference Verification Form" relating to statements concerning Bank of Albuquerque. It is significant in that it shows that when Mothers Work was contacted, Bank of Albuquerque recommended Fernandez's hiring and provided no other information, including any adverse information concerning Fernandez. The document is relevant and discoverable and will be produced.

14. The next document in sequence is another W-4 Employee's Withholding Allowance Certificate. As earlier noted, this document contains Fernandez's social security number and claims for exemption. It is not relevant to damage claims, is sensitive, and need not be produced. The document will be removed from those to be produced.

15. The next document in this grouping is entitled, "Certifications for New Team Members," in which Fernandez certifies that she received and read her employer's Statement of Policy regarding Securities Trades by Company Personnel, and an acknowledgment of compliance. The document is not relevant to any issue in this case and will be removed from the documents to produce.

16. Items numbered 1 and 2 are photocopies of Fernandez's driver's license and her social security card. Neither document is relevant to any claim or defense, and Fernandez's expectancy of privacy in her social security number outweighs Defendant's right to obtain information. While Fernandez does not have the same right of privacy in her driver's license, as it is produced on demand by any law enforcement officer, or requested during any check negotiation process, or even,

on occasion, credit card purchases, the Court determines that it is simply not relevant. These two items will be removed from the packet of documents to be produced.

17. Next is a "Team Member Handbook Signature Page" acknowledging that Fernandez received, read and understands the policies contained in her employer's employment handbook. While it may have minimal relevance, the document does demonstrate Fernandez's understanding that employers have policies and procedures in handbooks, and that handbooks become part of an employee/employer relationship. The Court determines that this document is relevant and should be produced. Any expectancy of privacy is outweighed by Defendant's right to discovery.

18. Next is a Cigna Group Insurance Medical Underwriting Activity Report relating to Fernandez. This is HIPAA protected and contains no information relevant to the claims and defenses. It will be removed from the packet of documents to be produced.

19. The last document in this section is a nine-page "clock in/clock out document showing arrival and departure times. It is not relevant and will be removed from the document package.

### III.  Third Group of Documents

1. The third group of documents include two pages of W-2 Wage and Tax Statements. Unlike the W-4 documents which the Court withheld, the W-2 documents show wages, tips and compensation. They are relevant to claims and defenses and will be produced. However, the Court notes that Fernandez's full social security number appears. Therefore, the Court redacted all but the last four digits prior to production of these documents to Defendant.

2. Next are two computer printout documents that show Fernandez's pay period information which includes gross and net salary. A portion of the documents also includes portions of social security numbers, apparently of other employees. All social security numbers will be redacted. The documents are relevant and will be produced in the redacted form.

3. The remaining documents show deductions from Fernandez's checks. That information is not relevant to any claim or defense. Fernandez's privacy interests outweigh Defendant's interest in production. The Court will remove all of these documents from those produced to Defendant.

In sum, the Court will produce all documents as noted above, save for those identified herein that are either not relevant, or documents in which Fernandez's privacy interests outweigh Defendant's right to discovery.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge