**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,

  vs.                                     CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION,
dba Bank of Albuquerque,

          Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
ELIZABETH MORANTES' MOTION FOR LEAVE TO SERVE DISCOVERY
AND TO ATTEND AND PARTICIPATE IN DEPOSITIONS**

THIS MATTER is before the Court on Elizabeth Morantes' ("Morantes") Opposed Motion for Leave to Serve Discovery and to Attend and Participate in Depositions [Doc. 53.] Morantes is one of three women on whose behalf Plaintiff Equal Employment Opportunity Commission ("EEOC") brings this litigation. Morantes seeks to intervene in this litigation through private counsel. The Court issued a Report and Recommendation proposing that intervention be denied [Doc. 85].

After careful consideration of this motion and response [Doc. 73],[1] the Court grants Morantes' request in part and denies it in part, for the reasons set out below. [*See* Doc. 85 (for more detailed procedural history of this case).]

---

[1] A reply was due on December 13, 2012, but none was filed.

**Motion for Separate Discovery**

On November 5, 2012, Morantes filed a request to engage in separate discovery. The discovery deadline expired on December 3, 2012. Allowing separate discovery at this stage would, of necessity, require the Court to modify its case management deadlines, reopen discovery, modify deadlines for dispositive motion practice, and likely affect the already scheduled pretrial conference and trial. In addition, the Court recommended denial of Morantes' motion for intervention. [Doc. 85.] If the Report and Recommendation is adopted, then this entire motion is moot. However, if intervention is allowed, the Court will determine if new discovery is authorized.

Granting Morantes separate discovery at this present stage would compel the parties to "re-plow old ground," in that Morantes' requests for discovery could overlap with discovery taken on her behalf by EEOC. Morantes makes no argument that EEOC's discovery was incomplete, inadequate, or in any way lacking. Indeed, her only complaint is that EEOC did not protect her *vis-a-vis* medical record or non-party record production. She advances no argument as to why she should be entitled to separate discovery, when EEOC pursued discovery on her behalf for five months.

Compelling Defendant to respond to new and repetitive discovery would increase the costs of litigation and delay the final disposition of this case, both of which are contrary to the Court's responsibilities under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, *i.e.,* to attempt to reduce the costs of litigation and expedite the final disposition of a lawsuit.

Courts have an obligation to effectively and efficiently manage their docket to ensure that cases are processed efficiently, expeditiously and economically. *See, e.g.,* Fed. R. Civ. P. 1 (rules governing civil actions are construed and administered to secure the just, speedy, and inexpensive determination of every action). While a court should not be a slave to its case management plan,

such a plan is carefully considered and established so as to bring cases to completion within specific target dates as required by the district's Civil Justice Expense and Delay Reduction Plan. Modification of the case management plan in this case would result in the Court's inability to meet its obligations under that Plan.

This is not a situation like Rimbert v. Eli Lilly and Co., 647 F.3d 1247, 1253-54 (10th Cir. 2011), where the circuit determined that a trial court abused its discretion by declining to modify a case management plan. In that case, the plaintiff lost its only expert as a result of a Daubert ruling, and the deadline for disclosing experts elapsed. The plaintiff sought to modify the deadline and plan to allow a new expert. However, because the request came after expiration of the court-imposed expert disclosure deadline, the court declined to authorize the request. On appeal, the Tenth Circuit determined that the refusal to modify the plan constituted was an abuse of discretion because there was neither a pretrial conference nor a trial date pending, and, thus, there would be no hardship or prejudice to any party. Moreover, Rimbert would suffer great prejudice– the inability to prove a claim if the case management plan was not revised.

Such is not the case here. Discovery is now closed. No prejudice to Morantes is shown. The deadline for motion practice is only days away. Pretrial conference and trial dates are set. Permitting Morantes separate discovery would prevent the Court from meeting its obligations under the Civil Justice Expense and Delay Reduction Plan; it would impose hardship on the Defendant who would have to engage in a new round of discovery initiated by Morantes; it would increase the costs of litigation; and it likely would require the Court to vacate the pretrial conference and trial dates. Thus, the motion is denied.

Therefore, the Court denies Morantes' request to engage in separate discovery and participate in depositions.[2]  All discovery on her behalf will be handled by EEOC attorneys.

IT IS THEREFORE ORDERED that Morantes' Motion for Leave to Serve Discovery and to Attend and Participate in Depositions [Doc. 53] is denied in part and granted in part, to the extent that Morantes may attend depositions.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[2] While Morantes is not entitled to take her own depositions or to question deponents, she is free to sit in on any depositions.