IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,
vs.                                          CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

        Defendant.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Elizabeth Morantes' ("Morantes") "Opposed Motion for Protective Order" [Doc. 61]. The Court considered the motion and Response [Doc. 74]. No reply was filed. Oral argument is not necessary.

Morantes is not a party to this action, but in a companion pleading [Doc. 45], she sought permission to intervene. Pursuant to an Order of Reference [Doc. 64], the undersigned Magistrate Judge recommended that Morantes' motion be denied [Doc. 85]. Objections to the Report and Recommendation were filed [Doc. 104].

The Motion for Protective Order is Morantes' attempt to preclude her deposition. This lawsuit is being prosecuted by the U.S. Equal Employment Opportunity Commission ["EEOC"] on behalf of Morantes and two other women, Yolanda Fernandez and Betty Brewer.

Morantes' evidence relating to her claims of employment discrimination and damages, as well as her evidence relevant to Defendant's defenses, is crucial and, unless privileged, is discoverable. Fed. R. Civ. P. 26. Morantes asserted no privilege that would preclude her deposition, but argues that Defendant may seek to ask about her medical records and that her rights of privacy are implicated by such an examination.

It is correct that some, but not all, medical records may be privileged under federal law. "The federal law of privilege applies in civil cases in which federal law provides the rule of decision." Joseph W. Catchett, Federal Courtroom Evidence (5th Edition 2012) § 501.2.2. This case is prosecuted under a federal statute, Title VII of the Civil Rights Act; and, therefore, federal law applies the rule of decision.

There is no physician-patient privilege under the Federal Rules of Evidence. Gilbreath v. Guadalupe Hospital Foundation, Inc., 5 F.3d 785, 791 (5th Cir. 1993) (state physician patient privilege inapplicable in federal question cases). Therefore, Morantes cannot assert privilege over general physician-patient records, as such a privilege is not cognizable.

There is, however, a privilege over any psychotherapist patient records, as the Federal Rules of Evidence do, indeed, extend to communications, diagnosis or treatment during the course of psychotherapy. Federal Courtroom Evidence § 501.6. However, Morantes waived any right of privilege. By filing suit and seeking substantial damages in part for emotional injury, Morantes placed her medical condition at issue. LeFave v. Symbios, Inc., 2000 WL 1644154, at *4 (D. Colo. Apr. 14, 2000)(unpublished). Thus, any privacy issues she may have otherwise had regarding medical records are deemed waived by the filing of this lawsuit. Id.

In LeFave, the court noted that a party who seeks damages for physical, mental or emotional injury may not refuse production of medical information based on privacy. Once the party makes a claim for damages and puts a medical condition at issue, as here, privacy issues are waived.

EEOC is seeking substantial back and front pay on behalf of Morantes. Therefore, evidence concerning Morantes' income and fulfillment of her mitigation responsibilities is relevant. Morantes may not make a claim for damages and, thereafter, deny the accused access to information which may either support or refute the damage claim. Indeed, providing information may assist the parties

in evaluating the case for settlement, and, if the case cannot settle, to better prepare them to meet the proofs at the time of trial.

The Court determines that Morantes' Motion for Protective Order is not well-taken. The Court denies the motion and authorizes BOK to take Morantes' deposition.

Discovery is now over. However, the Motion for Protective Order was filed prior to the close of discovery. Because of the delay in resolving this motion, the Court will extend the deadline for discovery by 30 days from the date of this Order for the limited purpose of taking Morantes' deposition.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge