IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                Plaintiff,

    vs.                                           CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

                Defendant.

## ORDER DENYING EEOC'S MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER TO PRECLUDE DEPOSITIONS

THIS MATTER is before the Court on "Plaintiff EEOC's Motion to Quash Subpoenas and Protective Order Precluding Depositions of Its Personnel" [Doc. 49].   The Court considered the motion, Response in opposition [Doc. 63], and Reply [Doc. 86].  Oral argument is not necessary.

### Background

EEOC brings this lawsuit on behalf of three individuals–Betty Brewer, Yolanda Fernandez, and Elizabeth Morantes.  It alleges that Defendant BOK Financial Corporation, d/b/a Bank of Albuquerque ("BOK") unlawfully discriminated against these individual employees as a result of their gender and age.[1]

The administrative background relating to this case is somewhat unusual.  Fernandez's complaint of discrimination was investigated by the EEOC [charge number 543-2008-00890] and was ultimately dismissed on November 9, 2009.  No lawsuit was filed within the 90 days from

---

[1]In a separate motion to amend [Doc. 27], EEOC seeks to expand this present lawsuit to include a class of women.  The undersigned Magistrate Judge issued a Report and Recommendation proposing that an amended complaint not be authorized [Doc. 76].  EEOC objected [Doc. 99], and the issue of whether the Complaint will or will not be expanded as proposed will be determined by the trial judge.

issuance of a right-to-sue letter.  The administrative complaint filed by Morantes was investigated by EEOC [charge number 543-2008-00760].  No administrative complaint whatsoever was filed by Brewer and there was no EEOC investigation of that charge.

BOK denies unlawful discrimination and further asserts that the administrative processing of the complaints was faulty in many material respects.  So as to obtain evidence relevant to its defenses concerning the administrative handling of the complaints, as well as to gain information relevant to the claims and defenses under Fed. R. Civ. P. 26, BOK served subpoena duces tecum on two EEOC personnel–James Snyder and D'Ontae D. Sylvertooth–to appear for depositions on November 7 and 8, 2012.  The subpoenas also commanded that both Snyder and Sylvertooth bring various EEOC documents relating to the charges and investigations.  Sylvertooth was assigned to investigate Morantes' charge of discrimination, and Snyder was assigned to Fernandez's charge of discrimination.[2]

At the time this Complaint was filed, Sylvertooth had not filed an entry of appearance as an attorney.  Instead, he acted as an EEOC investigator.  BOK's portion of the Joint Status Report ("JSR") [Doc. 14] lists Sylvertooth as a defense witness in relation to his investigative role.  Subsequent to filing the JSR and conducting the Rule 16 scheduling conference on June 28, 2012, Sylvertooth entered an appearance as an attorney on about July 30, 2012 [Doc. 26] and is now designated as one of EEOC's attorneys.[3]

---

[2]As Brewer did not file a complaint, there was no investigation and, consequently, no investigator was assigned.

[3]Sylvertooth entered his appearance subsequent to the time EEOC knew that BOK designated him as a witness.  The Rules of Professional Conduct, specifically 16-307, prohibit an attorney from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness, subject to limited exceptions.

On October 18, 2012, defense counsel notified EEOC in writing that it would supplement its witness list to include EEOC investigator Snyder as a witness. [*See* Doc. 63, Ex. 4.] EEOC claims it never was aware that EEOC intended to call Snyder as a witness and was not made aware of this until BOK served the subpoenas on EEOC personnel. [Doc. 49, at 3.] EEOC attached a copy of an email from Sylvertooth to defense counsel, dated October 25, 2012, asking to schedule time to discuss Defendant's request to depose Sylvertooth and Snyder. [Doc. 49, exhibit.]

