IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,
vs.                                                CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

        Defendant.

## ORDER ALLOWING CONTINUATION OF DEPOSITION

THIS MATTER came before the Court at an emergency telephonic conference conducted January 10, 2013.  The parties and counsel, assembled for the deposition of Elizabeth Morantes, were approaching completion of the fourth hour of the deposition.  Ms. Morantes objected to proceeding further, contending that her deposition was limited to 4 hours.

At the Rule 16 scheduling conference, the Court advised that parties, Rule 30(b)(6) deponents, and experts were entitled to a 7-hour deposition, while fact witnesses were limited to 4 hours.  The Court also advised parties that, with mutual agreement, any deposition, either a 4-hour or 7-hour deposition, could be extended without Court permission.  However, if the parties could not agree on an extension, the deposition would have to be terminated and relief sought from the Court.

This case is being prosecuted by EEOC on behalf of Betty Brewer, Yolanda Fernandez and Elizabeth Morantes.  While these women are not named Plaintiffs, they enjoy the status of Plaintiffs before the Court, as the focal point of the litigation and the damages being sought are for them.

Discovery in this case has been thwarted by numerous obstacles and roadblocks imposed by EEOC and the individuals on whose behalf the case is being prosecuted.  For example, when lawfully issued subpoenas duces tecum were served on third parties, EEOC improperly directed the third-party recipients not to comply with the subpoenas.  This conduct interfered with the lawful discovery process and resulted in Defendant having to seek relief before the Court, which was granted.  [Doc. 69].

EEOC thwarted Defendant's efforts to take depositions of its investigator and other personnel.  That action, again, placed obstacles and impediments in the way of Defendant's efforts to obtain discovery.  The Court denied EEOC's objections and allowed the discovery to proceed. [Doc. 114].

Ms. Morantes' counsel declined to produce medical and employment records, contending that the request violated her privacy rights, notwithstanding the fact that Ms. Morantes placed her medical and emotional condition at issue in this case, *see* LeFave v. Symbios, Inc., 2000 WL 1644154, at *4 (D. Colo. Apr. 14, 2000)(unpublished), and Ms. Morantes had an obligation to provide information relevant to mitigation of damages.  The refusal to provide this relevant, non-privileged information resulted in Defendant having to seek relief before the Court, which, again, was granted.  [Docs. 88, 96, 102].

Ms. Morantes refused to appear for an earlier scheduled deposition.  [Docs. 60, 61].  Thus, compelling Plaintiff to file a motion--again granted by the Court  [Doc. 106].  It is now this deposition, authorized by the Court, that Ms. Morantes seeks to limit to 4 hours.  The Court determines that a 7-hour deposition is appropriate, as this case is being prosecuted on her behalf. Therefore, her objection to proceeding with the deposition is overruled.  At the emergency hearing, the Court orally advised that it was overruling the objection and directed the deposition to proceed.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge