IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                  Plaintiff,

  vs.                                       No. CIV 11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

                  Defendant.

## ORDER ON EEOC'S EMERGENCY MOTION

THIS MATTER is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") "Opposed Emergency Motion to File Consolidated Response to Defendant's Motions for Summary Judgment or, in the Alternative, for Leave to File Excess Pages and Exhibits" [Doc. 154]. The motion is opposed [Doc. 155]. The matter is fully briefed [Doc. 157].

### A.    Consolidated Response to Three Summary Judgment Motions

The Court first addresses EEOC's request to file a consolidated response to three summary judgment motions. The district's Administrative Order No. Misc. 92-88 requires that separate requests for relief be addressed in separate pleadings. The rationale for this Administrative Order is to ensure adequate monitoring and tracking of pleadings pursuant to the district's EM/ECF programs. Filing a consolidated response causes administrative headaches and interferes with the Clerk of Court's ability to track responses and replies to particular pleadings. In addition, EEOC's suggestion of a consolidated response to three separate motions and sets of exhibits presents logistical problems in the Court's analysis. Therefore, the Court denies EEOC's request to file a

single response in opposition to three separate motions for summary judgment.

  **B.**  **Exceeding Page Limits of Responses and Exhibits**

  In the alternative, EEOC asks for leave to file three response briefs, not to exceed 35 pages each, and exhibits to the first response brief not to exceed 150 pages. The Court observes that D.N.M. LR-Civ 7.5 requires that response briefs not exceed 24 double-spaced pages. Local Rule 10.5 allows a party to attach exhibits to a motion, response, or reply that do not exceed a total of 50 pages, unless the parties agree otherwise.

  Thus, EEOC seeks to exceed each responsive pleading page limit by up to 11 pages. EEOC also asks that it be allowed to exceed the exhibit page limit in response to the first summary judgment motion by 100 pages, but states that it will abide by the 50-page exhibit limits as to responses to the second and third summary judgment motions. Accordingly, EEOC's projected exhibit pages to all three motions, under this scenario, would not exceed 250 pages.

  EEOC states that Defendant opposes the request to exceed the 24-page limit for the responses to the Brewer and Fernandez summary judgment motions, but does not oppose the request to file a response up to 35 pages in opposition to Ms. Morantes' motion for summary judgment. [Doc. 154, at 3.] EEOC states that Defendant opposes the other request to exceed exhibit page limits in response to Morantes' summary judgment motion.

  In the response to EEOC's "emergency motion," Defendant states EEOC misrepresented Defendant's attempt to work with the EEOC to avoid burdening the Court with this issue. Defendant attached the pertinent email correspondence setting forth its attempt to informally resolve these page limit disputes.

  In the attached email, dated February 1, 2013, defense counsel reminds EEOC that "an exhibit should be submitted only once," but that a party may refer to that exhibit and filing date in

other pleadings or motions. Thus, Defendant hoped this might alleviate concerns regarding EEOC's need to exceed exhibit page limits.

Defendant then considered the length of its briefing and set out a table indicating what it would agree to with respect to the page length of the three responses and exhibit page length for each motion. [Doc. 155, at 1.] For example, Defendant states that the Brewer substantive page length of the Brewer motion was 14 pages; Fernandez's motion was 17 pages; and Morantes' motion was 19 pages. Defendant did not exceed the page limit in any of its motions. *See* D.N.M. LR-Civ 7.5 (limiting a combined motion and brief to 27 double-spaced pages). Defendant did, however, exceed exhibit page limits for two of the motions, by about 16 pages and 13 pages, respectively.

In the table, Defendant agrees to allow EEOC to use up to 33 pages in response to Fernandez's motion for summary judgment and to exceed the 50 page exhibit limit by 15 extra pages (75 pages). In response to the Morantes' motion for summary judgment, Defendant agrees EEOC may use up to 35 pages in its response and 75 pages in exhibit pages. With respect to Brewer's motion for summary judgment, Defendant agrees to EEOC using up to 25 pages in its response and 60 pages in its exhibits.

The Court finds that Defendant's suggested page limits for the response and corresponding exhibits are more than reasonable and adopts them.

IT IS THEREFORE ORDERED that EEOC's emergency motion [Doc. 154] is granted in part and denied in part as described herein.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

3