IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                    CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SANCTION EEOC

THIS MATTER is before the Court on Defendant "BOKF, NA's Opposed Motion to Sanction the EEOC For Its Failure to Participate in Discovery" [Doc. 93]. The Court considered Equal Employment Opportunity Commission's ("EEOC") Response in opposition [Doc. 132], and Defendant's Reply [Doc. 152]. Oral argument is not necessary.

Based on a litany of discovery abuses, Defendant requests that the Court dismiss the entire lawsuit as a sanction for "consistently egregious conduct" in the case. Alternatively, Defendant seeks to have the Court reopen discovery and to set a new pretrial motion date to allow potentially dispositive motions after the completion of that discovery.[1]

EEOC opposes the motion, arguing that Defendant's factual representations are incorrect, and that EEOC has neither violated Court orders that would justify sanctions under Fed. R. Civ. P. 37, nor engaged in conduct violative of its professional responsibilities.

---

[1] The request to reopen discovery will be addressed at a Rule 16 status conference after pending motions are resolved.

**Background**

Attorneys representing litigants are expected to advocate vigorously on behalf of their respective clients, but to do so in accord with rules of professionalism, the Federal Rules of Civil Procedure, and the orders and directives of the Court. This case, regrettably, has been marked by a lack of cooperation, which has made it very difficult to learn the existence of facts and evidence that either support or refute the claims. The Court previously reprimanded EEOC for interfering with and instructing properly served non-parties not to obey subpoenas properly issued by the United States District Court.

In addition, in its recent Memorandum Opinion and Order granting Defendant's Motion to Compel, the undersigned Magistrate Judge was especially critical of EEOC's conduct. It stated, for example, "The Court finds that many of EEOC's objections were meritless, asserted in bad faith, and obstructed the discovery process." [Doc. 147, at 40]. For the most part, the Court overruled EEOC's claims of attorney-client privilege, governmental deliberative privilege, and attorney work product. The Court found that EEOC's blanket objections did "nothing more than establish unnecessary roadblocks in the ascertainment of facts." [Id., at 13].

The Court questioned certain positions taken by EEOC. For example, EEOC contended that "[it] is not requesting payment for out-of-pocket medical expenses" for aggrieved individuals. However, that argument was belied by the pleadings. EEOC was seeking medical expenses. [*See* Doc. 1, at 6, ¶ D and proposed First Amended Complaint, Doc. 27-1, at 12, ¶ D]. The Court concluded that other objections as to relevancy concerning medical expenses were "nonsensical." [Doc. 147, at 15]. Most of EEOC's discovery objections to interrogatories were deemed improper. [Id.].

As result of the Court's findings and conclusions relating to discovery, a sanction of an award of attorney fees in the amount of $4,500 was imposed. Thus, the Court already demonstrated its displeasure by chastisement, warning, and an award of attorney fees. The Court notes that the severe sanction of dismissal of a lawsuit as discovery sanctions is an extraordinary action and should occur only as a last resort. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992); Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988).

In this case, EEOC's misconduct in reference to the third-party subpoenas already resulted in a judicial reprimand and has been mentioned in several of the Court's subsequent orders. A reprimand is, indeed, a sanction and was deemed sufficient by the Court to correct future misconduct. So, too, the award of attorney fees on Defendant's motion to compel is considered a sanction. It is deemed sufficient to ensure that EEOC will faithfully adhere to its discovery obligations in the future.

The Court declines to recommend the most severe sanction–dismissal–because it already addressed EEOC's misadventures. The Court, however, cautions that future misconduct may well result in more significant sanctions, including dismissal of the case with prejudice.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge