IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                             CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION
## TO STRIKE EEOC'S WITNESSES

THIS MATTER is before the Court on Defendant "BOKF, NA's Opposed Motion to Strike Witnesses Designated by the EEOC in its Third Supplemental Disclosures" [Doc. 109]. The Court considered the Motion and Response [Doc. 139]. A reply is not necessary.

EEOC did not disclose two witnesses, Sam Brewer and Marie Sorensen, until after the close of business on November 19, 2012, just prior to the Thanksgiving Holiday. [*See* Doc. 67, Certificate of Service of Plaintiff EEOC's Third Supplemental Initial Disclosures]. This late notice, coupled with the fact that it was served just prior to a holiday, and with a December 3, 2012 general discovery cut-off date looming, effectively precluded Defendant from taking the depositions. It is well to note that the district follows a 14-day notice provision for taking depositions. D.N.M.LR-Civ. 30.1. Discovery closed on the 14th day from the witness disclosure. From receipt of the notice, it is not likely that Defendant could have taken the depositions of these witnesses even had it acted immediately to unilaterally serve notices of deposition for the last day available in the Court's

discovery schedule.[1]

EEOC was long aware of these witnesses, and so concedes in its response, "EEOC does not dispute that both parties, including Defendant, have known about these witnesses for years." [Doc. 139, at 3].  The fact that both parties may have known of the existence of individuals who have information relevant to the claims and defenses is immaterial.  It is clear that Defendant was unaware that EEOC intended to call these individuals.

Defendant would certainly be prejudiced if the Court were to allow these witnesses, disclosed at the eleventh-hour, to testify.  EEOC contends there is no prejudice because the Court may simply reopen discovery, and since the trial will not occur for some months, the depositions can easily be taken.  This argument, however, overlooks the fact that the case management plan in place closes discovery and then allows parties 30 days from the close to submit non-discovery motions, which could potentially resolve claims or defenses.  Authorizing new discovery at this juncture would require modification of other dates, would be disruptive to the Court's case management plan, and may compel the parties to redo motion practice, thus incurring costs and experiencing significant delay, all contrary to the requirements of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*

The Court ultimately concludes that EEOC's disclosure came too late; that EEOC was aware of these individuals for years and failed to proceed in a reasonably prudent manner; and that allowing these witnesses to testify without Defendant's ability to depose them and redo motion practice would be prejudicial.

---

[1] In other words, notice was given without sufficient time to allow Defendant to take the depositions of these witnesses.  Moreover, Defendant would have been precluded from issuing a unilateral notice under provisions of New Mexico's Creed of Professionalism.

The Court grants Defendant's motion and will exclude both witnesses.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge