IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,

vs.                                          CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

          Defendant.

## ORDER DENYING AS MOOT DEFENDANT'S MOTION
## TO DEEM ADMITTED REQUEST FOR ADMISSION NO. 20

THIS MATTER is before the Court on Defendant "BOKF, NA's ["Defendant"] Opposed Motion to Deem Admitted Request for Admission No. 20 of its Second Set of Requests for Admission" [Doc. 110].  The Court considered the motion and Plaintiff's response [Doc. 140]. Defendant did not file a reply but informed the Court that the motion was fully briefed [Doc. 162]. Oral argument is not necessary.

### Request for Admission No. 20

In this Request, Defendant asks Plaintiff Equal Employment Opportunity Commission ("EEOC") to admit that there are no other class members in this litigation, other than the three women identified in the Complaint:  Betty Brewer, Yolanda Fernandez, and Elizabeth Morantes. [Doc. 110, Ex. 5.] EEOC objected on grounds that its lawsuit is not a Rule 23 class action, stating that the "individuals for whom EEOC seeks relief are those aggrieved by the discriminatory practices alleged . . . ."  Without waiving the objections, EEOC then responded that it could neither admit nor deny the request "as discovery on the identification of other aggrieved individuals is not

complete and Defendant has delayed in providing document production from which EEOC could ascertain the existence of other aggrieved individuals." [Doc. 110, Ex. 6.]

In its motion, Defendant argues that EEOC improperly objected to Request No. 20. Defendant also asserts that in view of EEOC's "flagrant, deliberate and knowing improper non-response," the request should be deemed admitted, and that Defendant should be awarded its fees and costs in bringing this motion. [Doc. 110, at 2, n.3.]

In support of the motion, Defendant observes that during EEOC's investigation of the Morantes' charge in 2008, EEOC had numerous personnel files and information about Bank of Albuquerque's ("BAQ") consumer employees. Defendant also states that EEOC interviewed at least 11 BAQ employees or employers and 4 employees of BAQ affiliate, Bank of Oklahoma (now BOKF, NA) during the investigative process. According to Defendant, after an extensive investigation, EEOC named only the three individuals in its December 2011 complaint.

Defendant argues that the purpose of requests for admission is to narrow the pertinent issues for trial. Defendant asserts that, in accordance with Fed. R. Civ. P. 36(a)(4), if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. Defendant contends that EEOC's response is not permissible and moreover, that EEOC is not allowed to use discovery to "find" class members. Instead, EEOC must identify class members during the EEOC investigation. [Doc. 110, at 6] (citations omitted).

In its response, EEOC claims that it properly and fully responded to the request for admission. Moreover, EEOC asserts that it has been deprived of discovery on the issue of identification of additional class members. [Doc. 140, at 1.]

EEOC summarizes the procedural history of this case including the fact that it filed objections to the Magistrate Judge's recommendation to deny EEOC's motion to amend, that

"sought to add clarity to the claims on behalf of a[n] [unidentified] class of women to include Brewer, Fernandez and Morantes." [Doc. 140, at 2.] At the time EEOC filed this response [Doc. 140], the District Court had not yet ruled on the objections to the recommendation that EEOC's motion to amend be denied.  Part of EEOC's argument in opposing the motion to deem admitted Request No. 20 was that EEOC "should not be sanctioned . . . for taking the position that until the Court determines whether to allow amendment of the complaint, EEOC cannot know whether there are any additional victims of the alleged discrimination." [Doc. 140, at 3.] EEOC also argued that it was precluded from obtaining necessary discovery to "notify the putative class" and thus, could not know whether there are any other victims. [Id.] EEOC further asserts that it "can seek relief for individuals who did not file charges of discrimination, and for individuals not identified until discovery during  the litigation." [Doc. 140, at 4] (citations omitted).[1]

## Discussion

The Court concludes that it need not analyze the merits of the parties' arguments as to this issue because, on January 31, 2013, the District Court overruled EEOC's objections to the Magistrate Judge's recommendation to deny amendment and ultimately, denied the motion to amend. [Doc. 150.] In addition, the discovery deadline expired on December 3, 2012.  Thus, with the exception of a few matters that the parties were allowed to pursue after the close of discovery, there is no more time to obtain additional information regarding other alleged victims.

---

[1] The Court does not disagree with Tenth Circuit authority cited by EEOC, wherein the Court acknowledged EEOC's authority to "investigate and bring actions aimed at seeking a remedy on behalf of all affected persons" and that EEOC need not fulfill requirements of Rule 23 class action lawsuits in seeking such a remedy.  *See, e.g.*, E.E.O.C. v. St. Louis-San Francisco Ry. Co., 743 F.2d 739, 744 (10th Cir. 1984).  However, the question before the Court now is answered by the fact that discovery is over and the District Court denied EEOC's motion for leave to amend. (*See* discussion *above*.)

In its January 31 decision, the District Court carefully analyzed the undersigned Magistrate Judge's Report and Recommendation and conducted a *de novo* review of EEOC's objections. The trial judge issued a well-reasoned opinion finding that EEOC unduly delayed in seeking to amend its Complaint; and that EEOC knew, should have known, or had ample reason to know, of the facts supporting the class claims, but failed to include those allegations when it filed its original Complaint. [Doc. 150, at 14.] The Court found that class allegations were not based on new evidence unavailable at the time the EEOC filed its original Complaint, and for some unknown reason, EEOC chose not to advance the class allegations until eight months after filing its Complaint. In addition, the Court determined that EEOC's delay in asserting allegations, when coupled with the subsequent eight-month delay, was inexplicable. Therefore, the Court concluded that EEOC unduly delayed by waiting eight months to attempt to add class allegations and denied the proposed amendment.

The Court also found that Defendant would be prejudiced if the class-wide amendments were allowed. Such amendments at this late stage of the litigation would significantly interfere with the Court's management of the litigation, where discovery closed subsequent to the filing of the motion to amend, and a pretrial conference and trial date are set. The Court observed that allowing additional or new class allegations would require reopening discovery, a new round of motion practice and new depositions, and likely would necessitate the need to vacate the pretrial conference and trial dates. The Court further reasoned that EEOC's request to expand its lawsuit to include class allegations would require additional extensive preparation by all parties, new discovery, locating and deposing new witnesses, finding, reviewing and disclosing new physical evidence, and adjusting both trial tactics and strategy. [Doc. 150, at 17-19.]

The District Court's January 31, 2013 decision limited the claims in this lawsuit to

4

allegations on behalf of the three identified women. Thus, the issue of whether EEOC admits or denies Request for Admission No. 20 is moot, as the trial Court resolved this question by its pretrial ruling denying the motion to amend. [Doc. 150.] In addition, the close of discovery means that EEOC cannot seek information now to identify other alleged victims.[2]

IT IS THEREFORE ORDERED that Defendant's motion to deem admitted Request for Admission No. 20 is DENIED as moot. No fees or costs are awarded.

                                                    _____*Lorenzo F. Garcia*_____
                                                    Lorenzo F. Garcia
                                                    United States Magistrate Judge

---

[2] The Court observes that Defendant provided EEOC with multiple pages of employee information, positions, reasons for discipline, etc. as early as 2008 and 2009, and yet, as late as December 2013, EEOC apparently still could not identify additional aggrieved individuals. [Doc. 110, exhibits; Doc. 150, at 8, n.4.]