IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                        CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,

        Defendant.

## ORDER FOLLOWING IN CAMERA INSPECTION

THIS MATTER is before the Court on an *in camera* inspection of withheld emails. EEOC objected to the production of these emails on a variety of grounds, including attorney-client privilege. The objections resulted in a motion to compel. Ultimately, the Court ordered that the withheld emails be submitted for inspection.

The first document is an email dated February 24, 2009 from Judy Luttrell to then investigator D'Ontae Slyvertooth ("Sylvertooth"). It transmits the severance release agreement and Ms. Luttrell asks Sylvertooth his opinion concerning waivers of future lawsuits by acceptance of the severance agreement. It is well to note that this email was sent to Slyvertooth when he was an investigator, not an attorney, and Sylvertooth was not serving as Luttrell's attorney. (*See* [Doc. 100, at 22], (Sylvertooth passed the Bar in the Fall of 2011).

The second email is from Ms. Luttrell to Sylvertooth on March 2, 2009, and, again, she asks Sylvertooth if he has any thoughts about whether she should sign the severance agreement. The next document is a string email dated March 2, 2009, where Sylvertooth tells Ms. Luttrell that the document appears to be a standard severance package, and he believes that the release language is no different from other documents he has seen.

Prior to the 2000 modifications of Rule 26, relevancy was not a proper ground to withhold discoverable information. *See, e.g.*, In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1192-93 (10th Cir. 2009) (dividing line between information relevant to claims and defenses and that relevant only to the subject matter of actions cannot be defined with precision). However, the modifications of Rule 26 now limit discovery to non-privileged information relevant to the parties' claims and defenses. The severance document and the various emails transmitting the document and soliciting Slyvertooth's advise are not privileged, but under Rule 26, they are not relevant to any claim or defense.

The discovery process would have been facilitated, and the time and expense imposed on parties would have been avoided, had EEOC simply produced the documents. Because there is a protective order in place [Doc.127], the production would not have harmed any person, nor would production have been prejudicial to any party. However, because the documents are not relevant under Rule 26, they need not be produced.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge