IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                   Plaintiff,

    vs.                                    CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,
BANK OF ALBUQUERQUE, N.A.,
dba Bank of Albuquerque, and
BOKF, N.A., dba Bank of Albuquerque,

                   Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on "Plaintiff EEOC's Motion to Compel Discovery and Deem Admitted Request for Admission No. 24." [Doc. 129].  The Court considered the motion, together with Defendant's ("BAQ or Defendants") Response in opposition [Doc. 149], EEOC's Reply [Doc. 174], EEOC's supplemental submission ("March 4 letter") [Doc. 198], and Defendant's supplemental submission, with exhibits ("March 11 letter") [Doc. 203].[1]  Oral argument is not necessary.

---

[1]On February 25, 2013, the Court held a telephonic conference with counsel regarding several discovery-related matters. [Doc. 183, minutes.]  With respect to EEOC's motion to compel, the Court directed counsel to submit letters setting out any remaining matters for the Court to decide.  The Court expected that some of the Court's rulings, entered subsequent to the parties' briefing of the motion to compel, resolved some of the discovery disputes.  Both parties submitted supplemental letters, although the letters merely confirmed that all disputes raised in the motion to compel remained outstanding.  It was not the Court's intent to invite additional argument, briefing, or exhibits by way of the supplemental letters.  After all, EEOC's exhibits to briefing exceeded 100 pages, and Defendant's exhibits to its response also exceeded 100 pages.  The parties need only have clarified in the letters that all disputes remained unresolved, without more.

**Background**

EEOC's motion to compel discovery asked the Court to compel BAQ to provide responses to Interrogatory Nos. 5-6, 9-11, 13-14, 16-17, 19-22, and 24, as well as deem admitted Request for Admission No. 24. [Doc. 129, at 1.] EEOC also asked that the Court award its reasonable expenses in bringing the motion to compel, including attorney's fees under Fed. R. Civ. P. 37(a)(5). [Id., at 27.] BAQ argued that EEOC's challenges to its discovery responses have no merit. [Doc. 149, at 2.]

**Interrogatories**

**Interrogatory Nos. 5 and 6**.  EEOC asks BAQ to "[d]escribe the reason or reasons for terminating [Fernandez's and Morantes'] employment" and to "identify all individuals who have knowledge of the factual basis for each reason."  The interrogatories also asked BAQ to identify documents or records containing information relating to the factual bases for the terminations of Fernandez and Morantes. [Doc. 129-4.]

BAQ objected on grounds that Fernandez was not a person properly the subject of the instant litigation.  With respect to the interrogatory concerning Morantes's termination, BAQ objected on grounds that the request was overly broad and unduly burdensome.  For some reason, BAQ objected to EEOC's request that BAQ "identify" pertinent documents related to Morantes's termination, incorrectly arguing that the interrogatory actually called for production of all such documents.  BAQ did not assert a similar objection to the same request for BAQ to identify documents related to the decision to terminate Fernandez.  BAQ objected to both interrogatories on grounds that the interrogatories sought information "more reasonably suited to a deposition."  Subject to the objections, BAQ stated it would produce "reasonably responsive documents from which reasonably responsive information can be obtained" in answering both interrogatories.  [Doc. 129-4, at 11-12.]

2

In its responses, BAQ referred to <u>Bates</u> stamps of documents apparently produced previously or contemporaneously.

In its March 4 letter, EEOC contends that Defendants did not fully answer these interrogatories and that it did not identify documents or records, described by certain deponents that related to Fernandez's termination, specifically an electronic spreadsheet and a "confiscated spiral notebook."

In Defendants' March 11 letter, it states that EEOC improperly seeks documents "such as spreadsheets and a spiral notebook pursuant to interrogatories," but that EEOC did not move to compel the production of documents and also because EEOC failed to timely move to compel documents in response to BAQ's objections to requests for production.  The Court does not address production of documents here.  It narrows its discussion to interrogatory responses, as these are the discovery requests EEOC's motion to compel raises.

The Court observes that Interrogatory Nos. 5 and 6 are nothing more than contention interrogatories.  Contention interrogatories ask a party to state what it contends, whether it makes a specified contention, all facts upon which it bases a contention, its position together with an explanation of that position with respect to how the law applies to facts, or the legal or theoretical basis for a contention.  <u>Discovery Proceedings in Federal Courts</u>, § 16.04 (3d ed. 1995).

Rule 33 governs the use of and responses to interrogatories.  It provides that interrogatories are not objectionable merely because an answer to the interrogatory involves a opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2).  While contention interrogatories may not be proper at early stages of discovery, they are perfectly appropriate at the close of discovery.  Discovery in this case was extensive, and for the most part, is completed.  The contention interrogatories are proper.

The Court overrules all objections to Interrogatory Nos. 5 and 6.  The Court further concludes that Defendants' objections that these interrogatories "called for information more reasonably suited to a deposition" are specious and inappropriate.  Defendants must provide complete and responsive answers to both interrogatories, including answers that describe or identify related documents, within ten days after entry of this Order.

The Court cautions Defendants that generally speaking, incorporating the pleadings or other discovery will not be sufficient in responding to interrogatories.  Vazquez-Fernandez v. Cambridge College, Inc., 269 F.R.D. 150, 156 (D.P.R. 2010.)  Rule 33(d) contemplates the production of "business records" in lieu of answering an interrogatory, "when the burden of extracting the requested information would be substantially equal for either party." Federal Civil Rules Handbook, at p. 878 (2013 ed.).  However, the Court cannot determine here whether Defendants' initial references to Bates-stamped documents were references to "business records."  Moreover, commentary to the Federal Civil Rules Handbook provides that if business records are produced instead of supplying written answers to interrogatories, the party must state that the documents contain the requested information.  Id.  When producing business records, the responding party also must provide sufficient detail so that the propounding party can identify which individual documents contain the specific information requested.  Thus, to the extent that Defendants rely on a document production including business records in lieu of answering interrogatories, Defendants must provide sufficient detail as noted.

**Interrogatory No. 9**.  EEOC asked Defendant to identify other formal and informal (oral or written) complaints of age and gender discrimination at BAQ, from January 1, 2005 to present.  EEOC requested that Defendants' responsive descriptions include name, age, gender, last known address of the complainant(s), date of complaint(s), identity of employee(s) to whom complaint(s)

were made, nature of the complaint(s), identities of employees about whom complaint(s) were made, whether the complaint(s) were filed with the EEOC or a state agency, action taken by Defendants, and the identity of related records and documents, including a description of investigative reports.

BAQ objected on grounds that Interrogatory No. 9 was over broad in scope. BAQ asserts that the interrogatory seeks information that is "outside the scope of the instant litigation," which should be limited to the three individuals (Brewer, Fernandez and Morantes). BAQ further argues that the narrow scope of the alleged violations, *i.e.,* alleged termination of Morantes and Fernandez for policy violations in 2008, and discipline of Brewer from 2007 to 2008 should not be expanded to require responses about complaints of age and gender discrimination. BAQ also contends that the requested time frame, a seven-year period from 2005 to present, is over broad.

In addition, BAQ objects on grounds that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BAQ also asserts that the information could result in "additional reputational damage" to BAQ or its affiliates, be used to harass BAQ and its employees, and be used to improperly add litigants outside the scope of this litigation. BAQ then sets its own "applicable time period" and states it will produce "reasonably responsive documents" "with respect to probations and/or terminations of violations of Sales Assurance policy and/or manipulations of the Sales Assurance policy utilized by Bank of Albuquerque." BAQ also refers EEOC to the EEOC charges and an exhibit to a deposition; BAQ then briefly refers EEOC to "Polanco's testimony." [Doc. 129-4, pp. at 15-16.]

Evidence of other complaints of age and gender discrimination, during a pertinent time frame, may be relevant to the claims in this case. Such complaints, to the extent they exist, could amount to circumstantial evidence of discrimination. *See* Moss v. Blue Cross & Blue Shield of Kan., Inc., 241 F.R.D. 683, 692 (D. Kan. 2007) ("[A]s a general rule, '[o]ther claims of

discrimination against a defendant are discoverable only if limited to the same form of discrimination [.]'") (*quoting* <u>Mitchell v. Nat'l R.R. Passenger Corp.</u>, 208 F.R.D. 455, 460 (D.D.C. 2002)).

In <u>Mitchell</u>, for example, the Court reasoned:

> other claims of discrimination against a defendant are discoverable if limited to the same form of discrimination claimed by plaintiff, if limited to the same department or agency where plaintiff worked, and if limited to a reasonable time before and after the discrimination complained of.

<u>Mitchell</u>, 208 F.R.D. at 460 (citations omitted).  The Court further noted:

> plaintiff's request for evidence of other claims of discrimination within the Human Resources Department between 1996 and 1998 is reasonably related to the duration of her employment and close enough in time to permit the conclusion that persons accused of discrimination in those other complaints might have still been in positions of authority when she was terminated.  As I explained above and in my previous opinions, the legitimate theory underlying such discovery is that it might lead to evidence that persons accused of discrimination may have acted with a similar discriminatory animus on a prior occasion. While a complaint in itself proves nothing about the accusation made, knowledge of its existence might yield admissible evidence as to the discriminatory animus on a prior occasion of a particular manager and that likelihood suffices under Fed. R. Civ. P. 26(b)(1).

<u>Id.</u> (citations omitted).  The Court finds that EEOC's requests for information about other complaints of age or gender discrimination, with limitations, are reasonably calculated to lead to the discovery of admissible evidence.

Thus, the Court overrules Defendants' objections based on relevancy.  The Court also overrules other objections based on contentions that such discovery could cause reputational damage or be used to harass Defendants.  There is a protective order in place. [Doc. 127.]

The Court sustains Defendants' objections, in part, as to the relevant time frame of such alleged complaints.

> In the context of employment discrimination cases, courts have held that discovery of information before and after the liability period may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence.  Thus, courts commonly extend the scope of discovery to a reasonable number of years, both prior to and following such period.

Horizon Holdings LLC v. Genmar Holdings, Inc., 209 F.R.D. 208, 212-13 (D. Kan. 2002) (limiting requested discovery to period of three years before alleged unlawful actions and to two years after the discriminatory conduct was alleged to have occurred).  *See also* James v. Newspaper Agency Corp., 591 F.2d 579, 582 (10th Cir. 1979) (discovery authorized for four years prior to the liability period.); Manning v. Gen. Motors, 247 F.R.D. 646, 652-53 (D. Kan. 2007) (limiting discovery to three years before liability and two years after liability); EEOC v. Kansas City Southern Ry., 195 F.R.D. 678, 679-80 (D. Kan. 2000) (finding three years before the liability period and one year after to be reasonable); Raddatz v. Standard Register, 177 F.R.D. 446, 448 (D. Minn. 1997) (discovery permitted for a period of two years after the termination); Lyoch v. Anheuser–Busch Cos., 164 F.R.D. 62, 67 (E.D. Mo. 1995) (four years prior to liability period reasonable).

The Court has significant discretion in making the determination, and, therefore, rules that a period of three years prior to the terminations and one year after is appropriate.  Accordingly, the Court orders Defendants to produce evidence of other claims of age and gender discrimination complaints against Defendants for the period of three years prior to complaints of Brewer, Fernandez, and Morantes of alleged age or gender discrimination and for a period of one year after each of the three women alleged age and/or gender discrimination.  To clarify, the time period runs from the date each woman filed an EEOC charge, alleging age or gender discrimination.

7

Responsive information should include the name of the employee(s) who complained, the date the complaint(s) were submitted, the identity of the employees or supervisors who were the subject of the complaint(s), whether charges of discrimination were filed, investigative efforts by Defendants, outcome of any such complaints or charges, and a description of any related documents.

Defendants must produce to EEOC the complete, responsive information within ten days after entry of this Order.

**Interrogatory No. 10**.  EEOC seeks information regarding other employees who were accused of violating the same work rules that Defendant asserts claimants Brewer, Fernandez and Morantes violated.  [Doc. 129-4, at 16.]

Defendants objected on grounds that the request was vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding that this was an interrogatory request, BAQ states that to the extent such documents exist, it would produce "reasonably responsive documents" for the time period it determined was appropriate.  BAQ further notes that because of EEOC's delay in filing this lawsuit, "it would be impossible to respond to a request with respect [sic] which calls for a description of all 'improper sales techniques' for 'all employees'." [Doc. 129-4, at 16.]

The Court overrules Defendants' objections, with the exception of its objection to the pertinent time frame.  Comparator information is relevant or reasonably calculated to lead to admissible evidence provided that the information amounts to comparisons for "apples-to-apples." If Defendant has evidence regarding other employees who were accused of violating the same or similar work rules as the three individual women, Defendants must provide that information within ten days.  The time frame runs from three years before the terminations of Brewer, Fernandez and Morantes, and one year after those terminations.

8

In its March 11 letter, BAQ contends that the EEOC had this information "since the investigation of this matter."  To the extent that is true, BAQ need not produce the same information twice.  However, if BAQ did not provide all of the responsive information for the time period noted, its production within ten days must include the name, age, gender, position and title of any such employees accused of violating the same or similar policies, the date of the allegations of misconduct, description of the investigation, the supervisor(s) involved in discipline, and a description of related documents.

**Interrogatory Nos. 13-14, 16-17, 19-22, and 24**.  The Court refers to this group of interrogatories as the "corporate entity interrogatories."  These interrogatories all seek substantial amounts of information.  In order to better determine the breadth of information sought by EEOC and the information already provided by Defendant, the Court sets out the following background.

In EEOC's original complaint, Plaintiff named BOK Financial Corporation, d/b/a/ Bank of Albuquerque, as the sole Defendant. [Doc. 1.] EEOC alleged that BOK Financial Corp. was continuously an Oklahoma corporation doing business in the State of New Mexico and the City of Albuquerque. [Doc. 1.] From this case's inception, Defendant provided the following footnote in most of its pleadings, including in its original answer:

> BOK Financial Corporation is an improper party to the instant litigation and should be dismissed. The EEOC, after actual notice of the corporate structure, failed to join an indispensable party to this suit, the employer of the three individuals (Betty Brewer, Yolanda Fernandez, and Elizabeth Morantes) (hereinafter referred to by the last name of each or collectively "The Three Individuals") upon whose behalf the Equal Employment Opportunity Commission (hereinafter "EEOC") has filed suit.

[Doc. 5.] By way of further explanation, Defendant stated in its answer:

> Bank of Albuquerque asserts that Bank of Albuquerque is the employer and the only proper party to the instant litigation. Further,

9

Bank of Albuquerque is an indispensable party to the litigation pursuant to Federal Rule of Civil Procedure Rule 19.  As grounds for Bank of Albuquerque's entry of appearance and answer in lieu of its misnamed parent corporation, BOK Financial Corporation, Bank of Albuquerque states as follows:

(1) BOK Financial Corporation (hereinafter, "BOK Financial") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. BOK Financial is a regional financial services company.

(2) Bank of Albuquerque, National Association (hereinafter, "Bank of Albuquerque") was a national banking association registered with the Comptroller of the Currency and licensed to do business in Albuquerque from December 4, 1998 until January 1, 2011. Bank of Albuquerque, National Association was a direct subsidiary of BOK Financial until January 1, 2011. On January 1, 2011, Bank of Albuquerque, NA was merged into Bank of Oklahoma, National Association. That same day, Bank of Oklahoma, National Association changed its name to BOKF, NA. BOKF, NA is a subsidiary of BOK Financial Corporation.

(3) Betty Brewer was an employee of Bank of Albuquerque, National Association (now BOKF, NA) from approximately February 4, 1999 until November 7, 2008.

(4) Yolanda Fernandez was an employee of Bank of Albuquerque, National Association (now BOKF, NA) from November 4, 2003 until March 14, 2008. Complaint at ¶ 10, p. 4 referencing EEOC Charge.

(5) Elizabeth Morantes was an employee of Bank of Albuquerque, National Association (now BOKF, NA) from December 4, 1998 until April 10, 2008. Complaint at ¶ 10, p. 4 referencing EEOC Charge.

[Doc. 5.] It is not quite clear if it was Defendant's position that Bank of Albuquerque or BOKF, NA was the properly named Defendant, or both.

Early in this litigation, Defendant provided its required corporate disclosure, supplying essentially the same information as that included in the Answer. [Doc. 7.] The parties continued to disagree who the proper parties were and yet, filed no motions seeking resolution of this question by the Court.

In the amended complaint, EEOC was permitted to name all three corporate entities as Defendants because the Court could not determine who the proper parties were based on the briefing. [Doc. 181.] In the answer to the amended complaint, Defendants set forth a footnote stating,

> BOK Financial Corporation d/b/a Bank of Albuquerque is an improper party to the instant litigation and never did business as Bank of Albuquerque, and should be dismissed. Bank of Albuquerque, NA has not existed since January 1, 2011, and therefore is an improper party and should be dismissed.

[Doc. 202.] Defendants assert that Bank of Albuquerque merged with Bank of Oklahoma, NA, and then changed its name to BOKF, NA. Bank of Albuquerque no longer exists but was the employer of the three women at the time they filed EEOC charges.

In the Pretrial Report, Defendants set forth the same or similar position with respect to the propriety of the Defendants. [Doc. 201.] For some reason, EEOC cannot agree on who the proper Defendant or Defendants are.

Thus, EEOC served its series of corporate entity interrogatories. In its responses and objections to these interrogatories, Defendant BOKF, NA, stated on behalf of its parent corporation, BOK Financial Corporation that BOK Financial Corporation is an Oklahoma corporation and a regional financial services company. Bank of Albuquerque was a national banking association registered with the Comptroller of the Currency and licensed to do business in Albuquerque from December 4, 1998 until January 1, 2011. Bank of Albuquerque, NA was a direct subsidiary of BOK Financial until January 1, 2011. Bank of Albuquerque, NA and Bank of Oklahoma, NA entered into a Service Agreement on January 1, 2007, whereby Bank of Oklahoma, NA performed certain services. On January 1, 2011, Bank of Albuquerque, NA was merged into Bank of Oklahoma, NA. That same day, Bank of Oklahoma, NA changed its name to BOKF, NA, and BOKF, NA is a

subsidiary of BOK Financial Corporation.  Thus, according to Defendants, it appears that BOKF, NA is the proper Defendant although it states in pleadings that Bank of Albuquerque ("BAQ"), which no longer exists, will respond "as the proper party" to the discovery requests.[2] [Doc. 129-6, at 3.]  EEOC neglected to explain why it believes, if accurate, that BOKF, NA is not the proper named Defendant.

EEOC argues that the corporate entity interrogatories concern the relationship between the named Defendants in this case [Doc. 198, at 3], but the Court is unclear how the interrogatories or most of them tend to shed any light on the properly named Defendant(s).  If not harassing in nature, many of these interrogatories appear to request information that has no possible bearing on the claims and defenses, or the relationship of the parties in terms of the claims.

**Corporate Entity Interrogatories**

The shear volume of the requests is startling.  For example, EEOC seeks identification and information of "all banking related entities in existence and/or conducting business in the United States . . . in which BOK Financial Corporation or BOKF, N.A. held any amount of ownership interest during the period of 1-1-2007 to present." [Doc. 129-6, at 7.]  EEOC did not show why a list of all related entities in the United States is relevant or why it is necessary to determine if there is any entity in the United States holding any amount of ownership interest from 1-1-2007 to the present.

In Interrogatory Nos. 13 and 14, EEOC seek information on whether individuals identified in Interrogatory No. 13 are partners, shareholders or managers and request a determination of the amount of stock these individuals hold or percentage of ownership interest in the entity.  EEOC also

---

[2]Moreover, as noted above, at one point, Defendants stated that BAQ is the "only proper party to the instant litigation." [Doc. 5.]

seeks substantial information concerning name, job position, last known address of individuals identified in responses concerning corporate entities, and information on job transfers or commencement of employee employment. [Doc. 129-6, at 18.]  The Interrogatory again seeks information not just from the named Defendant, but from all related entities in the United States for the last six years.  It asks for information concerning detailed description of any operations of any of the entities that are shared with, monitored, evaluated or supervised by any other entities. [Doc. 129-6, at 19.] Interrogatory No. 19, for example, seeks specific and detailed information on the financial relationship to and any financial arrangements among all entities from January 1, 2007 to the present, including accounting services, payroll, financial report preparation or other financial arrangements. [Doc. 129-6, at 20.] EEOC wants to know who makes employment decisions, hiring, firing, promotions or transfers for each named entity or related entities in the United States. [Doc. 129-6, at 20.]  It also wants to know who has check writing authority, who negotiates contracts, deals with or reports to corporate or business licensing authorities, or who deals with or reports to governmental agencies, or purchase insurance programs. [Doc. 129-6, at 21.]  Again, all of these questions relate not only to all of the identified entities, but any related entities in the United States.

EEOC asks for information on who has authority or the ability to prepare, develop and/or implement personnel files and procedures applicable to banks or other businesses owned or operated by any of the above entities, and wants detailed information describing insurance programs, benefit programs or policies in which any of the entities or related entities jointly participated anywhere in the United States. [Doc. 129-6, at 21, 22.]

### Analysis of Corporate Entity Interrogatories

Fed. R. Civ. P. 26(b)(2)(C) requires a court to limit discovery requests that are unreasonable, burdensome, duplicative, cumulative or obtainable from other more convenient sources, and to limit

such discovery when the burden or expense of the discovery outweighs any likely benefit.  Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied,* 531 U.S. 926 (2000).  Stated differently, Rule 26(b)(2)(c) requires imposition of a proportionality principle in the discovery process.  *See, e.g.,* Bouchard v. Whetstone, 2010 WL 1435484, at *3 (D. Colo. Apr. 9, 2010) (unpublished) (noting that Rule 26(b)(2)(C) requires the court to consider proportionality when confronting discovery issues).

"The 'metrics' set forth in Rule 26(b)(2)(C)(iii) provide courts significant flexibility and discretion to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." Chen-Oster v. Goldman, Sachs & Co., 285 F.R.D. 294, 303 (S.D.N.Y. 2012) (citation omitted).  Thus, even if the material sought is arguably relevant and discoverable, the Court has authority to limit or deny discovery.  Fed. R. Civ. P. 26(b); Koch, 203 F.3d at 1238.

For purposes of evaluating the proportionality of EEOC's corporate entity interrogatories, the Court considered the Sedona Conference's "principles of proportionality."  "The Sedona Conference is a nonprofit legal policy research and educational organization that sponsors working groups on cutting-edge issues of the law." The Sedona Conference, *Commentary on Proportionality in Electronic Discovery*, 11 The Sedona Conf. J. 289 (2010); Nahrstadt, Bradley C., *Electronic Discovery, No Balance, No Beauty, In Search of Proportionality in E-Discovery*, For the Defense, May 2011.

The Sedona Conference's commentary on proportionality discusses six principles intended to guide both bench and bar in applying the concept of proportionality to civil litigation.  11 The Sedona Conf. J. at 291-92.  Those principles are as follows:

14

1.  The burdens and costs of preservation of potentially relevant information should be weighed against the potential value and uniqueness of the information when determining the appropriate scope of preservation.

2.  Discovery should generally be obtained from the most convenient, least burdensome, and least expensive sources.

3.  Undue burden, expense, or delay resulting from a party's action or inaction should be weighed against that party.

4.  Extrinsic information and sampling may assist in the analysis of whether requested discovery is sufficiently important to warrant the potential burden or expense of its production.

5.  Nonmonetary factors should be considered when evaluating the burdens and benefits of discovery.

6.  Technologies to reduce cost and burden should be considered in the proportionality analysis.

While the Sedona Conference on Proportionality focuses on electronic discovery, the principles have equal applicability to discovery as a whole. *See, e.g.,* Chen-Oster, 285 F.R.D. at 303 (commenting that a party may resist discovery of *non-computerized documents* or of ESI on grounds that the discovery sought is disproportionate) (emphasis added).

In this case, Defendants promptly alerted EEOC as to the issue concerning the propriety of the named party Defendants and advised EEOC that it named the wrong entity.  In virtually every pleading filed thereafter, Defendants repeated the same concerns that EEOC sued the wrong party, suggesting that EEOC substitute the correct party.  Notwithstanding these constant objections, EEOC did nothing to discover information that would assist it in determining the propriety of the parties.  EEOC had ample opportunity to obtain information or discovery, and waited until the tail end of the discovery process to flood Defendant with substantially broad and burdensome requests. This violates the provisions of Rule 26(b)(2)(C)(ii).

Moreover, the burdens imposed by seeking information on entities throughout the United States, as well as the detailed operational information, makes little sense.  This is not a lawsuit where EEOC has taken a position that there are joint employers or loaned employees.  The discovery sought by EEOC simply is not in proportion to the needs of the case.  While some information may have, indeed, been relevant, the sheer breadth of EEOC's requests and excessive demands makes this an easy decision.  The burdens far outweigh any benefit, and the costs, expense and burden imposed on Defendant compel the Court to limit discovery.

Defendants did not simply refuse to answer the interrogatories.  Instead, they tendered significant amounts of documentation and information regarding the proper corporate entities.  After considering the needs of this case, the amount in controversy, the importance of the issues at stake, and the importance of the requested discovery in resolving the issues, the Court determines that, on balance, the burden or expense of the proposed discovery significantly outweighs its likely benefit.

To the extent Defendants objected to providing other information, and in consideration of the proportionality obligations of Rule 26, the Court sustains Defendants' objections.  Defendants need not provide any further responses to the corporate entity interrogatories.

**Request for Admission No. 24** asks Defendant to admit that it received a copy of the letters attached as Ex. B advising that conciliation efforts had failed. [Doc. 129-6, at 10.]

Defendant admitted that BAQ received Exhibit B.1 declaring an impasse to the Morantes's conciliation.  It admitted in part and denied in part information concerning Exhibit B.2.  It described its version of the events relating to the Fernandez Charge and EEOC's transmissions or lack thereof.  Then EEOC stated it admitted after "all of EEOC's procedural failures and improprieties with respect to the Fernandez Charge, Bank of Albuquerque received Exhibit B.2, declaring an impasse to any purported Fernandez Conciliation." [Doc. 129-6, at 10.]

16

EEOC requests that the Court deem admitted this Request because BAQ improperly qualified its answer.  The Court earlier determined [Doc. 147] that a party is not permitted to only answer questions it chooses and avoid answering questions it does not want to answer.  When a request for admission is served, the party receiving the request must either admit or deny, or state why it can neither admit or deny.  It may not parse or qualify the request.  Fed.  R.  Civ.  P. 36.

The Court allows Defendant ten days after entry of this order to answer Request for Admission No. 24 without qualifications or explanations as to its version of events.  If Defendants fail to do so, the request for admission will be deemed admitted.

<u>**Conclusion**</u>

This Order grants EEOC's motion to compel in part and denies it in part.  To the extent that the Court granted the motion to compel, Defendants must provide the required, responsive information within ten (10) after entry of this Order.

The Court further observes that it sustained the majority of Defendants' objections to the proposed discovery.  Thus, the Court concludes that, for the most part, Defendants were correct in objecting.  Therefore, an award of costs and fees in favor of Plaintiff is not warranted.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

17