IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                            CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,
BANK OF ALBUQUERQUE, N.A.,
dba Bank of Albuquerque, and
BOKF, N.A., dba Bank of Albuquerque,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING EMERGENCY MOTION TO STAY RELIEF

THIS MATTER is before the Court on EEOC's "Opposed Emergency Motion to Stay Relief Ordered in Memorandum Opinion and Order [Docket 197]." [Doc. 210]. No response to this motion is necessary.[1]

EEOC requests that the Court stay the requirement that it pay attorney fees to Defendants in the amount of $4,000 within twenty days of the Court's order. The basis of its emergency motion is that it filed objections to the Court's March 1, 2013 Order and that "paying fees prior to a ruling on EEOC's current pending motion . . . would create a substantial hardship for the EEOC [.]" [Motion, at 2]. The alleged justification is that should the trial judge set aside the attorney fee award, EEOC would not be able to recoup any of the returned fees, as, according to EEOC, they would be returned to the Department of the Treasury rather than to the agency.

---

[1] While no response to this emergency motion is required, Defendants should file a response to EEOC's objections [Doc. 205] to the Magistrate Judge's Memorandum Opinion and Order for the trial judge's consideration.

Rule 72(a) is silent on whether a party's duty to comply with the magistrate judge's order is automatically stayed pending a decision by the presiding judge on objections. Fed. R. Civ. P. 72(a); Williams v. Texaco, Inc., 165 B.R. 662, 673 (D.N.M. 1994). Moreover, EEOC did not submit to the Court any authority holding that a discovery order or discovery sanction is subject to an automatic stay pending the determination of the objection. *See* Esparza v. Bridge-stone/Firestone, Inc., 200 F.R.D. 654, 656 (D. Colo. 2001) (noting no controlling authority available on this point).

In Williams, the federal bankruptcy court referred to a federal court decision where the court opined that "allowing the automatic stay of magistrate [judge's] orders would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt." 165 B.R. at 673 (*quoting* Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y.). The Williams Court further explained:

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and the speedy resolution of pre-trial disputes . . . . Ill-considered 'strategic' objections to a magistrate judge's orders threaten to undermine these goals . . . .

Id. (*citing* Nat'l Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D.N.M. 1991)).

Indeed, the Court further noted that many jurisdictions' local rules, while not the case in New Mexico, mandate that objections do not stay a party's duty to comply with a magistrate judge's order. Id. Part of the rationale for such rules is that "[a] magistrate [judge's] order will not determine anything if it can be automatically stayed by filing an objection. [] [S]uch an interpretation would essentially reduce the magistrate [judge's] order to the status of a recommendation where an objection is raised." Id. at 673 (*citing* 7(Part 2) James W. Moore et al.,

Moore's Federal Practice ¶ 72.03[6.-12] at 72-53 to -54 (2d ed. 1991)).[2] To find otherwise would allow a party to disobey or ignore a magistrate judge's order even if the objections had no merit and/or were later overruled.

Furthermore, in Esparza, the District Court provided "sound policy" reasons why an automatic stay should not be "extended to the period between the ruling on a discovery motion by a magistrate judge and the determination by a district judge of an objection to that ruling." Esparza, 200 F.R.D. at 657. If a stay were applied, the Court reasoned that:

> parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection. Such misuse of the objection process would further burden the district judges and, in this time of congested dockets, enormously delay bringing cases to trial.

Id. *See also* Lammier v. Ball Aerospace & Tech. Corp., 2013 WL 179200, at *2 (D. Colo. Jan. 17, 2013) (plaintiffs' repeated filing of objections did not automatically stay orders that were the subject of objections); Granato v. City and county of Denver, 2011 WL 1335854, at *2 (D. Colo. Apr. 7, 2011) (unpublished) (stays of magistrate judges' orders should be granted sparingly); Mares v. County of Mora, CIV 94-940 [Doc. 109] (D.N.M. July 27, 1995) (unpublished) (court disfavors any assumption by litigants that a magistrate order is automatically stayed by the filing of objections); White v. Burt Enter., 200 F.R.D. 641, 642 (D. Colo. 2000) ("if an objection operates as a stay of the order, not only is the losing litigant given an artificial incentive to object, but the magistrate's decision making ability is eroded.")

---

[2] The citation to Moore's is now found at 14 Moore's Federal Practice § 72.10[4] (3d ed. 2012) (citing case for the proposition that decisions by magistrate judges should not be considered advisory or nonfinal simply because they are reviewed by district court).

Given the discretion afforded magistrate judges in discovery matters, and the limited scope of review under Fed. R. Civ. P. 72, it appears unlikely that the order will be overturned and that the attorney fee award imposed will be reversed. In addition, this not the type of case where failure to impose a stay "could result in a serious, irreversible injury to the party seeking the stay," *e.g.,* where a party is forced to disclose arguably privileged information or trade secrets. *See* Granato, 2011 WL 1335854, at *2. Moreover, EEOC's concern that it will be unable to recoup its attorney fee sanction does not compel a stay under the circumstances of this case.

Accordingly, the Emergency Motion to Stay Relief is DENIED.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge