IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                         CIVIL NO.   11-1132 RB/LFG

BOK FINANCIAL CORPORATION
dba Bank of Albuquerque,
BANK OF ALBUQUERQUE, N.A.,
dba Bank of Albuquerque, and
BOKF, N.A., dba Bank of Albuquerque,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court following District Court Judge Robert Brack's decision [Doc. 259], modifying the undersigned Magistrate Judge's requirement that one of EEOC's trial attorneys, D'Ontae Sylvertooth ("Sylvertooth" or "Investigator Sylvertooth") withdraw as counsel of record in this case due to his dual role as trial attorney and EEOC investigator, and his status as a witness in this litigation.[1]  Before determining whether or not Sylvertooth can proceed as trial counsel in this case, Judge Brack directed the parties to submit limited briefs on the question of whether EEOC could provide meritorious grounds to demonstrate Sylvertooth would not be called as a "necessary witness" and/or whether he could still act as counsel of record in this case if called to testify as a witness. [Doc. 259, at 16.] Judge Brack agreed with EEOC's position that it should

---

[1] In accordance with the undersigned Magistrate Judge's requirement of withdrawal of counsel, on May 2, 2013, the EEOC submitted notice withdrawing Sylvertooth as counsel of record. [Doc. 230.]  Thus, at present, Sylvertooth is terminated as counsel of record in this case, although Judge Brack's July 2, 2013 decision states that it reinstated Sylvertooth, at least temporarily, until a decision was made based on the parties' briefing of this matter. [Doc. 259, at 17.]

have been afforded notice and an opportunity to brief this issue before the undersigned Magistrate Judge required withdrawal of Sylvertooth as counsel of record. The District Court Judge allowed both parties to brief the matter and advised that the Magistrate Judge would render the pertinent decision. [Id.]

On July 19, 2013, EEOC submitted its brief with exhibits. [Doc. 261.] On August 1, 2013, Defendants filed their brief. [Doc. 262.] The District Court did not permit a reply. Therefore, this matter is ready for resolution by the undersigned Magistrate Judge in accordance with Judge Brack's decision.

## **Findings**

The undersigned Magistrate Judge, having considered the positions of the parties [Docs. 261, 262], and based on the pleadings and representations of counsel, determines that:

1. Elizabeth Morantes ("Morantes") and Yolanda Fernandez ("Fernandez") are two of the three charging parties on whose behalf the EEOC filed this lawsuit. [Doc. 1.]

2. Before being admitted to the Bar, Sylvertooth was an EEOC investigator involved in EEOC's investigations or conciliations of Morantes's and Fernandez's charges of discrimination by Defendants. [Doc. 259, at 14, 15; Doc. 261-1 ("Sylvertooth Aff."); Doc. 261, at 4.][2]

3. While acting as an investigator, Sylvertooth communicated with Defendants' manager outside the presence of defense attorneys [*see* Doc. 261, at 10, 11 n.4], EEOC admitted that it might use at trial documents pertaining to alleged witness statements or investigative files involving Sylvertooth [*see* Doc. 261, at 9, 11], EEOC admitted that Sylvertooth drafted an affidavit for Judy Luttrell, Defendants' Senior Human Resources Manager [Doc. 261, at 11 n.4; Doc. 261-2

---

[2]References to page numbers in EEOC's brief are to the docket numbers rather than the page numbers at the bottom of the pages of the brief. [*See* Doc. 261.]

(Luttrell Dep., at 86-87], and EEOC attempted to utilize Sylvertooth's affidavit as evidence in response to Defendants' summary judgment motion [Doc. 165-5].

4. During the course of his investigation, Sylvertooth concluded that Fernandez should not be a litigant or that her claims were time-barred. [Doc. 226, at 11, 12 (*citing* 199-1, at 149); Doc. 259, at 15.] He made that recommendation to EEOC, but EEOC rejected it. EEOC included Fernandez as one of the three individuals on whose behalf EEOC filed this lawsuit, notwithstanding Sylvertooth's conclusions.

5. During the course of this litigation, and after the filing this lawsuit, Sylvertooth became a member of the Bar. In late July 2012, EEOC designated Sylvertooth as one of several trial attorneys in this litigation. [Doc. 26.]

6. Sylvertooth was concerned about serving as an attorney in the same case where he was an investigator and potential witness. [Doc. 261, at 5.] He conducted research on the propriety of serving in the triple role of witness/investigator/lawyer. For example, he consulted with an ethics professor at the University of New Mexico Law School, and states that neither the research nor the ethics professor indicated it "would not be ethically inappropriate or a conflict of interest" to serve as counsel in this case under Rule 16-307 NMRA. Sylvertooth provided no specific results of his research, how he researched the question, or grounds for the law professor's assessment or opinion. For example, he did not submit an affidavit from the law professor concerning the substance of the professor's conclusions or recommendations. [*See* Doc. 261-1, at ¶ 8.]

7. EEOC knew that Defendants named Sylvertooth as a witness in the Joint Status Report as early as June 2012, before Sylvertooth entered an appearance. [Doc. 14-3.] At the June 28, 2012 Scheduling conference, the topic of Sylvertooth's participation in this case was discussed,

and the Court raised concerns over the possibility of a conflict due to his role as an investigator and designated witness.

8. During the course of pretrial discovery, Defendants sought to take the deposition of Sylvertooth, and EEOC objected. [Doc. 49.] Relying on federal authority, including several cases in this District [Doc. 114, at 10, 11], the referral Magistrate Judge authorized Sylvertooth's deposition. One of the cases relied on by the Magistrate Judge authorized the deposition of Investigator Sylvertooth in a different EEOC lawsuit. [Doc. 114, at 11.] Moreover, the undersigned Magistrate Judge discussed the fact that Sylvertooth entered his appearance as counsel subsequent to the time EEOC knew that BOK designated him as a witness. The Court advised EEOC that the Rules of Professional Conduct, specifically 16-307, prohibit an attorney from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness, subject to limited exceptions. [Doc. 114, at 2 n.3.] While Defendants did not move for withdrawal of Sylvertooth as counsel based on a possible conflict, the Court addressed the issue and expressed concern on more than one occasion that Sylvertooth's participation both as trial counsel and a witness was contrary to Rule 16-307. Moreover, Defendants also warned EEOC of the possible conflict early on.

9. In accord with the Court's authorization, Sylvertooth's deposition was taken. However, his failure to answer certain questions resulted in imposition of sanctions. [Doc. 226]. The Court authorized a re-deposition of Sylvertooth. [Doc. 260].

10. In the July 2, 2013 decision, Judge Brack noted that, based on the proceedings to date, it was "apparent that Sylvertooth will be called as a witness. EEOC cannot persuasively, or in good faith, argue that there is no chance Sylvertooth will [not] be called as a witness in this lawsuit, particularly after his deposition was taken." [Doc. 259, at 16.] Notwithstanding the Court's skepticism that EEOC could demonstrate Sylvertooth would not be called as a "necessary witness,"

4

the Court required EEOC to show cause, if it could, why Sylvertooth should not withdraw as counsel in light of circumstances where he already served as a witness in the case by way of deposition, is listed by Defendants on their witness list in the Pretrial Order, and would likely testify at trial. [Id.]

11.     Instead of attempting to demonstrate how Sylvertooth could proceed as counsel in this case, in view of the trial judge's observations, EEOC devoted a good deal of its brief to re-hashing the history of the case, pleadings, the Magistrate Judge's authority, and to some degree, conjecture. [Doc. 261, 1-8.] At page 8 of the brief, EEOC speculates that it should not be necessary for Sylvertooth to testify at trial and that such testimony would cause a "mini-trial." EEOC argues that even if its investigation and conciliation efforts are reasonable and admissible, Attorney Sylvertooth is not the only source of evidence about these topics. [Id. at 9.]  EEOC asserts that if Sylvertooth were to testify, he would not say anything prejudicial or contrary to EEOC's position. Finally, it is EEOC's position that even if Sylvertooth had to testify, he would testify about legal questions for the Court to decide, rather than factual matters where a jury might be confused by his dual role as witness and advocate. [Id.] EEOC directed very little of its brief to showing cause how Sylvertooth could proceed without being called as a witness in this case.

12.     Defendants argue that they are entitled to ask Sylvertooth about his communications with witnesses while acting as an investigator and documents he generated then.  EEOC earlier objected, contending that these conversations were attorney-client privileged.  The Court disagreed as Sylvertooth was not an attorney when the conversations occurred.  Defendants stated and demonstrated from the outset that they likely would call Sylvertooth as a witness. [Doc. 262, at 4.] Defendants assert that they, too, advised EEOC of a potential conflict with respect to the roles of Sylvertooth, as early as August 2012. Defendants objected to EEOC's use of Sylvertooth as trial counsel.  [Doc. 262, at 8; Doc. 32-14, at 3.]

5

**Analysis**

The admissibility of testimony is left to the sound discretion of the trial judge. It is possible that the trial judge will agree with EEOC's assessment that Sylvertooth's testimony is inadmissible and that he should not be called as a witness. However, it is equally possible that the trial judge will permit Sylvertooth's testimony to be presented to the jury. Clearly, if EEOC is correct, there is no basis to remove Sylvertooth as counsel. In contrast, if Judge Brack allows the testimony, the conflict is apparent and there would be no way to ameliorate the harm in the midst of a trial.

EEOC has multiple other trial attorneys who entered appearances in this case, *see, e.g.*, Loretta F. Medina, Nancy E. Griffiths, Mary Jo O'Neill, Sean W. Ratliff and Andrea Baran. It would be unwise to allow Sylvertooth to remain as counsel only to have him removed during the course of the trial if a decision is made to allow his testimony.

Additionally, every jury is instructed to determine the credibility of every witness, and to consider the witness's bias and prejudice. *See, e.g.*, UJI 13-2003 NMRA ("Jury sole judges of witnesses;" in state court, similar to federal court, jurors are instructed that they are the sole judges of credibility of witnesses and the weight to be given to the testimony of each witness; factors to consider are the witness's ability and opportunity to observe, the witness's memory, the witness's manner while testify, and any interest, bias, or prejudice the witness may have). There is no instruction requiring jurors to consider the credibility of counsel or counsel's interest, bias or prejudice. If Sylvertooth testifies as a witness, the jury will be called upon to consider his credibility, interest, bias and prejudice, while a corresponding instruction is not given for defense counsel. The potential for juror confusion is significant under such circumstances.

Rule 16-307 prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness. *See* Roy D. Mercer, LLC v. Reynolds, 292 P.3d 466, 474 (N.M.

2012) ("Rule 16–307 . . . is mandatory, stating: "A lawyer *shall* not act as advocate at a trial in which the lawyer is likely to be a necessary witness.") (emphasis in original) (citation omitted). EEOC seeks to distinguish the prohibition in Rule 16-307 against serving as both an advocate and witness at a trial, and seeks to limit the applicability of this rule to jury trials. However, the rule itself contains no such constrictions. Rule 16-307 is clear. An attorney may not serve as a witness in a case in which he serves as trial counsel. *See* Mt. Rushmore Broad., Inc. v. Statewide Collections, 42 P.3d 478, 482 (Wyo. 2002) ("The answer to Mt. Rushmore's contention is simple: Rule 3.7 of the Wyoming Rules of Professional Conduct does not make any distinctions between jury and bench trials"); Shaughnessy v. Ass'n of Apartment Owners of Moana Pacific, 2011 WL 613580, at *6 (D. Hi. 2011) (court acknowledges there is less potential for prejudice in a non-jury trial than in a jury trial, but potential for prejudice still exists).

Here, the fact that certain issues may be tried to Judge Brack sitting without a jury and other issues may be tried to the jury is not determinative as to the question of whether Sylvertooth should be removed as trial counsel in view of his likely role as a witness at trial. Rule 16-307 expressly prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness. The Committee Commentaries to the Rule confirm the problem.

> Comment [1]: Combining the roles of advocate and witness can prejudice the opposing party . . . .
>
> Comment [2]: The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate/witness should be taken as proof or as an analysis of the proof.

Moreover, EEOC's problem is one of its own making.  Early in the course of this litigation, Sylvertooth himself was aware of the risk and sought advice on what to do.  The referral Magistrate Judge expressed concern over the ethical prohibition against Sylvertooth serving as counsel when he was listed as a trial witness.  Defendants objected to Sylvertooth appearing as trial counsel in view of his role as investigator.  Notwithstanding the concerns expressed, EEOC failed to take any action to correct this problem.  [Doc. 32-9, at 3].  The problem was exacerbated when the Court authorized Sylvertooth's deposition.

The dual role problem was highlighted when, at times in discovery, Sylvertooth, as a witness, stated objections which should have been made by the attorney defending the deposition.  At trial, how could the fact finder consider whether Sylvertooth is commenting on evidence as an attorney or presenting evidence as a witness?  In this Court's opinion, the fact finder would find this task difficult.

EEOC should have anticipated that the problem articulated by the Magistrate Judge would come to fruition.  While a party is entitled to the selection of its own counsel, in this case there were clear conflicts in utilizing Sylvertooth as trial counsel.  Rather than withdraw him, EEOC did nothing.

A further problem arises if Defendants "invoke the rule" which would prohibit witnesses from disclosing or discussing their testimony with other witnesses.  As a witness, bound by the constraints of Fed. R. Evid. 615, Sylvertooth could not discuss his own or another witness's testimony, but as an attorney, he would have to discuss proposed testimony with all his witnesses. If he adhered to the prohibitions of Rule 615, he would violate his duty of advocacy to a client.  If he did not adhere to the Court's instruction, he would violate his duty to the Court.  In addition, if Sylvertooth was excused from the discussion of testimony prohibition, Defendants would be

prejudiced.  The Magistrate Judge can see no solution other than to bar Sylvertooth's participation as counsel in this case.

After careful consideration of the pleadings, exhibits, and pertinent rules and law, the Court determines that Sylvertooth's participation as counsel in the trial would constitute a violation of Rule 16-307.  Accordingly, he may not serve as trial counsel in this litigation.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge