# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

        **Plaintiff,**

**vs.**                                  **No. CIV 11-1132 RB/LFG**

**BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;**

**BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and**

**BOKF, NA d/b/a BANK OF ALBUQUERQUE,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission (EEOC) brought this matter on behalf of Elizabeth Morantes, Yolanda Fernandez, and Betty Brewer, who worked as managers at four Bank of Albuquerque branches in Albuquerque and Rio Rancho, New Mexico. The EEOC alleges that Defendants[1] terminated the employment of Morantes and Fernandez and disciplined Brewer because of their age, gender, and age plus gender in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), ("ADEA") and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f), ("Title VII"). The EEOC seeks injunctive relief, back pay, prejudgment interest, compensatory damages, and punitive damages on behalf of the women. (Doc. 181). Defendants have moved for summary judgment on the claims brought on behalf of Ms. Brewer. (Doc. 123).

---

[1] Defendants contend that BOK Financial Corporation is an improper party. (Doc. 124 n.1). However, the EEOC named BOK Financial Corporation in the Amended Complaint. (Doc. 181). Therefore, BOK Financial Corporation is a proper party.

I.       **Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(a).  In cases where the moving party will not bear the burden of persuasion at trial, it

bears the initial responsibility of identifying an absence of evidence to support the non-moving

party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "If the movant meets this

initial burden, the burden then shifts to the nonmovant to 'set forth specific facts' from which a

rational trier of fact could find for the nonmovant." *Libertarian Party of N.M. v. Herrera*, 506

F.3d 1303, 1309 (10th Cir. 2007) (quoting FED. R. CIV. P. 56(e) (2007 version)).  When applying

this standard, the court examines the record and makes all reasonable inferences in the light most

favorable to the non-moving party.  *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th

Cir. 2013).

II.      **Statement of Facts**

On summary judgment, the Court must view the facts in a light most favorable to the

EEOC, the non-moving party.  *See Taylor*, 713 F.3d at 34.  Thus, all reasonable inferences are

drawn and factual ambiguities are resolved in its favor.  The EEOC objects to Defendants'

Material Undisputed Facts on the ground that Defendants do not refer to the record with

particularity as required by Local Rule 56.1(b).  *See* D.N.M. LR-Civ. 56.1(b).  While the Court

acknowledges the requirements of Local Rule 56.1(b), the Court does not rely on the parties'

recitation of the facts when viewing the evidence of record.  Rather, the Court relies on the

exhibits submitted by the parties.  For this reason, the EEOC's objection is overruled as moot.

Ms. Brewer was born in 1949 and started working for Defendants in 1992.  (Doc. 123-3,

Deposition of Betty Brewer at 95-96). Her employment ended when she went on long-term disability in November 2008. (*Id.*)

From 2006 until late June or early July 2007, Ms. Brewer was an Assistant Manager at Defendants' Eastdale branch in Albuquerque. (Brewer Dep. at 89). During this time period, she reported to Eastdale Branch Manager Robert Mangone. (Brewer Dep. at 43). Mr. Mangone was approximately thirty-five years old. (Brewer Dep. at 300). Ms. Brewer was the oldest employee and the only female employee at the branch. (Brewer Dep. at 299-300). Mr. Mangone did not allow employees to report to Ms. Brewer and instead instructed them to report to him. (Brewer Dep. at 86-88, 97, 215). Mr. Mangone restricted Ms. Brewer's breaks, required her to take her lunch hour at a specific time, and required her to arrive at work on time. (Brewer Dep. at 284-286). Mr. Mangone did not place similar restrictions on male employees under the age of forty. (*Id.*) Mr. Mangone shunned Ms. Brewer and associated only with young male employees. (Brewer Dep. at 211). Mr. Mangone and young male employees rated the physical appearance of women who came into the bank and ignored Ms. Brewer's requests that they cease such conduct. (Brewer Dep. at 277).

Mr. Mangone gave Ms. Brewer a "met performance standards" rating and gave Ms. Brewer a smaller bonus so he could give larger bonuses to three young male employees. (Brewer Dep. at 210-214). In late May or early June 2007, Mr. Mangone issued Ms. Brewer a written reprimand for having a shortage in her cash drawer of less than $10.00. (Brewer Dep. at 119, 292). As a result, Ms. Brewer was placed on ninety days probation. (Brewer Dep. 292). Defendants' policy provided that Ms. Brewer should have received a verbal warning instead of a written reprimand. (*Id.*)

In late June or early July 2007, Ms. Brewer transferred to Defendants' High Resort branch in Rio Rancho, New Mexico, where she was supervised by Branch Manager Nathan Lopez. (Brewer Dep. at 15, 43, 86-87; Doc. 123-4, Deposition of Nathan Lopez at 8). Ms. Brewer was the oldest employee at the branch. (Brewer Dep. at 72). Mr. Lopez, who was twenty-five years old, commented about Ms. Brewer's age on a daily basis. (Brewer Dep. at 176-77, 187). Mr. Lopez asked Ms. Brewer when she planned to retire and commented that she was older than Noah and had been working for Defendants since the flood. (Brewer Dep. at 40, 193). Mr. Lopez prevented Ms. Brewer from assisting "good looking" female customers, and he asked Ms. Brewer if he could take female customers on dates. (Brewer Dep. at 40-41, 187 190-191, 193, 196, 204-205). On March 4, 2008, Mr. Lopez issued Ms. Brewer a counseling report, which was classified as a verbal notice, for meeting eighty percent of her sales goal for February 2008. (Doc. 123-5).

On March 25, 2008, Ms. Brewer received Defendants' Perfect Circle award for her performance in 2007 and received a trip to San Diego, California. (Doc. 123-8; Doc. 167-3, Lopez Dep. at 67-68).

On May 5, 2008, Ms. Brewer was injured during a personal vacation and received short term disability. Ms. Brewer resigned her employment on November 7, 2008, when she qualified for long term disability.

## III.    Discussion

Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of sex. *See* 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for an employer to "discriminate

against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The Supreme Court has held that this language in the ADEA requires that "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBI Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009). A Title VII "sex plus" discrimination claim alleges that the plaintiff was subjected to disparate treatment based on her sex considered in conjunction with another characteristic. *See e.g. Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987) (considering sex plus race in a hostile work environment case). Courts have recognized that a plaintiff's discrimination claims may not be defeated on a motion for summary judgment based merely on the fact that certain members of a protected class are not subject to discrimination, while another subset is discriminated against. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 109-10 (2d Cir. 2010); *see also Jefferies v. Harris County Cmty. Action Ass'n,* 615 F.2d 1025, 1034 (5th Cir. 1980) (explaining the history of "plus" claims and recognizing a claim for discrimination against black females).

When a plaintiff seeks to establish a case of discrimination using circumstantial evidence, the claims are analyzed under the three-step burden-shifting framework delineated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 947 (10th Cir. 2011). Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802-04; *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 979 (10th Cir. 2008); *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010) (holding that although *Gross* created some uncertainty regarding burden-shifting under the ADEA, it does not preclude the application of the

*McDonnell Douglas* framework to ADEA claims).

In order to establish a prima facie case of disparate treatment within this framework, the EEOC must show that (1) Ms. Brewer belongs to the protected classes; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007) (citing *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1173 (10th Cir. 2005) (discussing elements of the prima facie case)). The EEOC has not established the second element of the prima facie case of discrimination because it has not shown that Ms. Brewer was subjected to an adverse employment action after June 21, 2007.

In the First Amended Complaint, the EEOC alleges that Defendants disciplined Brewer commencing in June 2007 and continuing until May 2008 because of her age and sex. (Doc. 181). The Court denied the EEOC's motion to amend the complaint to add a claim for a hostile work environment or otherwise expand the claims. (Doc. 190). Therefore, the only claims are for disparate treatment. A plaintiff must exhaust her administrative remedies before pursuing Title VII or ADEA claims in federal court. *See Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993) (Title VII); *Aronson v. Gressly*, 961 F.2d 907, 911 (10th Cir. 1992) (ADEA). It is well-settled that a discriminatory treatment claim cannot be brought with respect to discrete acts of discrimination that occur more than 300 days prior to the filing of the charge. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (explaining "only those acts that occurred 300 days before February 27, 1995, the day that Morgan filed his charge, are actionable."). "*Morgan* abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each

discrete incident of such treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (internal quotation marks omitted). The EEOC charge was filed on April 16, 2008. (Doc. 32-6). Three hundred days before April 16, 2008 was June 21, 2007. Thus, the only claims that are cognizable are for discriminatory discipline that occurred after June 21, 2007.

The only disciplinary action that Ms. Brewer received after June 21, 2007 was the counseling report issued by Mr. Lopez on March 4, 2008 for meeting eighty percent of her sales goal for February 2008. The EEOC has not established that the counseling report qualifies as an adverse action for purposes of the prima facie case. In order for an employment action to be adverse, it must include a significant change in employment status such as hiring, firing, failure to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Piercy v. Maketa*, 480 F.3d 1992, 1203 (10th Cir. 2007); *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006); *Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1217 (10th Cir. 2003).

The Tenth Circuit has held that a disciplinary action that does not have a significant effect on an employee's status is not considered an actionable adverse employment action. *See Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1270 (10th Cir. 2005). Courts have recognized that "formal criticism or poor performance evaluations are not necessarily adverse actions and they should not be considered such if they did not affect the employee's grade or salary." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003). A written counseling report qualifies as an adverse employment action only "if it affects the likelihood that the plaintiff will be terminated, undermines the plaintiff's current position, or affects the plaintiff's future employment

opportunities." *Medina v. Income Support Div.*, 413 F.3d 1131, 1137 (10th Cir. 2005) (citation omitted).

In this case, the counseling report had no effect on Ms. Brewer's employment status. She continued as an Assistant Branch Manager and her salary was unchanged. Indeed, she received an award and a trip to San Diego later the same month. While the counseling report noted that she met only eighty percent of her sales goal for February 2008, the overall purpose of the counseling report was to improve her performance. The EEOC has produced no evidence indicating that Ms. Brewer's job was in jeopardy as a result of the counseling report. Similar to the plaintiffs in *Dick*, *Medina*, and *Taylor*, Ms. Brewer was not demoted, her pay was not changed, and her job responsibilities were not significantly modified. Because it did not result in a significant change in her employment status, the counseling report does not rise to the level of an adverse employment action. Construed in the light most favorable to the EEOC, the record contains no evidence that Ms. Brewer suffered a significant change in her employment status during the relevant period of time. For this reason, the EEOC has not established the second element of a prima facie case of discrimination with respect to the claim brought on behalf of Ms. Brewer.

If a plaintiff is unable to make out a prima facie case, judgment as a matter of law is appropriate. *See Aquilino v. Univ. of Kan.*, 268 F.3d 930, 936 (10th Cir. 2001) (reversing district court's denial of a post-verdict motion for judgment as a matter of law where court held plaintiff did not suffer from an adverse employment action). Defendants are entitled to summary judgment on the claims brought by the EEOC on behalf of Ms. Brewer.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Adjudication on Claims Brought at the Behest of Brewer (Doc. 123) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**