IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

vs.                                                                                 No. CIV 11-1132 RB/LFG

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;

BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and

BOKF, NA d/b/a BANK OF ALBUQUERQUE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission (EEOC) brought this matter on behalf of Elizabeth Morantes, Yolanda Fernandez, and Betty Brewer, who worked as managers at four Bank of Albuquerque branches in Albuquerque and Rio Rancho, New Mexico. The EEOC alleges that Defendants[1] terminated the employment of Morantes and Fernandez and disciplined Brewer because of their age, gender, and age plus gender in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), (ADEA) and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f), (Title VII). The EEOC seeks injunctive relief, back pay, prejudgment interest, compensatory damages, and punitive damages on behalf of the women. (Doc. 181). Defendants

---

[1] Defendants contend that BOK Financial Corporation is an improper party. (Doc. 124 n.1). However, the EEOC named BOK Financial Corporation in the Amended Complaint. (Doc. 181). Therefore, BOK Financial Corporation is a proper party.

have moved for summary judgment on the claims brought on behalf of Fernandez. (Doc. 124).

**I.    Standard.**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In cases where the moving party will not bear the burden of persuasion at trial, it bears the initial responsibility of identifying an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the movant meets this initial burden, the burden then shifts to the nonmovant to 'set forth specific facts' from which a rational trier of fact could find for the nonmovant." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (quoting FED. R. CIV. P. 56(e) (2007 version)). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

**II.   Statement of Facts**

On summary judgment, the Court must view the facts in a light most favorable to the EEOC, the non-moving party. *See Taylor*, 713 F.3d at 34. Thus, reasonable inferences are drawn and factual ambiguities are resolved in its favor.

Yolanda Fernandez was born in 1958. (Doc. 166-3, Declaration of Yolanda Fernandez). Fernandez began her employment with Defendants on November 4, 2003 as a consumer banker and was promoted to Assistant Branch Manager on January 15, 2005 at the Rio Bravo branch in Albuquerque, New Mexico. (*Id*.; Doc. 166-2, Deposition of Yolanda Fernandez at 7, 58-59).

Fernandez received good performance evaluations and her supervisor, Branch Manager Gilbert Rodriguez, considered her a good employee. (Doc. 166-5; Doc. 166-5 Deposition of Gilbert Rodriguez at 58). Fernandez had a reputation as an honest, knowledgeable, and hardworking employee. (Doc. 166-1; Collotzi Dep. at 151-153). Fernandez had twenty-three years of banking experience when Defendants terminated her employment on March 14, 2008. (Rodriguez Dep. at 58).

Defendants expected assistant branch managers to sell retail banking products and they received sales points and monetary incentives for opening new accounts. (Doc. 124-4). Tellers were not allowed to sell retail banking products, but during their interactions with customers, tellers could develop opportunities to open new accounts and refer customers to sales personnel including assistant branch managers. (*Id.*; Deposition to Pat Piper at 82-83). If a teller referral resulted in a closed sale, the teller received sales points and monetary incentive. (*Id.*) Also, assistant branch managers were paid incentives based on the number of closed teller referrals. (Doc. 124-13). Fernandez supervised the Rio Bravo tellers, but she was not responsible for tracking the Rio Bravo teller referral activities. (Fernandez Dep. 64-65).

In October 2007, Defendants' Manager of Consumer Banking Pat Piper noticed that closed teller referrals were high in Albuquerque. (Doc. 124-8). Piper directed Operations Manager Kyle Hazelrigg to ask Regional Service Manager Geri Weeks and Regional Branch Operations Manager Shanna Collotzi what the tellers were doing to achieve the high sales volume. (Doc. 124-8; Doc. 124-9). Hazelrigg, Weeks, and Sales Manager Paul Mondragon investigated the Rio Bravo branch and determined that two tellers, Mariza Bustillos and Nataly

3

Corrales, had received improper incentive payments based on improper closed teller referrals. (Fernandez Dep. at 70). Defendants terminated Bustillos and Corrales for violating Defendants' sales assurance policy. (Docs. 124-10, 124-11).

Piper and Consumer Branch Delivery Manager Jill Hall decided to terminate Fernandez for negligently managing the sales assurance policy and profiting from her negligence. (Piper Dep. at 114). Accordingly, on March 14, 2008, Branch Delivery Manager Mark Sauters terminated Fernandez's employment. (Doc. 124-14). Notably, Branch Manager Rodriguez received ninety days probation. (Ex. 18). Fernandez was terminated even though Defendants had audited the teller referral process at the Rio Bravo branch on a regular basis and found no major problems. (Fernandez Decl.; Collotzi Dep. at 61, 157). Indeed, Rodriguez did not believe the procedures used by the tellers violated the sales policy. (Rodriguez Dep. at 93-96, 111). Defendants had a progressive discipline policy, which consisted of the following steps: verbal warning, written warning, probation, and ultimately termination. (Doc. 166-16). Defendants failed to follow their progressive discipline policy when they terminated Fernandez. (*Id*.)

Additionally, Defendants treated other male branch managers more leniently than Fernandez for alleged sales policy violations. In July 2009, Collotzi accused Branch Manager Nathan Lopez of sales manipulation. (Doc. 165-23). Lopez was not disciplined. (Doc. 165-24). Branch Manager Dustin Holmberg was placed on ninety days probation, and was not terminated, for sales manipulation and unethical sales practices resulting in a monetary gain. (Doc. 165-25). Branch Manager Chris Lasco was terminated for sales manipulation after he was reported for sales manipulation numerous times. (Doc. 165-15; Sauters Dep. 162-64). Branch Manager Nick

Hilton opened an account to meet his monthly sales goals and received a verbal warning. (Doc. 165-16). Branch Manager Victor Lopez received a written notice for transferring sales points to another employee. (Doc. 165-18). Branch Manager Michael Ball was placed on ninety days probation, but not terminated, for manipulating the system to receive sales points. (Doc. 165-19). Additionally, Defendants' Regional Human Resources Specialist Judy Luttrell observed that "[m]ost of the older females, management and non-management, were terminated for perceived performance issues." (Doc. 165-5, Affidavit of Judy Luttrell).

## III. Discussion

Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of sex. *See* 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The Supreme Court has held that this language in the ADEA requires that "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBI Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009). A Title VII "sex plus" discrimination claim alleges that the plaintiff was subjected to disparate treatment based on her sex considered in conjunction with another characteristic. *See e.g., Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987) (considering sex plus race in a hostile work environment case). Although the Tenth Circuit has not addressed an "age plus sex" claim, other courts have recognized that "a plaintiff's discrimination claims may not be defeated on a motion for summary judgment based merely on the fact that certain members of a

5

protected class are not subject to discrimination, while another subset is discriminated against." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 109-10 (2d Cir. 2010); *see also Jefferies v. Harris County Cmty. Action Ass'n,* 615 F.2d 1025, 1034 (5th Cir. 1980) (explaining the history of "plus" claims and recognizing a claim for discrimination against black females). Thus, the EEOC's claim Defendants discriminated against women over forty is cognizable.

When a plaintiff seeks to establish a case of discrimination using circumstantial evidence, the claims are analyzed under the three-step burden-shifting framework delineated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Simmons v. Sykes Enters., Inc.,* 647 F.3d 943, 947 (10th Cir. 2011). Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas,* 411 U.S. at 802-04; *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 979 (10th Cir. 2008); *Jones v. Okla. City Pub. Schls.*, 617 F.3d 1273, 1278 (10th Cir. 2010) (holding that although *Gross* created some uncertainty regarding burden-shifting under the ADEA, it does not preclude the application of the *McDonnell Douglas* framework to ADEA claims). If the plaintiff meets this burden, the burden of production then shifts to the defendant to provide a legitimate, non-discriminatory reason for the employment action. *McDonnell Douglas,* 617 F.3d at 802-03. If the defendant meets its burden of production by offering a legitimate rationale in support of its action, the burden shifts back again to the plaintiff to show that the defendant's proffered reason was a pretext for discrimination or retaliation. *Id.* at 804. Where the EEOC relies on circumstantial evidence with respect to Fernandez' discriminatory treatment claims, her claims are subject to the *McDonnell Douglas* framework.

In order to establish a prima facie case of disparate treatment within this framework, the EEOC must show that (1) Fernandez belongs to the protected classes; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007) (citing *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1173 (10th Cir. 2005) (discussing elements of the prima facie case)). Defendants do not dispute the first two elements. Fernandez is a female over forty years of age and therefore belongs to the protected classes. The second element is met as termination qualifies an adverse employment action. At issue is the third element.

With respect to the third element, Defendants argue that the EEOC must establish that Fernandez was treated less favorably than other employees outside the protected classes. However, this argument is inconsistent with Tenth Circuit case law. In cases involving adverse action attributed to alleged misconduct or substandard performance, the Tenth Circuit defines the relevant element broadly to require a showing of "circumstances giving rise to an inference of discrimination." *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004); *see Plotke*, 405 F.3d at 1101; *Hysten v. Burlington N. & Santa Fe Ry. Co.,* 296 F.3d 1177, 1181 (10th Cir. 2002); *Jones v. Denver Post Corp.,* 203 F.3d 748, 753 (10th Cir. 2000). "While this broader requirement may be (and often is) satisfied by proof that the employer treated similarly situated employees more favorably, such proof is just one sufficient means to do this and should not itself be mistaken as an indispensable element of the prima facie case." *Sorbo*, 432 F.3d at 1173. Thus, the EEOC need not present evidence that Fernandez was treated less favorably than others outside of the protective classes (i.e., males and persons younger than forty years of age) to

7

establish a prima facie case. *Id*.

The EEOC has presented evidence that Fernandez was terminated while Rodriguez received only ninety days probation. The EEOC also presented evidence that Fernandez was not responsible for the tellers' referrals. Fernandez, who was never accused of personally violating the policy, was terminated while male branch managers who were directly implicated in violating Defendants' sales policies received counseling and probation. This evidence supports the EEOC's contention that Fernandez was treated differently from younger male branch managers. The fact that Defendants blamed Fernandez for the tellers' misconduct is not a valid factor to negate the prima facie case. At the prima facie stage, "a plaintiff is only required to raise an inference of discrimination, not dispel the non-discriminatory reasons subsequently proffered by the defendant." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193 (10th Cir. 2000). The burden "is one of production, not persuasion; it can involve no credibility assessment." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000); *see also Kenworthy v. Conoco, Inc.*, 979 F.2d 1462, 1469-70 (10th Cir. 1992) (stating that "the employer's reasons for the adverse action are not appropriately brought as a challenge to the sufficiency of the plaintiff's prima facie case") (alteration and internal quotation marks omitted). It bears underscoring that a plaintiff's burden of establishing a prima facie case is not onerous. *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). Indeed, the Tenth Circuit has described the burden of articulating a prima facie case as "slight." *Orr v. City of Albuquerque*, 417 F.3d 1144,1149 (10th Cir. 2005). Taken together and construed in the light most favorable to Fernandez, the facts of record create an inference that Defendants discriminated against Fernandez based on her age, gender, and age

8

plus gender. *See Plotke*, 405 F.3d at 1100. Simply put, the EEOC has submitted evidence sufficient to establish a prima facie case of discrimination.

Once a plaintiff meets its burden of demonstrating a prima facie case of discrimination or retaliation, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment actions. *McDonnell Douglas*, 411 U.S. at 802-804; *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003). The employer's burden, however, is merely one of production. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). The employer "need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Id.* Defendants have submitted evidence that they had a non-discriminatory reason for their actions; they believed that Fernandez negligently managed the sales assurance policy and profited from her negligence. Defendants have satisfied their production burden of advancing a facially non-discriminatory reason for terminating Fernandez.

After a defendant satisfies its burden of production to articulate a legitimate, non-discriminatory reason for the adverse actions, the burden shifts back to the plaintiff to show that the employer's proffered reasons are pretextual. *McDonnell Douglas*, 411 U.S. at 804. "A plaintiff can show pretext by revealing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action such that a reasonable fact finder could rationally find them unworthy of credence." *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1217 (10th Cir. 2002). The EEOC submitted evidence that

similarly situated employees outside the protected classes received more favorable treatment than Fernandez. Branch Manager Rodriguez received probation while Fernandez was terminated. Younger male managers were treated more favorably than Fernandez. Such inconsistencies support a finding of pretext. *See Kendrick*, 220 F.3d at 1230. The EEOC has produced sufficient evidence to show pretext with respect to the claims brought on behalf of Fernandez. The facts, construed in Fernandez's favor, are sufficient to meet her burden of showing a triable issue as to whether her age was a "but for" cause of her termination for purposes of the ADEA. Under these circumstances, all of the claims brought on behalf of Fernandez survive summary judgment.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Adjudication on Claims Brought at the Behest of Fernandez (Doc. 124) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**