IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.                                                No. CIV 11-1132 RB/LFG

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;

BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and

BOKF, NA d/b/a BANK OF ALBUQUERQUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Supplementary Motion for Partial Summary Adjudication on Fernandez Claims (Doc. 276). Having carefully considered the submissions of counsel, the court record, and relevant law, the Court DENIES this motion.

**I.    Background**

The Equal Employment Opportunity Commission (EEOC) brought this enforcement action pursuant to Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), (ADEA), and Section 706(f) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f), (Title VII), to correct unlawful employment practices on the basis of sex and/or age and to provide appropriate relief to Elizabeth Morantes, Yolanda Fernandez, and Betty Brewer, who

worked as managers at Bank of Albuquerque branches in Albuquerque and Rio Rancho, New Mexico. (Doc. 181). The EEOC alleges that Defendants terminated the employment of Morantes and Fernandez and disciplined Brewer because of their age, gender, and age plus gender. (*Id.*) The EEOC seeks injunctive relief, back pay, prejudgment interest, compensatory damages, and punitive damages on behalf of the women. (*Id.*)

The deadline for dispositive motions was January 4, 2013. (Doc. 17). On January 4 and 5, 2013, Defendants filed motions for summary judgment as to the claims brought on behalf of Morantes, Fernandez, and Brewer. (Docs. 122, 123 & 124). The Court granted the motion for summary judgment with respect to Brewer, (Doc. 274), and denied the motions for summary judgment as to Morantes and Fernandez. (Docs. 273 and 275).

On September 23, 2013, Defendants filed the instant motion. Defense counsel defines the issue as: "does EEOC's purported re-opening of the Fernandez claims serve to resurrect Fernandez [EEOC issued a no cause determination and conferred with Fernandez. Fernandez failed to file suit within the 90 day window]?" (Doc. 276). The Court interprets this statement to mean that Defendants assert the EEOC must comply with administrative requirements applicable to aggrieved individuals. The EEOC responds that the motion improperly raises issues which could have been raised in Defendants' previous motions for summary judgment, the motion is grounded on the erroneous notion that the EEOC stands in the shoes of Fernandez, and the EEOC is authorized to bring this enforcement action based on the facts relating to Fernandez. (Doc. 282).

I.     Standard.

Federal Rule of Civil Procedure 56(a) states"[t]he court shall grant summary judgment if

2

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In cases such as this one, where the moving party will not bear the burden of persuasion at trial, the moving party bears the initial responsibility of identifying an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the movant meets this initial burden, the burden then shifts to the nonmovant to 'set forth specific facts' from which a rational trier of fact could find for the nonmovant." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (quoting FED. R. CIV. P. 56(e) (2007 version)). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

## II.   Statement of Facts

On summary judgment, the Court must view the facts in a light most favorable to the EEOC, the non-moving party. *See Taylor*, 713 F.3d at 34. Thus, reasonable inferences are drawn and factual ambiguities are resolved in its favor.

On April 22, 2008, Elizabeth Morantes filed a charge of discrimination against Bank of Albuquerque, alleging employment discrimination based on age and gender. (Doc. 282-1). On May 7, 2008, Yolanda Fernandez filed a charge of discrimination against Bank of Albuquerque, also alleging discrimination based on age and gender. (Doc. 75-10). On November 9, 2009, the EEOC dismissed the Fernandez charge and issued a notice of right to sue. (*Id.*) Ms. Fernandez did not file a lawsuit.

On October 6, 2010, the EEOC issued a determination in the Morantes investigation, finding reasonable cause to believe that Defendants violated Title VII and the ADEA with

respect to Morantes and a class of women and requesting that Defendants engage in conciliation. (Doc. 282-2). Prior to the EEOC's determination on the Morantes Charge, EEOC Investigator D'Ontae Sylvertooth sent a memorandum to EEOC Area Office Director Georgia Marchbanks recommending that the EEOC issue the determination on the Morantes charge. (Doc. 276-1). In his memorandum, Mr. Sylvertooth opined that the EEOC could not say Fernandez was a class member because the EEOC had dismissed her individual charge. (*Id.* at 3.)

The EEOC included Fernandez within the class of women covered by the Morantes Determination. (Doc. 282-2). The EEOC notified Defendant of its intent to include Fernandez in conciliation. (Doc. 32-10). In addition, the EEOC reopened Fernandez's individual charge and notified Defendants of this decision by letter dated November 16, 2010. (Doc. 129-8). The notification letter states that the decision was "[b]ased upon the investigation and evidence obtained from [the Morantes Charge]." (Doc. 129-8). The letter also stated that evidence obtained in the Morantes investigation and previously shared with Defendants would "serve as the predetermination information" for the Fernandez charge. *Id.* Ms. Marchbanks decided to reopen that charge, but she does not recall what specific documents or facts prompted her decision. (Doc. 276-2 at 39). The EEOC's Rule 30(b)(6) designee testified at her August 2013 deposition that after issuing the Morantes determination, the EEOC searched for similar charges and found the Fernandez charge. (Doc. 282-3 at 213).

On December 16, 2010, the EEOC issued a reasonable cause determination on the Fernandez charge and offered to conciliate. (Doc. 282-4). In January 2011, the EEOC conducted a conciliation conference for both the Morantes and Fernandez matters. (Doc. 282-5). After the parties were unable reach a conciliation agreement, the EEOC issued a notice of failed

4

conciliation on June 27, 2011. (Doc. 282-6). The EEOC filed suit in this Court on December 27, 2011. (Doc. 1).

**III.    Discussion**

**A.    The instant motion is unauthorized and untimely.**

Dispositive motions were due on January 4, 2013. Defendants filed three motions for summary judgment on January 4 and 5, 2013. At a September 12, 2013 status conference before Magistrate Judge Garcia, Defense counsel sought leave to engage in "second tier motion practice." (Doc. 270). The clerk's minutes reflect the defense counsel stated:

> When Bank of Albuquerque filed a motion for sanctions, it noted that it had to file dispositive motions by a deadline before depositions of certain EEOC individuals took place. Judge Brack dropped a footnote in a decision to the effect that the Court presumed that Bank of Albuquerque had filed a motion relating to statute of limitations issue. Bank of Albuquerque could not file this motion/request as it did not have the pertinent supporting deposition testimony. However, now, learned in the deposition that EEOC had no information to support reopening the charge for Fernandez. Only then was the Bank of Albuquerque ready to file a motion on the limitations issue as to Fernandez.

(*Id*).

After the status conference, Magistrate Judge Garcia issued an Order stating:

> Defendants ("BAQ") assert that the re-deposition of EEOC's Rule 30(b)(6) deponents, pursuant to the Court's authorization, was completed on August 13, 2013. BAQ also contends that EEOC's earlier refusal to produce a properly prepared 30(b)(6) deponent precluded BAQ's access to information relevant to its statute of limitations motion. As a result, the newly discovered evidence was not submitted in support of the earlier filed potentially dispositive motion on the statute of limitations.
> The Court now authorizes BAQ to supplement its earlier motion relating to statute of limitations. This does not authorize a new round of motion practice, but only a supplementation.

(Doc. 271).

On September 23, 2013, Defendants filed their supplementary motion. (Doc. 276). As

discussed *infra*, the information obtained from the Rule 30(b)(6) deponents is immaterial to the issue raised in Defendants' motion. For these reasons, the motion exceeds the scope of Judge Garcia's Order and it is therefore unauthorized and untimely. Nonetheless, the Court will address the substance of the motion.

**B.     The EEOC is not bound by the exhaustion requirements applicable to individuals.**

The EEOC brings this enforcement action under 29 U.S.C. § 626(b) and 42 U.S.C. § 2000e-5(f). The Supreme Court has long recognized the difference between the EEOC's enforcement role and an individual employee's private cause of action. *See Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355 (1977); *Gen. Tel. Co. of NW v. EEOC*, 446 U.S. 318 (1980); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991); *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002). In *Occidental* the Supreme Court stated "the EEOC does not function simply as a vehicle for conducting litigation on behalf of private parties" and held that EEOC enforcement actions are not subject to the same statutes of limitations that govern individuals' claims. *Occidental*, 432 U.S. 365; 368. Discussing the holding in *Occidental*, the Supreme Court observed that "[t]o hold otherwise would have undermined the agency's independent statutory responsibility to investigate and conciliate claims by subjecting the EEOC to inconsistent limitations periods." *Waffle House*, 534 U.S. at 291. With respect to exhaustion, "[i]n a Title VII representative suit, unnamed class members need not individually bring a charge with the EEOC as a prerequisite to joining the litigation. *Bean v. Crocker Nat'l Bank*, 600 F.2d 754, 759 (9th Cir. 1979). "It follows that the standing of the EEOC to sue under Title VII cannot be controlled or determined by the standing of the charging party to sue, limited as he is in rights to the vindication of his own individual rights." *EEOC. v. Gen. Elec. Co.*, 532 F.2d 359, 373 (4th Cir.

1976). This is so because "the EEOC is not merely a proxy for the victims of discrimination"; instead, "[w]hen the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *Gen. Tel.*, 446 U.S. at 326. These authorities soundly refute Defendants' premise that the EEOC is bound by the exhaustion requirements applicable to aggrieved individuals.

Exhaustion of administrative remedies is an issue when the suit is brought by an individual but not when the EEOC is the plaintiff. *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 832-33 (7th Cir. 2005). Indeed, "[a]ny violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *Gen. Tel.*, 446 U.S. at 331. "The charge incites the investigation, but if the investigation turns up additional violations the Commission can add them to its suit." *Caterpillar*, 409 F.3d at 833. "The EEOC may thus seek relief for . . . any other employees who may have been affected by Defendant's discriminatory policy even though they have not complied with the requirements necessary to bring private actions on their own." *EEOC v. Catholic Healthcare W.*, 530 F.Supp.2d 1096, 1107 (C.D. Cal. 2008). Defendants are mistaken to think that the EEOC needed to reopen Fernandez's charge to seek relief on her behalf.

**C.     The EEOC satisfied its pre-litigation requirements**

Before bringing an enforcement action, the EEOC is required to engage in specific pre-litigation activities designed to provide a full opportunity for resolution of the charges it intends to bring. *See EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1184-85 (4th Cir. 1981). For Title VII claims, the EEOC must have: (1) received a formal charge of discrimination against the employer; (2) given notice of the charge to the employer; (3) investigated the charge; (4) made

7

and given notice of its determination that there was reasonable cause to believe that a violation of Title VII occurred; and (5) made a good faith effort to conciliate the charges. 42 U.S.C. § 2000e-5(b). For ADEA claims, the Supreme Court has found that "the EEOC's role in combating age discrimination is not dependent on the filing of a charge; the agency may receive information concerning alleged violations of the ADEA 'from any source,' and it has independent authority to investigate age discrimination." *Gilmer*, 500 U.S. 20, 28 (1991)(citing 29 CFR §§ 1626.4, 1626.13). Indeed, "the right of the [EEOC] to file a civil action under the ADEA is not dependent on the filing of a charge and is not affected by the issuance of a Notice of Dismissal or Termination to an aggrieved individual." 29 CFR § 1626.19. Defendants do not dispute that EEOC satisfied these factors. Accordingly, the EEOC satisfied its pre-litigation requirements and the motion should be denied.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Supplementary Motion for Partial Summary Adjudication on Fernandez Claims (Doc. 276) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**