IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                          No. CIV 11-1132 RB/LFG

BOK FINANCIAL CORPORATION,
dba Bank of Albuquerque, *et al.,*

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Reconsider [Doc. 287] the Court's Order [Doc. 286] on Defendant BOK Financial Corporation's ("BAQ") Application for Fees, Costs, and Travel Costs ("application"). The Court considered the Motion and BAQ's Response [Doc. 290].[1] After careful review of the pertinent law, along with the Motion, Response, and exhibits, the Court grants in part and denies in part EEOC's Motion to Reconsider.

**Background**[2]

The Court's Order granted BAQ's application for fees and costs in part and denied it in part, requiring that EEOC pay the total sum of $27,758.00 in attorney's fees and costs. [Doc. 286 at 9.] The fee/cost award reflected a reduction from a request of $63,139.74. [Id. at 4.] The Court based its award on $10,000.00 in fees, plus $6,500.00 in costs for three re-depositions. [Id. at 5.] The Court

---

[1] The Court directed Defendants to file an expedited response and stated that no reply was necessary. [Doc. 288, text-only entry.]

[2] For a more detailed discussion of the background, the Court refers to its Order [Doc. 286].

also awarded fees and costs in the amount of $18,198.00 related to BAQ's Motion for Sanctions and Reply. [Id. at 5-6.] The Court then reduced the entire figure (including fees and costs) by 20% to reach a total award of $27,758.00. [Id. at 8-9.]

## I.     Motion to Reconsider

EEOC requests the Court to reconsider "two discrete elements" of its fee Order, asserting that the Court did not have certain information that would have impacted the award.  First, EEOC states that it already paid $3400.00 in costs associated with the re-depositions, and second, that the travel required to conduct the re-depositions was less than it was with the original depositions. [Doc. 287 at 1.] Thus, EEOC asks that the Court amend its Order to reflect certain credits EEOC contends it should receive.  In support of this request, EEOC attaches paid invoices from court reporters demonstrating that EEOC already paid re-deposition costs. [Doc. 287 at 3, Exhibits.]

EEOC specifically explains that the Court awarded $4000.00 in non-travel, re-deposition costs to account for transcription and videography fees, and that based on the 20% across-the-board reduction, the award of those costs was actually $3400.00. [Id. at 4.] EEOC argues it already paid these costs and should be credited that amount upon reconsideration of the Court's Order.

EEOC further notes that the Court awarded travel costs in the total sum of $2500.00 for the re-depositions.  However, the award of $2500.00 was based on estimated travel costs.  The actual travel costs amounted to $1885.86.  Thus, the EEOC seeks a reduction by a little over $600.00, in the sum of travel costs it must pay.

## II.    Response to Motion to Reconsider

BAQ notes what it characterized as perhaps a "scrivenor's error" in the Court's award of fees and costs where the Court applied the 20% discount not just to fees, but to the award of costs as well. [Doc. 290 at 2.] In other words, while the Court intended to discount the fee award to account

for differences in billing rates between regions, it mistakenly discounted the cost award as well. BAQ states it did not wish to trouble the Court with this error. However, since EEOC filed a motion to reconsider, BAQ now raises this possible mistake by the Court in applying an across-the-board discount to both the fee and cost award. [Id.]

In addition, BAQ notes that EEOC provided actual costs it paid for court reporting but failed to present costs associated with the videography, notwithstanding the Court's award of such costs. [Id. at 2-3] (*citing* Doc. 286 at 5). In detailing the actual costs for the re-depositions, BAQ arrives at the figure of $7,458.66 that exceeded both the Court's initial estimated expenses of $6500.00 and its discounted expenses of $5200.00. [Id. at 3, exhibits.]

According to BAQ's revised calculations, the total fees from the original award were $22,528.40 and the actual costs of the re-depositions were $7,458.66. Thus, the revised total award, without discounting the costs, would be $29,987.06. [Id.] BAQ does not dispute that EEOC should be credited $3,417.00 for payment to the court reporter. Accordingly, the total fee and cost award, as revised, is $26,570.06.

## Conclusion

The Court agrees that it should not have discounted the cost award by 20%. Its intent was to discount only the fee award by an appropriate percentage. The Court further agrees that EEOC should be credited the total sum it already paid to the court reporter for the re-depositions. The Court relies on BAQ's actual travel costs as documented in its response.

Therefore, the Court will grant both parties' requests for reconsideration in order to correct error and because new evidence was presented that was not previously available. *See* Fed. R. Civ. P. 59(e). The Court declines to award additional fees associated with briefing the motion for reconsideration.

3

IT IS THEREFORE ORDERED that EEOC's Motion for Reconsideration [Doc. 287] is GRANTED consistent with this decision, with the result that EEOC must pay BAQ the total sum of $26,570.06 in fees and costs, by no later than December 13, 2013.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge