IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

vs.                                                  No. CIV 11-1132 RB/LAM

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;

BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and

BOKF, NA d/b/a BANK OF ALBUQUERQUE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Transfer of Venue (Doc. 299). Jurisdiction arises under 28 U.S.C. § 1331. Having carefully considered the submissions of counsel, the court record, and relevant law, the Court DENIES this motion.

**I.**     **Background**

Plaintiff brought this enforcement action pursuant to Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), (ADEA), and Section 706(f) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f), (Title VII), to correct unlawful employment practices on the basis of sex and/or age and to provide appropriate relief to Elizabeth Morantes, Yolanda Fernandez, and Betty Brewer, who worked as managers at Bank of Albuquerque branches in Albuquerque and Rio Rancho, New Mexico. (Doc. 181). On May 6, 2013, the Court set the matter for a jury trial on February 3-10, 2014 in Las Cruces, New Mexico. At the

December 6, 2013 pretrial conference, Plaintiff requested that the Court hold the trial in Albuquerque.  Defendants opposed the request. The parties submitted simultaneous briefs on the issue as directed by the Court.

## II.     Standard

Congress enacted 28 U.S.C. § 1404(a) in 1948 "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254  (1981) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 613 (1964)). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Because New Mexico constitutes one judicial district, 28 U.S.C.§ 111, Plaintiff's motion is more properly characterized as a request for an intra-district transfer.

Regardless of the nomenclature employed, courts look to the factors developed under 28 U.S.C. § 1404(a) concerning venue transfer when determining a motion for intra-district transfer. *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F.Supp.2d 1095, 1098 (D. Colo. 2006). Those factors include: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).  The party moving to transfer a case bears the burden of establishing that the existing forum is inconvenient.  *Id.* at 1515.  There is no set time limit for filing a motion to transfer.  *Id.* at 1516.

**III.     Discussion**

The case was initially assigned to the Honorable Karen B. Molzen, an Albuquerque-based United States Magistrate Judge, as the presiding judge pursuant to 28 U.S.C. § 636(c). On May 10, 2012, the case was reassigned to the Court in Las Cruces. Because cases from throughout the District are routinely assigned to the Court in Las Cruces on a random basis, the case could have been assigned to Las Cruces at the outset.

Plaintiff points out that all of the witnesses from New Mexico reside in or around Albuquerque. (Doc. 299). None of the witnesses in the case reside near Las Cruces. (*Id.*) The distance from Albuquerque to Las Cruces is approximately 220 miles. (*Id.*) If the trial is held in Las Cruces, the Albuquerque-based witnesses would need to drive to Las Cruces and take time off work. (*Id.*) The out-of-state witnesses reside in Oklahoma. (*Id.*) The out-of- state attorneys are based in Arizona, Colorado, and Oklahoma. No airlines fly into Las Cruces. (*Id.*) Persons traveling by air to Las Cruces must fly into El Paso, located about forty-five miles from Las Cruces. (*Id.*) The in-state attorneys are based in Albuquerque. (*Id.*) According to Plaintiff, it will need to rent office space if the trial is held in Las Cruces. (*Id.*) Plaintiff estimates that it will incur substantial additional costs if the trial is held in Las Cruces rather than Albuquerque. (Doc. 299-5). However, if the trial is held in Albuquerque, the Court would incur additional costs.

Plaintiff has been on notice that the trial would be held in Las Cruces since July 2, 2012. (Doc. 22). Indeed, Plaintiff employed a videographer to record deposition testimony of witnesses for use at trial. (Doc. 254). Additionally, Plaintiff may subpoena witnesses who reside, are employed, or who regularly transact business in person within the State of New

Mexico. *See* FED. R. CIV. P. 45(c)(1)(B)(ii). On the other hand, as Defendants correctly note in their response brief, the heavy criminal docket in Las Cruces generally precludes the Court from holding civil trials in Albuquerque. It bears underscoring that the Court is one of the busiest in the nation and must attend to criminal matters on a daily basis. Criminal defendants facing time-served sentences must be processed and urgent criminal matters must be addressed on short notice. For these reasons, it is impractical for the Court to move the trial to Albuquerque. Simply put, the toll on judicial resources imposed by moving the trial to Albuquerque outweighs any minor inconvenience to Plaintiff. Under these circumstances, Plaintiff's request to move the trial to Albuquerque will be denied.

**THEREFORE**,

      **IT IS ORDERED** that Plaintiff's Motion for Transfer of Venue (Doc. 299) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**