IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

vs.                                              No. CIV 11-1132 RB/LAM

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;

BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and

BOKF, NA d/b/a BANK OF ALBUQUERQUE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Bench Trial on Conciliation (Doc. 302) and Plaintiff's Motion for Expedited Denial of Defendants' Unauthorized Motion for Partial Summary Judgment, or in the Alternative, Emergency Motion for Leave to Respond (Doc. 303). Jurisdiction arises under 28 U.S.C. § 1331. Having carefully considered the submissions of counsel, the court record, and relevant law, the Court DENIES Defendants' motion and GRANTS Plaintiff's motion.

**I.**      **Background**

Plaintiff brought this enforcement action pursuant to Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), (ADEA), and Section 706(f) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f), (Title VII), to correct unlawful employment

practices on the basis of sex and/or age and to provide appropriate relief to Elizabeth Morantes, Yolanda Fernandez, and Betty Brewer, who worked as managers at Bank of Albuquerque branches in Albuquerque and Rio Rancho, New Mexico. (Doc. 181). This matter is set for a jury trial on February 3-10, 2014.  At the December 6, 2013 pretrial conference, the Court inquired about statements in the Pretrial Order concerning a bench trial on conciliation and other matters. Defendants contend that they are entitled to a bench trial on the issue of conciliation prior to the jury trial. Plaintiff opposed the request. The parties submitted simultaneous briefs on the issue as directed by the Court.  In their brief, Defendants included a Motion for Summary Judgment for Failure to Conciliate. Plaintiff objects to the motion for summary judgment as untimely and asks the court to deny it or allow Plaintiff the opportunity to respond.

**II.     Discussion**

Dispositive motions were due on January 4, 2013. Defendants filed three motions for summary judgment on January 4 and 5, 2013, and a supplementary motion for partial summary adjudication on September 23, 2013.  Thus, Defendants' most recent motion for summary judgment is untimely and unauthorized. Moreover, in denying Defendants' supplementary motion for partial summary adjudication, the Court determined that Plaintiff had satisfied its pre-litigation requirements before it filed suit. (Doc. 293).  For these reasons, Defendants' motion for summary judgment for failure to conciliate in good faith will be denied.

Defendants cite no authority for the notion that they are entitled to a bench trial on conciliation. Plaintiff has been unable to find any case in which a defendant sought a bench trial on any of Plaintiff's administrative preconditions, rather than raising the issue by motion to dismiss or for summary judgment.  The Court's research has not located a case on point.  In any

event, the record indicates that Plaintiff engaged in good faith conciliation.  *See EEOC v. Prudential Fed. Sav. & Loan Assoc.,* 763 F.2d 1166, 1169 (10th Cir. 1985) (holding that the EEOC need only make a "sufficient albeit limited effort to conciliate"); *EEOC v. JBS USA, LLC,* 794 F.Supp.2d 1188, 1198 (D. Colo. 2011) ("In the Tenth Circuit, if there has been any attempt at conciliation, the action cannot be dismissed for failure to attempt conciliation").  Moreover, the Tenth Circuit has held that the remedy for a failure to conciliate is not dismissal of the case, but rather a stay of the case until conciliation efforts are completed.  *Prudential*, 763 F.2d at 1169 (stating that "if the district court finds that further conciliation efforts are required the proper course is to stay proceedings until such informal conciliation can be concluded.").  The parties will have an opportunity to engage in good faith conciliation at the settlement conference before United States Magistrate Judge William P. Lynch on January 9, 2013.  For these reasons, Defendants' motion for a bench trial will be denied.

**THEREFORE**,

   **IT IS ORDERED** that Defendants' Motion for Summary Judgment for Failure to Conciliate in Good Faith (Doc. 302) is **DENIED**.

   **IT IS FURTHER ORDERED** that Defendants' Motion for Bench Trial on Conciliation (Doc. 302) is **DENIED**.

   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Denial of Defendants' Unauthorized Motion for Partial Summary Judgment (Doc. 303) is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**