IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

vs.                               No. CIV 11-1132 RB/LAM

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;
BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and
BOKF, NA d/b/a BANK OF ALBUQUERQUE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's ("EEOC's") Motion in Limine as to EEOC Investigation and EEOC Witnesses. (Doc. 310). Jurisdiction arises under 28 U.S.C. § 1331. Having carefully considered the submissions of counsel, the court record, and relevant law, the Court GRANTS this motion.

**I.     Background**

The EEOC brought this enforcement action pursuant to Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), (ADEA), and Section 706(f) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f), (Title VII), to correct unlawful employment practices on the basis of sex and/or age and to provide appropriate relief to Elizabeth Morantes and Yolanda Fernandez, who worked as managers at Bank of Albuquerque branches in Albuquerque and Rio Rancho, New Mexico. (Doc. 181). The EEOC alleges that Defendants terminated the employment of Morantes and Fernandez because of their age, gender, and age

plus gender. (*Id*.) The EEOC seeks injunctive relief, back pay, prejudgment interest, compensatory damages, and punitive damages on behalf of the women. (*Id*.) This matter is set for a jury trial on February 3-10, 2014.

Defendants intend to call as witnesses former EEOC Investigator D'Ontae Sylvertooth, current EEOC Investigator James Snyder, and another unnamed EEOC employee to challenge the sufficiency of the agency's investigation and efforts at conciliation. (Doc. 223). The EEOC moves to exclude these witnesses and any evidence on the timeliness or sufficiency of the investigation and conciliation as irrelevant. (Doc. 310). Defendants oppose the motion. (Doc. 330).

## II.     Standard

Federal Rule of Evidence Rule 401 provides that evidence is relevant, if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. Evidence that is not relevant is not admissible. FED. R. EVID. 402. The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

## III.    Discussion

The Court has determined that the EEOC satisfied its pre-litigation requirements of investigation and conciliation. (Doc. 292). Notwithstanding the Court's holding, Defendants persist in their attempt to litigate the adequacy of the EEOC's investigation and efforts at conciliation. The adequacy of the EEOC investigation is non-justiciable as a matter of law. *See, EEOC v. KECO Indus., Inc*., 748 F.2d 1097, 1100 (6th Cir. 1984); *EEOC v. Mach Mining, LLC,*

738 F.3d 171, 171 (7th Cir. 2013); *EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 832–33 (7th Cir. 2005) (holding "[n]o case actually holds that the scope of the EEOC's investigation is a justiciable issue in a suit by the EEOC"). A similar rule applies to the adequacy of conciliation; district courts are not to "examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide" when considering whether the EEOC has met its conciliation obligations. *E.E.O.C. v. The Zia Co.,* 582 F.2d 527, 533 (10th Cir. 1978). Moreover, the equitable defense of laches is not justified in this case. *See EEOC v. Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984) (holding that delay of three years from date EEOC investigation effectively began and date of reasonable cause determination did not justify laches defense). In addition, Defendant offers no specific reason why the EEOC employees' testimony could be relevant, and the Court perceives none.

Any possible probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time, or needlessly presenting cumulative evidence. For these reasons, the testimony of the former EEOC Investigator D'Ontae Sylvertooth, current EEOC Investigator James Snyder, and another unnamed EEOC employee to challenge the sufficiency of the agency's investigation and efforts at conciliation will be excluded under Federal Rule of Evidence 403.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion in Limine as to EEOC Investigation and EEOC Investigative Witnesses (Doc. 310) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**