IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

vs.                                              No. CIV 11-1132 RB/LAM

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;
BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and
BOKF, NA d/b/a BANK OF ALBUQUERQUE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Opposed Combined Motions in Limine. (Doc. 311). Jurisdiction arises under 28 U.S.C. § 1331. Having carefully considered the submissions of counsel, the court record, and relevant law, the Court DENIES these motions.

**I.    Background**

The EEOC brought this enforcement action pursuant to Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), (ADEA), and Section 706(f) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f), (Title VII), to correct unlawful employment practices on the basis of sex and/or age and to provide appropriate relief to Elizabeth Morantes and Yolanda Fernandez, former managers at Bank of Albuquerque branches in Albuquerque and Rio Rancho, New Mexico. (Doc. 181). The EEOC alleges that Defendants terminated the employment of Ms. Morantes and Ms. Fernandez on the basis of age, gender, and age plus gender. (*Id*.) The EEOC seeks injunctive relief, back pay, prejudgment interest, compensatory

damages, and punitive damages on behalf of the women. (*Id*.). This matter is set for a jury trial on May 12, 2014.

Defendants move to exclude (1) evidence of compensatory damages, punitive damages, back pay, front pay, injunctive relief, and interest, (2) references to Betty Brewer[1] and any other former employees who alleged age or gender discrimination, (3) references to an integrated enterprise, (4) evidence of Ms. Morantes' unemployment proceedings, (5) evidence of EECO communications and affidavits, and (6) evidence relating to the veracity of witnesses. Plaintiff opposes the motion.

## II.     Standard

A motion in limine should be granted only where the evidence is clearly inadmissible for any purpose. *Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *First Sav. Bank, F.S.B. v. U.S. Bancorp,* 117 F.Supp.2d, 1078, 1082 (D. Kan. 2000). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Id.* The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. *Id.*

## III.    Discussion

### 1. Compensatory damages, punitive damages, front pay, back pay, and interest

Defendants move to exclude evidence of compensatory damages, punitive damages, front pay, back pay, and interest for lack of evidentiary support. It is well-established that a motion in limine should not be used to argue that an item of damages may not be recovered as that is the

---

[1] Ms. Brewer's claims were dismissed on summary judgment.

function of a motion for summary judgment, with its accompanying procedural safeguards. *See Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (D.Mich. 1997) (holding that a motion in limine cannot be used as substitute for motion for summary judgment); *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1069-70 (3d Cir. 1990) (explaining that motions in limine are not subject to the same procedural safeguards as motions for summary judgment). "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'' *Id.* at 1069. Accordingly, Defendants may not use a motion in limine to preclude evidence of compensatory damages, punitive damages, front pay, back pay, and interest.

### 2. Other instances of alleged discrimination

Defendants move to exclude evidence relating to Ms. Brewer and any instances of discrimination with respect to other employees. Plaintiff responds that such evidence is relevant to the claims and defenses. The Tenth Circuit has made clear that "[a]s a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990)). Notably, a plaintiff may use evidence of an alleged discriminatory policy to show improper motive and retaliatory intent. *See Jones v. UPS, Inc.*, 502 F.3d 1176, 1188 (10th Cir. 2007). Additionally, such evidence also may be relevant to proving a pattern of conduct, which in turn may bear on the issue of pretext. *See Greene v. Safeway Stores, Inc*., 98 F.3d 554, 561 (10th Cir. 1996) (citing *Bingman v. Natkin & Co*., 937 F.2d 553, 556-57 (10th Cir. 1991)). The question of whether such evidence is relevant is "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the

case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 338 (2008). Ms. Brewer was a long-term employee of the Bank of Albuquerque who complained of age and sex discrimination during the same time-period as Ms. Morantes and Ms. Fernandez. All three women worked at different Bank of Albuquerque branches in the Albuquerque metropolitan area and were subject to the same regional supervisors. Because the circumstances of Ms. Brewer's employment closely resemble the claims and the theory of the case, evidence relating to Ms. Brewer may be relevant at trial. Thus, this evidence is not subject to exclusion in limine. Defendants may make appropriate contemporaneous objections.

### 3. Integrated enterprise

Defendants seek to preclude Plaintiff from presenting evidence of an integrated enterprise on the ground that Plaintiff failed to plead an integrated enterprise. Plaintiff responds that Defendants' motion is vague, overbroad, and premature. Integrated enterprise is a legal concept that determines what entities should be held liable for employment discrimination. *See e.g., Ortiz v. Wingard,* 173 F. Supp. 2d 1155 (D.N.M. 2001). With regard to integrated enterprise, the Tenth Circuit has adopted the single-employer test to determine "whether two nominally separate entities should in fact be treated as an integrated enterprise." *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc). "Courts applying the single-employer test generally weigh four factors: (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control." *Id.* at 1220 (internal quotation marks omitted): *see also Lockard v. Pizza Hut, Inc.,* 162 F.3d 1062, 1069-70 (10th Cir. 1998) (applying single-employer test in Title VII case); *Ortiz*, 173 F. Supp. 2d at 1162-64 (same). Because it is a legal theory, integrated enterprise need not be included in the pleadings. *See id*. In any event, Plaintiff included integrated enterprise in the Pretrial Order.

(Doc. 223). Simply put, Defendants present no cogent reason to exclude evidence of integrated enterprise.

### 4. Unemployment proceedings

Defendants move to exclude any reference to Ms. Morantes' unemployment hearing because it was subject to a different standard of proof and evidentiary rules than this matter. Plaintiff responds that it will not offer the administrative decision as evidence, but it may offer Defendants' statements as reflected in the administrative record. The Tenth Circuit has recognized that records of unemployment proceedings may be relevant to the question of pretext. *See Sw. Forest Indus., Inc. v. Sutton,* 868 F.2d 352, 357 (10th Cir. 1989). In addition, a manager's statements are attributable to his or her employer as a party-opponent admission in an employment dispute if the employee was "involved in the decision-making process affecting the employment action" at issue. *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (per curiam). Materials from the administrative record of the unemployment hearing may be admissible for a variety of purposes, including impeachment. For these reasons, the Court declines to exclude such evidence in limine. Defendants may raise appropriate contemporaneous objections at trial.

### 5. Investigator communications and affidavits

Defendants move to exclude evidence of EEOC investigator communications with Defendants' management personnel and affidavits prepared during the EEOC investigation. Plaintiff intends to call the management personnel to testify and will not present affidavits as direct evidence in their case-in-chief. The affidavits may be admissible for other purposes, such as impeachment, subject to appropriate contemporaneous objections.

### 6. Veracity of witnesses

Finally, Defendants move to exclude evidence on the veracity of witnesses. Plaintiff responds that evidence of the claimants' reputations for truthfulness is admissible to refute Defendants' claim that the women were terminated for cheating Defendants' sales program. '[E]vidence of truthful character is admissible . . . only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." FED. R. EVID. 608(a)(2). Accordingly, evidence concerning the truthfulness of witnesses may be admissible at trial, subject to appropriate contemporaneous objections..

**THEREFORE**,

**IT IS ORDERED** that Defendants' Opposed Combined Motions in Limine Motion in Limine, (Doc. 311), are **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**