IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

vs.                                                                                                   No. CIV 11-1132 RB/LAM

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;
BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and
BOKF, NA d/b/a BANK OF ALBUQUERQUE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Strike Witnesses Designated on January 4, 2014 and Damages Asserted by the EEOC in its Fifth Supplemental Disclosures. (Doc. 319). Jurisdiction arises under 28 U.S.C. § 1331. Having carefully considered the submissions of counsel, the court record, and relevant law, the Court DENIES this motion.

**I.    Background**

The EEOC brought this enforcement action pursuant to Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), (ADEA), and Section 706(f) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(f), (Title VII), to correct unlawful employment practices on the basis of sex and/or age and to provide appropriate relief to Elizabeth Morantes,

Yolanda Fernandez, and Betty Brewer, who worked as managers at Bank of Albuquerque branches in Albuquerque and Rio Rancho, New Mexico. (Doc. 181). The EEOC alleges that Defendants terminated the employment of Morantes and Fernandez and disciplined Brewer because of their age, gender, and age plus gender. (*Id.*) The EEOC seeks injunctive relief, back pay, prejudgment interest, compensatory damages, and punitive damages on behalf of the women. (*Id.*) Defendants filed motions for summary judgment as to the claims brought on behalf of Morantes, Fernandez, and Brewer. (Docs. 122, 123 & 124). The Court granted the motion for summary judgment with respect to Brewer, (Doc. 274), and denied the motions for summary judgment as to Morantes and Fernandez. (Docs. 273 and 275).

Before the Court is Defendants' Motion to Strike Witnesses Designated on January 4, 2014 and Damages Asserted by the EEOC in its Fifth Supplemental Disclosure. In this motion, Defendants ask for a variety of remedies – including dismissal of the case and sanctions – to cure what they believe to be Plaintiff's continuing misconduct and an established violation of court orders.[1] Specifically, in this motion, Defendants object to Plaintiff's Fifth Supplemental Disclosure, which presents additional witnesses and an updated damages calculation. According to Defendants, such a disclosure was inconsistent with the EEOC's disclosure obligations and Fed. R. Civ. P. 26.

## II.     Legal Standard

Since Defendants' motion is at its core a motion for sanctions, a review of Rule 37(c)(1) and the rules referenced therein is necessary. Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

---

[1] Specifically, Defendants argue it violates the following orders: Order on Paper Discovery (Doc. 147); Order on Certification of Fernandez Damages (Doc. 197); Orders on EEOC Re-Depositions (Docs. 226, 259).

>evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). Rule 26(a) requires the parties to disclose, without prompting, certain information and documents to the opposing party at the outset of litigation. *See* FED. R. CIV. P. 26(a). Rule 26(e)(1) mandates supplementation if an initial 26(a) disclosure proves to be incomplete or incorrect. *See* FED. R. CIV. P. 26(e)(1).

Courts have significant discretion in making "[t]he determination of whether a Rule 26(a) violation is justified or harmless." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted). Further, the Court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citation omitted). Nevertheless, the following factors guide the Court in exercising its discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations omitted). These factors suggest that Rule 37(c) is chiefly targeted at protecting a party from being ambushed at trial with previously undisclosed evidence.

### III. Disclosure of Witnesses

On January 4, 2014, Plaintiff informed Defendant that it may call Robert Taft and Susan McEntee as additional witnesses. Defendants argue this disclosure violates Rule 26 and that sanctions are appropriate under Rule 37(c)(1).

#### a. Robert Taft

Robert Taft is a paralegal at the EEOC. According to Plaintiff's disclosure, Mr. Taft "may testify regarding the EEOC's damage calculations, including the use of the proprietary software 'PayCalc' to arrive at the [] calculations of back pay and interest, and will testify

3

regarding any revisions to the calculations necessary based on trial testimony." (Doc. 319-1 at 6). Plaintiff concedes that Mr. Taft was not disclosed as a potential trial witness until after the close of discovery. (Doc. 342 at 5). Under Rule 37, Mr. Taft's testimony should be excluded unless the Court deems the late disclosure of his testimony to be substantially justified or harmless.

Defendants argue that they will be severely prejudiced if the Court allows Mr. Taft to appear as a witness. The Court disagrees. Even though Plaintiff violated the letter of Rule 26, Defendants cannot seriously contend that the subject of the testimony – and the position of the person the Plaintiff seeks to offer the testimony through – would be harmful to their defense.

As the Defendants make clear in their briefing, the issue of how the Plaintiff would calculate damages was an issue throughout the discovery process. As early as February of 2012, Plaintiff disclosed it was using PayCalc to calculate backpay and interest. (*See* Doc. 342-1 at 15). Moreover, not only were Defendants aware of the use of the PayCalc software, but also they knew that an EEOC paralegal helped prepare the damages calculations using the PayCalc software. (*See* Doc. 342-2 at 160:13-161:3, 163:1-10).

In fact, in August of 2013, Defendants deposed EEOC paralegal, Karen Morrison, who was designated by the Plaintiff as a 30(b)(6) representative to testify on the "Calculations of damages, mitigation of damages, and review of documents supporting calculation of damages and mitigation of damages in this matter." (Doc. 342-3 at 61:6-12). Now, because Ms. Morrison is unavailable for trial, Plaintiff seeks to offer testimony from another EEOC paralegal on the same subject. It strains the Court to see how this change in witness would come as an unfair surprise to the Defendants or prejudice their defense in any way. Therefore, Defendants' motion to strike the testimony of Robert Taft is denied.

    b.  Susan McEntee

Defendants also move to strike the testimony of Susan McEntee. However, it is unclear on what basis Defendants think her testimony should be stricken.

Unlike Mr. Taft, Plaintiff complied with the requirements of Fed. R. Civ. P. 26(a)(1)(A)(i) in disclosing Ms. McEntee as a person who may have discoverable information. Indeed, Defendants do not seem to contest that the requirements of Rule 26(a) were satisfied as to Ms. McEntee.

Rather, Defendants apparently challenge Ms. McEntee's inclusion in the witness list because she was not listed as a witness in the Pretrial Order. This is true – Plaintiff unintentionally omitted Ms. McEntee from the Pretrial Order. However, the witness list in the Pretrial Order was preliminary. Under the terms of the Pretrial Order, each party was required to file its witness list no later than twenty-one days before trial. (Doc. 223 at 41). Pursuant to this order, Plaintiff filed their witness list on January 13, 2014, which was more than 21 days from the original February 3, 2014 trial date.[2] Since the disclosure of Ms. McEntee complied with the Pretrial Order and Rule 26, there is no basis for this Court to strike her testimony.

    *c. Motion for Sanctions*

Last, Defendants claim that the inclusion of updated damages calculations in the Fifth Supplemental Disclosure violates this Court's orders and merits the Court issuing sanctions against the Plaintiff. Again, the Court can find no support for this argument.

In fact, Plaintiff's disclosure is consistent with the requirements of Fed. R. Civ. P. 26(e)(1). Under Rule 26(e)(1), a party is to supplement its mandatory disclosures "if that party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See* FED. R. CIV. P. 26(e)(1).

---

[2] Defendants filed their witness list on January 13, 2014 – the same day as the Plaintiff.

Here, by disclosing updated damages calculations, the Plaintiff was abiding by the clear language of Rule 26. *See* FED. R. CIV. P. 26(a)(1)(A)(iii) (requiring parties to disclose information relating to the calculation of damages). Contrary to Defendants arguments, this is not a concession that Plaintiff's previous positions on damages were a sham. It is only an admission that better information was available.

Further, Defendants also take issue with the timeliness of this disclosure. The Court assumes the delayed trial date quells this objection. However, even if the trial had gone as scheduled, Defendants' claim that they were prejudiced by the Plaintiff's new, lower, damage calculations is spurious. As discussed above, the topic of damages has been a constant topic of controversy throughout the discovery process. Defendants cannot seriously claim to be unfairly surprised or prejudiced by the Plaintiff's updated damages calculation when they have been constantly criticizing the previous calculations. And, considering the Plaintiff lowered its damages calculations, it is especially preposterous to contend that the Plaintiff acted in bad faith.

At trial, the Defendant will also have the opportunity to cross examine the Plaintiff's witnesses and to present its evidence to the jury. Ultimately, the jury will decide what, if any, damages are appropriate.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Strike Witnesses Designated on January 4, 2014 and Damages Asserted by the EEOC in its Fifth Supplemental Disclosures (Doc. 319) is **DENIED**.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE