IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

vs.                                                                    No. CIV 11-1132 RB/LAM

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE;
BANK OF ALBUQUERQUE, NATIONAL
ASSOCIATION d/b/a BANK OF
ALBUQUERQUE; and
BOKF, NA d/b/a BANK OF ALBUQUERQUE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Jury Questionnaire. (Doc. 389). Defendants oppose the motion. Having carefully considered the court record and relevant law, the Court DENIES this motion.

**I.    Introduction**

A jury trial is set for May 12, 2014. Plaintiff requests that prospective jurors be required to complete a supplemental questionnaire before trial. According to Plaintiff, a supplemental questionnaire is needed to allow Plaintiff to develop sufficient background information about each juror and to probe potential sex and/or age bias in the jury pool. Plaintiff has submitted a proposed questionnaire containing twenty-three questions including questions regarding the prospective jurors' links to the parties; experience with the field of human resources; personal finances; adverse employment actions; as well as attitudes about discrimination, sex discrimination, older workers, and damages for emotional injuries. Defendants respond that Plaintiff has failed to demonstrate a need for a supplemental questionnaire.

**II.     Discussion**

"Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991). "Because the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the voir dire." *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). The Tenth Circuit has emphasized "[t]he scope of voir dire examination is a matter within the sound discretion of the trial judge and will not be disturbed on appeal absent a clear showing of abuse of discretion." *United States v. Espinosa*, 771 F.2d 1382, 1405 (10th Cir. 1995).

The Court recognizes that a supplemental questionnaire may be appropriate in certain cases. *See e.g., United States v. Lujan,* CR 05-0924 RB (Federal Death Penalty Act prosecution). It is true that a supplemental questionnaire may save time when the prospective juror's written responses are made under penalty of perjury and can substitute for the oral voir dire. It is also true that written responses may be more revealing that oral responses. However, these benefits have costs. Court staff would be responsible for copying, mailing, sorting, and scanning the supplemental questionnaires. More significantly, the Court and counsel would be deprived of the opportunity to observe the demeanor of the prospective jurors as they answer the questions. The Supreme Court has observed that the "trial judge's function [during voir dire] is not unlike that of the jurors later on in the trial. Both must reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions." *Rosales-Lopez*, 451 U.S. at 188. For these reasons, the Court does not routinely permit supplemental juror questionnaires.

Rather, supplemental juror questionnaires are generally reserved for cases directly implicating sensitive, personal, or controversial issues. *See Lujan,* CR 05-0924 RB (gangs, drug use, child abuse); *Lowery v. City of Albuquerque,* 2012 WL 1372273 (D. N.M. Apr. 11, 2012) (governmental authority, drug use, health risks); *United States v. Sandoval*, 2006 WL 1304955 (D. N.M. Feb. 1, 2006) (incest, sexual abuse of child). However, the issues in this case are relatively straightforward, lacking any personal or otherwise sensitive matter. *See Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1179 (D. Kan. 1997) (holding that a supplemental juror questionnaire was unnecessary in an employment discrimination case). Indeed, Plaintiff has provided no specific information that would suggest a supplemental juror questionnaire would be appropriate in this case.

The jurors summoned in this matter will complete the standard juror qualification questionnaire and counsel will have access to the completed questionnaires. The Court intends to conduct initial voir dire and allow each side up to one hour to question the panel. If general questioning reveals panel members who may have something more to say that could embarrass the panel member, compromise a privacy interest, or prejudice the jury panel, such a panel member will be questioned at the bench outside the hearing of other panel members and the public. Simply put, the standard juror qualification questionnaire and oral voir dire will be sufficient to assist counsel in exercising peremptory challenges and enable the Court to select an impartial jury.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Opposed Motion for Jury Questionnaire (Doc. 389) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**