EEOC challenges the two subpoenas, contending that: (1) its investigators do not have first-hand knowledge of the alleged discrimination or any relevant events, that any information the investigators obtained is, of necessity, hearsay, and to the extent its investigators may have factual information, such information should be obtained through more convenient sources; (2) any non-factual matters sought to be obtained in the depositions are privileged under the deliberative process privilege; (3) the adequacy of EEOC's investigations cannot be the subject of judicial review; (4) any inquiry of EEOC's investigators is duplicative, as BOK already has EEOC's non-privileged investigative files; (5) depositions of its investigators are oppressive and burdensome; and (6) BOK's use of a Rule 45 subpoena is violative of the Court's case management plan.

**Discussion**

**A.      Lack of First-Hand Knowledge**

EEOC confuses discoverability with admissibility.  It is true that information gleaned by an investigator during the course of his or her investigation comes from other sources; and, that if the investigator were asked to testify at trial as to statements provided to him or her during the investigation, such statements might be inadmissible as hearsay.  However, the fact that the information obtained by the investigator may ultimately be inadmissible does not prevent it from being discovered.  The investigation likely uncovered witnesses or documents that are relevant to

3

the parties' claims and defenses.  Thus, factual information obtained from investigators could well

lead to the discovery of other relevant, admissible information.

> Relevance with respect to discovery is not the same as relevance at trial. (*citing* Westhemeco Ltd. v. New Hampshire Ins., 82 F.R.D. 702 (S.D.N.Y. 1979)).  The scope of examination permitted under Fed. R. Civ. P. 26(b) is much broader than that permitted at trial.  (*citing, e.g.,* Marshall v. Bramer, 828 F.2d 355 (6th Cir. 1987); Schaap v. Executive Indus., 130 F.R.D. 384 (N.D. Ill. 1990)).  As long as the information sought is reasonably calculated to lead to the discovery of admissible evidence, the question of admissibility is disregarded. (*citing, e.g.,* In Re Penn Central Commercial Paper Litig., 61 F.R.D. 453 (S.D.N.Y. 1973); Bowman v. Gen. Motors Corp., 64 F.R.D. 62 (E.D. Pa. 1974)).

Discovery Proceedings in Federal Court, § 24.06, at 179 (3d ed. 1995).[4]

Accordingly, the Court rejects EEOC's objection that an investigator's information obtained

from other sources is not subject to discovery because it is not first-hand information.  While the

Court readily agrees that the investigator may have no first-hand information, the information

obtained from other sources may well lead to the discovery of relevant, admissible evidence.  Any

objections based on hearsay would be decided at trial.  Moreover, the Court does not find persuasive

EEOC's position that the information sought may be found through more convenient sources.

Indeed, EEOC asserted objections when BOK sought to obtain information from other sources. [*See,

e.g,* Doc. Nos. 90, 94.]

**B.**   **Deliberative Process Privilege**

Federal courts recognize a qualified privilege for information concerning intra-governmental

opinions or recommendations.  *See, e.g.,* Dept. of Interior v. Klamath Water Users Protective Assn.,

---

[4]The Court recognizes that amendments to Fed. R. Civ. P. 26(b) limited the scope of discovery. Discovery Proceedings in Federal Court, § 24.06 (2012 Supp.).

532 U.S. 1, 8 (2001) (FOIA case); <u>Poll v. U.S. Office Of Special Counsel</u>, 208 F.3d 226 (Table, Text

in Westlaw), 2000 WL 14422, at *3 (10th Cir. Oct. 14, 1999) (unpublished)

> The deliberative process privilege protects agency documents that are
> both predecisional and deliberative.  A document is predecisional if
> "it was generated before the adoption of an agency policy" and
> deliberative if "it reflects the give-and-take of the consultative
> process.

Joseph W. Cotchett, <u>Federal Courtroom Evidence</u> (5th ed. 2012) § 501.5.3.

The policy considerations in determining whether communications are entitled to the intra-

governmental opinion or recommendation privilege recognize that participants in governmental

policy-making would not feel free to express opinions fully and candidly if they fear their views

might be made public through court process.  <u>Id.</u> at § 501.5.3.  *See also* <u>Ridenour v. Kaiser-Hill Co.</u>,

397 F.3d 925, 939 (10th Cir.), *cert. denied,* 546 U.S. 816 (2005).

This privilege is  not absolute and requires the Court to conduct a balancing process, tipping

the scales in favor of disclosure when public interest in accurate judicial determination outweighs

public interest in assuring the free flow of opinions so as to promote effective governmental

functioning.  <u>Federal Courtroom Evidence</u>, § 501.5.3 (*citing* <u>McClelland v. Andrus</u>, 606 F.2d 1278,

1287 n. 54 (D.C. Cir. 1979)) (appropriate for the court to consider the litigant's need for the

material).  However, the privilege does not protect factual material, only the thought process by

which the decision was reached.  <u>Id.</u> (*citing* <u>NLRB v. Sears Roebuck & Co.</u>, 421 U.S. 132, 151-152

(1975)).  Put differently, the privilege concerning intra-governmental opinions does not protect a

government agency from disclosing relevant, factual information.

Various judges in this district have discussed the law regarding the deliberative process

privilege and explained that certain prerequisites be met.  *See, e.g.*, <u>EEOC v. Tricore Reference</u>

Labs., 09-CV-956 JEC/DJS (D.N.M. May 24, 2010) [Doc. 38], where Magistrate Judge Don Svet

wrote:

> In order to formally invoke the privilege, the EEOC must obtain . . . a declaration signed by the Chair of the EEOC.  Tricore points out that EEOC failed to provide a declaration signed by the Chair of the EEOC.
>
> To qualify for the deliberative process privilege, a document must be both predecisional and deliberative.  Pole v. U.S. Office of Special Counsel, No. 99-4021, 2000 WL 14422 (10th Cir. 1999).  "It is deliberative when it is 'actually related to the process by which policies are formulated' and decisions made."

Id., at 3, 4 (internal citations omitted) (quoting Grand Cent. P'ship v. Cuomo, 166 F.3d 473, 482 (2d

Cir. 1999).  However, the privilege does not protect factual information, even if such information

is contained in an otherwise protectable document as long as the information is severable.  Id. at 4-5

(citing EEOC v. Texas Hydraulics, Inc., 246 F.R.D. 548, 551 (E.D. Tenn. 2007)).[5]

Evidence commentator, Joseph Cotchett further explains:

> An effective claim of the "deliberative process" privilege must generally include all of the following:
>
> • be formally asserted by the "head of the department" having control over the requested information
> • that official must assert the privilege based on his or her actual personal consideration of the information and the effect that would result from its being revealed
> • the claim must include a detailed specification of the information for which the privilege is claimed, with an explanation why it falls within the scope of the privilege

Federal Courtroom Evidence, § 501.5.3.

---

[5]In Tricore, Judge Svet required an in camera inspection of requested documents after EEOC provided EEOC declaration.

In this case, BOK asserts that EEOC did not provide the appropriate "head of department" certification.  EEOC does not dispute that, but only argues that the certification is not yet necessary because no specific document is at issue.

Additionally, BOK asserts that it does not seek information into the mental processes of the investigator or his rationale for determinations made, but, rather, it requests information to determine the who, what, where and why.  For example, BOK argues that the deliberate process privilege is inapplicable for a number of reasons, including that EEOC failed to demonstrate that the requested information is pre-decisional and the requested factual materials are not privileged. According to BOK, Defendant is entitled to seek information concerning the steps the investigator took; the facts that were developed; the origin of the documents produced by the EEOC and inconsistencies within the documents; and individuals identified during the course of the investigation.

The Court agrees that BOK accurately set out the elements of the privilege, and finds that EEOC did not comply with those requirements.  While the Chair of the EEOC is not the only individual authorized to issue the declaration, the person must be of sufficient rank to ensure that the assertion of the privilege is reasonable and the declarant has personally given requisite consideration to the requested documents and possible effect of their revelation.  Landry v. FDIC, 204 F.3d 1125, 1135-36 (D.C. Cir.), *cert. denied*, 531 U.S. 924 (2000).

Here, no declaration by anyone in a position of authority at EEOC issued a declaration. Moreover, EEOC did not demonstrate that the evidence sought to be obtained is predecisional nor did it make any showing that the facts sought to be obtained are subject to privilege.  The areas into which BOK seeks inquiry, *i.e.*, the investigative steps taken, the facts developed, the origin of documents produced, as well as explanations concerning inconsistencies, and the identity of people

interviewed or identified during the course of investigations, along with their evidence, all appear easily relevant under Rule 26.  The Court rejects EEOC's position.

The law of privilege is the exception to a party's right to broad and liberal discovery.  As a result, a privilege must be strictly construed. *See, e.g.,* United States v. Nixon, 418 U.S. 683, 710 (1974) (exceptions to the demand for every man's evidence are not to be expansively construed because they are in derogation of the search for the truth)*;* In re QWEST Commc'ns Intern. Inc., 450 F.3d 1179, 1185 (10th Cir. 2006) (discussing testimonial privileges and privileges more generally).  Strict construction of the claimed privilege shows that EEOC did not properly claim the privilege nor show why it is applicable.

For all of the reasons discussed above, the Court rejects EEOC's position that, based on the deliberative process privilege, the subpoenas must be quashed or a protective order must be issued.

## C.   Adequacy of Investigation

EEOC argues that a court cannot challenge the adequacy of a Commission's investigation. EEOC v. Keco Indus., 748 F.2d 1097, 1100 (6th Cir. 1984) (error for court to inquire into sufficiency of investigation); *see also* Georator Corp. v. EEOC, 592 F.2d 765, 767 (4th Cir. 1979) (employer not entitled to challenge adequacy of EEOC investigation or to contend it was denied opportunity to provide information which would have altered conclusions).  The Court agrees.  Once the case is in court, it is a *de novo* proceeding.  *See, e.g.*, McDonnell Douglas v. Green, 411 U.S. 792, 799 (1973).  It is not the Court's function to substitute its judgment for that of the EEOC in the conduct of an investigation.

However, some aspects of this investigation may deal with jurisdictional issues.  For example, BOK asserts that one of the charging parties on whose behalf the EEOC is prosecuting this case never filed an administrative complaint, and there was never an investigation concerning the

particulars relating to her employment.  It is appropriate to fully examine whether complaints were filed, whether there was an investigation, and whether the parties were afforded the congressionally mandated policy of an opportunity to resolve the case administratively.

In addition, while another individual, on whose behalf the lawsuit was filed, exhausted her administrative remedies, the lawsuit was not filed within the requisite 90 days.  BOK argues that EEOC may not revive a complaint after expiration of the time-to-sue requirements.  Under these circumstances, the information about the administrative processing is not an attempt to second guess the EEOC's investigation, but rather, to determine whether there is administrative exhaustion as required by other portions of Title VII.

In addition, BOK alleges that in the conduct of the investigation, EEOC violated certain professional responsibilities by interviewing individuals who were represented by counsel without the knowledge or consent of the bank's attorneys.  EEOC disputes this, but to the extent that conduct of an attorney is sanctionable by this Court or by agencies overseeing professional responsibility, it is appropriate to determine whether there is a factual predicate to support the accusations.

Thus, the Court determines that while the adequacy of the EEOC investigation is not subject to the Court's scrutiny, EEOC's argument does not persuade the Court to quash the subpoenas or issue a protective order.

**D.**     **Depositions of Investigators is Duplicative**

EEOC argues that it is unfairly burdened to require its investigators to submit to depositions because they are busy people, they have important work to do, and they already provided their investigative files.  Essentially, EEOC argues that its own personnel should be exempt from the burdens of discovery because it's inconvenient for them. The Court disagrees. No specific privilege exists exempting EEOC personnel from providing relevant discoverable evidence under Rule 26.

EEOC did not demonstrate the existence of privilege that might excuse EEOC personnel from complying with the subpoenas.  Indeed, Magistrate Judge Alan C. Torgerson rejected a similar argument in EEOC v. ARG Enterprises, Inc., dba Black Angus, USDC NM 07-301 WJ/ACT (D.N.M. Aug. 19, 2008) [Doc. 53], noting that defendant was permitted to take the deposition of the EEOC investigator.  In fact, Judge Torgerson determined that the defendant was entitled to discover what EEOC, as an institution, knew regarding the conciliation efforts in this matter and further required EEOC to produce the investigator or other personnel for a supplemental deposition.

The Court does not doubt that it is burdensome to require two EEOC personnel to be deposed, but it is no less burdensome than the demands made by EEOC to have bank officials testify, to have Rule 36(b)(6) depositions taken, and to provide extraordinarily large amounts of documentation.  Litigation is a burden on all parties, and EEOC is not exempt from the process because it is burdensome.  While there are limitations on what BOK may obtain, there is no hard-and-fast rule that exempts EEOC from having to participate in the same difficult and costly discovery process that it visits on those it sues.  The Court rejects EEOC's argument that somehow investigators are too important or too busy to be deposed, and the additional argument that the proposed depositions would be overly burdensome.

E.    **Circumventing Case Management**

The final argument advanced by EEOC is that the use of Rule 45 subpoenas circumvents the Court's scheduling order.  EEOC is correct in noting that Rule 45 proceedings are discovery and are governed by the same discovery orders entered by the Court.  *See, e.g.,* Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 108 (D.D.C. 2005) (citing cases for the proposition that a party has a right to move for a protective order where the third-party subpoena is a violation of case management orders issued under Fed. R. Civ. P. 16 and 26).

10

Here, the only objection is that the documents sought by subpoena duces tecum may exceed the 25-document requests outlined by the Court.  Other than this argument, neither side explained by affidavit concerning how many document requests were made and how many document requests are involved in the subpoena duces tecum.  If the subpoena seeks the same documents previously obtained, the Court is reluctant to count those requests twice.  In light of insinuations that some documents may have been redacted, it is appropriate to compare the original files with the documents ultimately produced.

In any event, the Court retains jurisdiction to expand or limit discovery for good cause, and, in this case, the Court determines that even if the Rule 45 subpoena exceeded the 25-document limitation initially imposed, there is good cause for the subpoenas.  Thus, the Court declines to quash the subpoenas for that reason.[6]

## Conclusion

The Court finds that EEOC is not privileged to prevent the depositions of its investigators. Indeed, the Honorable William Lynch, in EEOC v. Fisher Sand & Gravel Co., 09-CV-309 MV/WL (D.N.M. Oct. 26, 2009) [Doc. 34], rejected EEOC's similar request, denied a motion to quash and allowed the deposition of Mr. Sylvertooth to go forward.   Judge Lynch's decision is thoughtful, well-reasoned, and persuasive on the very issues before this Court.

Accordingly, the Court denies EEOC's Motion to Quash Subpoenas and for Protective Order.  The two investigators must appear and be deposed.  During the course of the examination,

---

[6]At the Rule 16 conference, it is the Court's policy to explain that while it limits the numbers of depositions initially given, as well as numbers of interrogatories, requests for admission, and requests for production, once a party takes the requisite number of depositions or at least notices the depositions, and once the party serves the total number of interrogatories, requests for admission or requests for production, they may request additional discovery by simply showing good cause.  Thus, the Court already invited the parties to seek additional discovery if they need it by simply explaining why discovery is necessary.

however, BOK may not inquire into the thought process, mental impressions, or recommendations that were made.  They may freely obtain information concerning facts obtained by the investigators, steps taken, documents obtained, explanations concerning inconsistencies in documents, as well as any and all other non-privileged information relating to the parties' claims and defenses.

The Court authorizes the depositions to occur within the next 45 days.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge