## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW MEXICO

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

       **Plaintiff,**

**v.**                        **No. CIV 11-1132 RB/LAM**

**BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE,
et al.,**

       **Defendants.**

## ORDER ON CONTESTED EXHIBITS
## AND DEPOSITION DESIGNATIONS

**THIS MATTER** is before the Court on the presiding judge's ***Order of Reference (Doc. 402)***, entered March 21, 2014, designating the undersigned to hear and determine the parties' contested exhibits and designations of deposition testimony pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). [*Doc. 402*].[1] On March 26, 2014, the undersigned held a telephonic status conference at which counsel for all parties appeared. *See* [*Doc. 413*] (Clerk's Minutes from March 26, 2014 telephonic status conference). At that status conference, the undersigned provided the parties with her proposed rulings on many of the parties' 500 contested exhibits contained in *Documents 409* and *410*, pursuant to Judge Brack's rulings in this case. The undersigned ordered the parties to file their contested deposition designations

---

[1] 28 U.S.C. § 636(b)(1)(A) states: "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

by noon on March 28, 2014, and to e-mail the Court a chart of all exhibits that were still contested after the Court's preliminary rulings at the March 26 status conference.  [*Doc. 412*].

On April 2, 2014, the undersigned held an in-person hearing to make final rulings on the 300 exhibits that were still contested and on the parties' contested deposition designations in Documents 414, 415 and 419.  *See* [*Doc. 425*] (Clerk's Minutes from April 2, 2014 in-person hearing).  As explained to the parties at the April 2, 2014 hearing, objections to any exhibits that were not included in the parties' chart submitted on March 28, 2014 are **OVERRULED**.  In addition, objections to any duplicate exhibits are **SUSTAINED**.  The parties shall file **no later than April 9, 2014** an updated consolidated exhibit list replacing Document 399 that reflects all of the rulings in this order.

**IT IS HEREBY ORDERED** as follows:

**I.  EEOC Exhibits (*Doc. 410*)**

    **A.  *COMPARATORS NAMED BY JUDGE BRACK IN DOCUMENTS 273 AND 275:***

        **1.  EEOC 1, 2, 5, 9, 15, 17, 18, 47, 60, 62, 68, 71-83, 86, 93, 95-100, 103, 107-116, 133, 134, 136-139: OBJECTIONS OVERRULED (Comparators allowed by Judge Brack, see Docs. 273 and 275).  <ins>EEOC shall redact any private customer information from these documents.</ins>**

        **2.  EEOC 10: OBJECTION SUSTAINED (duplicate of EEOC 1)**

        **3.  EEOC 64-66: OBJECTION SUSTAINED (not comparable to plaintiffs' actions)**

        **4.  EEOC 67, 69, 70: OBJECTION SUSTAINED (no foundation regarding handwriting on documents)**

        **5.  EEOC 102: OBJECTION SUSTAINED (duplicate of EEOC 101)**

    **B.  *COMPARATORS NOT NAMED BY JUDGE BRACK:***

        **1.  EEOC 3, 4, 11-14, 84, 85, 87-92, 106, 117, 123, 129, 131, 135: OBJECTIONS OVERRULED (comparators fall within parameters set by Judge Brack at this time: branch managers or teller supervisors; male of any age or female under 40; accused**

of sales manipulation, causing a loss to the bank, or issues with opening new accounts). **EEOC shall redact any private customer information from these documents.**

    **2. EEOC 6, 7, 120-122, 125, 126-128, 130: OBJECTION SUSTAINED (different from issues of plaintiffs and other comparators)**

    **3. EEOC 61, 63, 104, 105: OBJECTION SUSTAINED (irrelevant)**

    **4. EEOC 118, 119: OBJECTION SUSTAINED (EEOC 118 is incomplete and unsigned, use EEOC 117; EEOC 119 is cumulative of EEOC 117)**

    **5. EEOC 124, 132: OBJECTION SUSTAINED (duplicate of EEOC 123)**

**C.** *AFTER-ACQUIRED EVIDENCE EXHIBITS*

    **1. EEOC 8: OBJECTION OVERRULED (not found to be after-acquired evidence of misconduct which is not allowed as a defense by Judge Brack in Document 375)**

**D.** *INTEGRATED ENTERPRISE EXHIBITS*

    **1. EEOC 20, 159: OBJECTIONS OVERRULED (Judge Brack ruled that information related to integrated enterprise is allowed in, Doc. 384)**

**E.** *MORANTES' EXHIBITS*

    **1. EEOC 21: OBJECTION SUSTAINED (not hearsay, can only be used for impeachment or to refresh recollection)**

    **2. EEOC 22: OBJECTIONS SUSTAINED (unemployment decision evidence may only be allowed for impeachment or rebuttal, Doc. 384)**

    **3. EEOC 23: OBJECTIONS OVERRULED (not prejudicial).**

    **4. EEOC 45: OBJECTION SUSTAINED due to identification of exhibit. If EEOC renames exhibit, objection OVERRULED.**

    **5. EEOC 40: OBJECTION SUSTAINED (hearsay)**

**F.** *FERNANDEZ AUDIT REPORT EXHIBITS*

    **1. EEOC 40.1, 48, 49, 51-54: OBJECTIONS OVERRULED. EEOC shall redact private customer information or trade secrets.**

**G.** *UNEMPLOYMENT DECISION EXHIBITS*

    **1.   EEOC 44: OBJECTIONS OVERRULED if EEOC redacts portions of unemployment decision (Judge Brack decision, Doc. 384), and subject to contemporaneous objections at trial**

    **2.   EEOC 55: OBJECTIONS OVERRULED if EEOC redacts portions of unemployment decision (Judge Brack decision, Doc. 384)**

    **3.   EEOC 56, 57: OBJECTIONS OVERRULED (relevant, with redactions of unemployment decision)**

    **4.   EEOC 58, 59: OBJECTIONS SUSTAINED (irrelevant)**

**H.** *FOUNDATION OBJECTIONS*

    **1.   EEOC 155, 176-178: OBJECTIONS RESERVED FOR RULING AT TRIAL.**

**I.** *FAILURE TO MITIGATE EXHIBITS*

    **1.   EEOC 180-182, 188-192: OBJECTIONS OVERRULED (allowed by Judge Brack Doc. 384)**

**J.** *BREWER REFERENCES*

    **1.   EEOC 196-202: OBJECTIONS OVERRULED (Judge Brack allowed information re Ms. Brewer as a comparator, Doc. 384)**

**K.** *EEOC INVESTIGATION EXHIBITS*

    **1.   EEOC 203-221: OBJECTIONS SUSTAINED unless documents are needed for evidence relating to EEOC's administrative process (per Document 371).**

**L.** *PERSONNEL FILES*

    **1.   EEOC 222-225: OBJECTIONS SUSTAINED (cumulative, irrelevant, may be used for impeachment or to refresh recollection) (Morantes, Fernandez, Schaer, Rodriguez)**

**M.** *NO OBJECTION*

    **1.   EEOC 179 (remove from list of contested exhibits)**

## II.  BAQ EXHIBITS (*Doc. 409*)

### A. *PERSONNEL EXHIBITS*

**1.   BAQ 314, 331, 333, 342, 343, 345, 362, 402, 417-420: FOUNDATION OBJECTION RESERVED FOR TRIAL**

**2.   BAQ 317, 318: OBJECTIONS SUSTAINED (more prejudicial than probative)**

**3.   BAQ 321, 322, 326-328, 330, 344, 368 (<u>BAQ must produce underlying counseling documents</u>), 369, 399 (<u>remove duplicate pages</u>), 401, 411 (<u>remove duplicate pages</u>), 504, 510: OBJECTIONS OVERRULED (relevant)**

**4.   BAQ 323-325: OBJECTIONS OVERRULED (hearsay exception, business records)**

**5.   BAQ 340, 341: OBJECTIONS SUSTAINED (irrelevant)**

**6.   BAQ 347: NO OBJECTION (remove from contested list)**

**7.   BAQ 364: OBJECTION SUSTAINED (partial documents/compilation)**

**8.   BAQ 366, 403, 415: OBJECTION OVERRULED if BAQ can establish that these documents were disclosed within the discovery period and if BAQ completes BAQ 415 by adding disciplinary document that goes with signature page**

### B. *TRAINING MATERIAL EXHIBITS*

**1.   BAQ 351-354, 359.04-359.25, 360, 426, 426.01: OBJECTIONS OVERRULED (to the extent they were in effect for Plaintiffs or comparators and include the name of Ms. Morantes, Ms. Fernandez, a comparator, Ms. Bustillos, or Ms. Corrales)**

### C. *MISCELLANEOUS EXHIBITS*

**1.   BAQ 355, 358: OBJECTIONS OVERRULED**

**2.   BAQ 446, 461, 464, 476 (<u>may be used for rebuttal</u>), 484, 485, 490 (<u>unless EEOC opens the door</u>): OBJECTIONS SUSTAINED**

**3.   BAQ 500.02, 500.03, 500.05: EXHIBITS WITHDRAWN BY DEFENDANTS**

**4.   BAQ 370, 371, 374, 469: FOUNDATION OBJECTIONS RESERVED FOR TRIAL**

   **5.   BAQ 465, 466, 468 (document now complete), 470, 473 (document now complete), 477 (document now complete), 478 (document now complete), 480 (document now complete), 491 (document now complete): OBJECTIONS OVERRULED**

   **6.   BAQ 500.18: NO OBJECTION (remove from list of contested exhibits)**

**D.  *AFTER-ACQUIRED EVIDENCE EXHIBITS***

   **1.   BAQ 375-392, 394: OBJECTIONS OVERRULED (not found to be after-acquired evidence of misconduct which is not allowed as a defense by Judge Brack in Document 375)**

**E.  *EEOC INVESTIGATION EXHIBITS***

   **1.   BAQ 395, 398, 427, 441, 442, 447-450: OBJECTIONS SUSTAINED (per Judge Brack's ruling in Document 371, may be used for impeachment only)**

   **2.   BAQ 396, 429: OBJECTIONS OVERRULED (named party's admission against interest)**

**F.  *MITIGATION EXHIBITS***

   **1.  BAQ 421-423: OBJECTIONS SUSTAINED (cumulative) unless Defendants can show they are business records of Rio Grande Credit Union**

**G.  *UNEMPLOYMENT DECISION EXHIBITS***

   **1.  BAQ 428: OBJECTION OVERRULED as to the TRANSCRIPT if it is made complete; OBJECTION SUSTAINED as to the AUDIO RECORDING.**

**H.  *REBUTTAL EXHIBITS***

   **1.  BAQ 435, 435.01-435.05, 437, 443: OBJECTIONS RESERVED FOR TRIAL**

   **2.   BAQ 436, 436.01: OBJECTIONS OVERRULED to the extent needed to refresh recollection.**

**I.  *COMPARATOR EXHIBITS***

   **1.  BAQ 445, 453: OBJECTION SUSTAINED (not comparators)**

   **2.   BAQ 455, 457-459: OBJECTION OVERRULED**

   **3.   BAQ 456: NO OBJECTION (if attachment provided, remove from contested exhibits list)**

**J.  *INTEGRATED ENTERPRISE***

> **1.  BAQ 302-303: OBJECTIONS OVERRULED (integrated enterprise, ruled on at March 26, 2014 status conference)**

## III.  EEOC DEPOSITION DESIGNATIONS:

**A.  *MARGARET GAYLE'S NOVEMBER 28, 2012 DEPOSITION (Doc. 414-1)*:**

- Defendants' objection at 17:3-20 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 23:6-25 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 24:1-20 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 71:16-18 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Plaintiff's objection at 80:19 – **SUSTAINED** (incomplete) (has been added)

- Defendants' objection at 81:1-5 – **SUSTAINED** (incomplete) (81:7-10 has been added)

- Defendants' objection at 91:12-19 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371) (will be **OVERRULED** if 91:12-16 "and before that time" is redacted)

- Defendants' objection 91:24-25 - 92:1-15 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Plaintiff's objection 96:11-14 - **MOOT** (Defendants withdrew this designation)

- Defendants' objection 96:15-21 – foundation objection **RESERVED FOR TRIAL**; EEOC investigation objection **SUSTAINED** (Doc. 371)

- Defendants' objection 96:22-25 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Plaintiff's objection 101:8-11 – **MOOT** (Defendants withdrew this designation)

- Defendants' objection 102:18-21 – **SUSTAINED** (Hearsay and EEOC investigation evidence not allowed, Document 371)

- Defendants' objection 102:22-25 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Defendants' objection 103:1-2 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Defendants' objection 106:10-20 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Defendants' objection 109:21-25 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Defendants' objection 110:1-15 - **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Defendants' objection 110:24-25 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Defendants' objection 111:1-5 – **MOOT** (Plaintiff's objection withdrawn based on stipulation by Defendant that Sophia Ishida was Ms. Fernandez' replacement and Ms. Ishida was younger than Ms. Fernandez)

- Plaintiff's objection 111:13-15 – **MOOT** (Defendants withdrew this designation)

- Defendants' objection 111:16-21 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Plaintiff's objection 111:22-24 – **MOOT** (Defendants withdrew this designation)

- Defendants' objection 113:8-21 – **MOOT** (Plaintiff withdrew this designation)

- Plaintiff's objection 113:22-23 – **MOOT** (Defendants withdrew this designation)

- Plaintiff's objection 116:19-25 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Plaintiff's objection 117:1-5 – **MOOT** (Defendants withdrew this designation)

- Defendants' objection 118:12-16 – **RESERVED FOR TRIAL**

- Defendants' objection 118:17-19 – **RESERVED FOR TRIAL**

- Defendants' objection 118:20-24 – **RESERVED FOR TRIAL**

- Plaintiff's objection 118:25-119:5 – **RESERVED FOR TRIAL**

- Defendants' objection 119:6-14 – **RESERVED FOR TRIAL**


**B.** *MARGARET GAYLE NOVEMBER 28, 2012 30(b)(6) DEPOSITION (Doc. 419-1)*:

- Defendants' objection at 21:22-25 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 22:22 - **SUSTAINED** (incomplete)

- Plaintiff added line 22:23 to complete answer - Defendant's objection is **OVERRULED**


**C.** *PATRICK PIPER'S NOVEMBER 29, 2012 30(b)(6) DEPOSITION (Doc. 419-2)*:

- Defendants' objection at 14:17-25 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 15:1-14 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 26:3-25 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 27:1-18 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Plaintiff's objection at 27:19 – **MOOT** (Defendants withdrew this designation)

- Defendants' objection at 27:21-25 – **OVERRULED** (within scope of litigation and (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 28:4-13 and 16-20 – **OVERRULED** (within scope of litigation and (integrated enterprise evidence allowed, Document 384)

- Defendants' designation at 28:14-15 is withdrawn by Defendants.

- Defendants' objection at 29:19-24 - **OVERRULED** (integrated enterprise evidence allowed, Document 384)

**D.  _KYLE HAZELRIGG'S NOVEMBER 29, 2012 DEPOSITION (Doc. 414-4)_:**

- Defendants' objection at 48:11-14 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 50:14-16 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 54:23-25 – **RESERVED FOR TRIAL**

- Defendants' objection at 55:1-3 – **RESERVED FOR TRIAL**

- Defendants' objection at 69:5-25 – **OVERRULED** (integrated enterprise evidence allowed, Document 384); (foundation objection **RESERVED FOR TRIAL**)

- Defendants' objection at 70:1-6 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 84:7-13 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 85:1-11 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 89:2-15 – **MOOT** (testimony added)

- Defendants' objection at 90:19-21 – **MOOT** (testimony added)

- Defendants' objection at 90:25 – **MOOT** (testimony added)

- Defendants' objection at 91:1-3 – **MOOT** (testimony added)

- Defendants' objection at 103:17-21 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 103:24-25 – **MOOT** (testimony added)

- Defendants' objection at 104:1 – **MOOT** (testimony added) (foundation objection **RESERVED FOR TRIAL**)

- Defendants' objection at 104:18-21 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 104:24-25 – **OVERRULED** (integrated enterprise evidence allowed, Document 384) (unless Judge Brack limits to the named Defendants, then **SUSTAINED**)

- Defendants' objection at 118:25 – as to foundation – **RESERVED FOR TRIAL;** as to mischaracterizes and testimony - **OVERRULED**

- Defendants' objection at 119:1-2, 5 – as to foundation – **RESERVED FOR TRIAL;** as to mischaracterization of testimony - **OVERRULED**

- Defendants' objection at 119:3-4 - **SUSTAINED**

- Defendants' objection at 119:16-18 – **OVERRULED** (Defendants' designation has been added)

- Defendants' objection at 126:5-12 – as to foundation – **RESERVED FOR TRIAL;** as to leading - **OVERRULED**

- Defendants' objection at 126:13-20 – as to foundation – **RESERVED FOR TRIAL;** as to leading and mischaracterizes testimony - **OVERRULED**

- Defendant's objection at 147:24-25 – **OVERRULED** (relevant if Consumer Banker category is allowed in)

- Defendants' objection at 148:1-25 - **OVERRULED** (relevant if Consumer Banker category is allowed in)

- Defendants' objection at 149:1-16 – **OVERRULED** (relevant if Consumer Banker category is allowed in)

- Defendants' objection at 149:17-21 – as to foundation – **RESERVED FOR TRIAL;** as to hearsay and leading - **OVERRULED**

- Defendants' objection at 149:22-23 - **SUSTAINED**

- Defendants' objection at 150:1-2 - **SUSTAINED**

- Defendants' objection at 150:3-12 – as to foundation – **RESERVED FOR TRIAL;** as to hearsay and leading - **OVERRULED; OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants' objection at 152:7-11, 14 – **RESERVED FOR TRIAL**

- Defendants' objection at 152:12-13 - **SUSTAINED**

- Defendants' objection at 153:11-17 – as to foundation – **RESERVED FOR TRIAL;** as to leading and mischaracterizes testimony - **OVERRULED**

- Defendants' objection at 153:18-19 - **SUSTAINED**

- Defendants' objection at 156:1-5 – **RESERVED FOR TRIAL**

- Defendants' objection at 156:6-8 – as to foundation – **RESERVED FOR TRIAL;** as to leading - **OVERRULED**

- Defendants' objection at 156:9-10 - **SUSTAINED**

- Defendants' objection at 156:12-25 – **OVERRULED** (integrated enterprise evidence allowed, Document 384)

- Defendants will decide at trial whether to designate 159:20-25

- Defendants' objection at 161:10-13, 15-25 – **RESERVED FOR TRIAL** (foundation); **SUSTAINED** (overly broad)

- Defendants' objection at 161:14-15 - **SUSTAINED**

- Defendants' objection at 161:16 – **MOOT** (testimony added)

- Defendants' objection at 163:12-25 – as to foundation – **RESERVED FOR TRIAL;** as to non-responsive - **OVERRULED**

- Plaintiff's objection at 185:8-11 – This designation will be read if anything on this page is read.

- Defendants' objection at 200:13-25 – as to foundation – **RESERVED FOR TRIAL;** as to leading - **OVERRULED;** as to mischaracterizes testimony - **SUSTAINED** (since witness finally admits at 203:5-6 that he doesn't remember)

- Defendants' objection at 201:1-25 – **SUSTAINED** (since witness finally admits at 203:5-6 that he doesn't remember)

- Defendants' objection at 202:1-25 - **SUSTAINED** (since witness finally admits at 203:5-6 that he doesn't remember)

- Defendants' objection at 203:1-6, 203:11-25 - **SUSTAINED** (since witness finally admits at 203:5-6 that he doesn't remember)

- Defendants' objection at 203:7-10 - **SUSTAINED** (speculation)

- Defendants' objection at 205:1-25 – **SUSTAINED** (no recollection)

- Defendants' objection at 206:1-10 – **SUSTAINED** (no recollection)

- Defendants' objection at 214:1-11 – **SUSTAINED**(witness has no knowledge)

- Defendants' objection at 219:6-7 – **SUSTAINED** (irrelevant, unknown subject)

- Defendants' objection at 219:8-22 – **SUSTAINED** (irrelevant, unknown subject)

- Defendants' objection at 255:4-17 – If Plaintiff reads its designation on this page, Defendants will be allowed to read this counter-designation.

- Defendants' objection at 297:14-16 – If Plaintiff reads its designation on this page, Defendants will be allowed to read this counter-designation.

- Plaintiff's objection at 305:18-23 – If Plaintiff reads its designation on this page, Defendants will be allowed to read this counter-designation.

***These remaining contested designations for Document 414-4 were not discussed at the April 2, 2014 hearing due to an error in printing the document in color which did not print Plaintiff's objections***:

- Plaintiff's objection at 227:1-4 - **OVERRULED** (not leading, witness's opinion, not prejudicial, issue of scope is reserved for trial)

- Plaintiff's objection at 227:7-10 - **OVERRULED** (not improper hypothetical and objection that it assumes facts not in evidence is **RESERVED FOR TRIAL**)

- Plaintiff's objection at 228: 4-25 - **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's objection at 229:1-17 - **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's objection at 231:24-25 - 232:1-8 - **SUSTAINED** (lack of foundation for using document to refresh recollection AND cannot read document into record if it is used to refresh recollection)

- Plaintiff's objection at 232:14-17 - **OVERRULED** (not leading)

- Plaintiff's objection at 232:19-22 - **SUSTAINED** (to the extent witness is reading from the exhibit)

- Plaintiff's objection at 233:9-13 - **OVERRULED** (not leading)

13

- Plaintiff's objection at 233:9-25 - 234:1-8 - **OVERRULED** (relevant to Fernandez' claims)

- Plaintiff's objection at 234:9-15 - **SUSTAINED** (speculation)

- Plaintiff's objection at 235:3-8 - **SUSTAINED** (speculation)

- Plaintiff's objection at 235:18-25 - 236:1-8 - **OVERRULED** (the Court allowed the exhibit regarding this testimony to come in - BAQ 401)

- Plaintiff's objection at 236:9-14 - **SUSTAINED** (speculation and leading)

- Plaintiff's objection at 237:19-25 - 238:1-19 - **SUSTAINED** (lack of foundation for using document to refresh recollection AND cannot read document into record if it is used to refresh recollection)

- Plaintiff's objection at 238:16-19 - **SUSTAINED** (speculation)

- Plaintiff's objection at 238:21-24 - **OVERRULED** (not leading)

- Plaintiff's objection at 238:25 - 239:1-11 - **SUSTAINED** (speculation)

- Plaintiff's objection at 239:12-14 - **OVERRULED** (not leading)

- Plaintiff's objection at 240:18-22 - **SUSTAINED** (speculation)

- Plaintiff's objection at 240:24-25 - 241:1-5 - **SUSTAINED** (speculation)

- Plaintiff's objection at 243:6-12 - **OVERRULED** (not leading)

- Plaintiff's objection at 243:15-22 - **RESERVED FOR TRIAL** (Rule 701 lay opinion issue reserved for trial)

- Plaintiff's objection at 244:5-9 - **OVRRULED** (not leading)

- Plaintiff's objection at 244:15-25 - 245:1-3 - **OVERRULED** (not improper hypothetical, witness has knowledge of policies, Rule 701 lay opinion issue **RESERVED FOR TRIAL**)

- Plaintiff's objection at 245:5-25 - 246:1-2 - **OVERRULED** (if witness is the author of the e-mail and it is a business record, it is not hearsay; it describes the conduct of a named Plaintiff)

- Plaintiff's objection at 246:10-11 - **OVERRULED** (not leading)

- Plaintiff's objection at 246:13-14 - **OVERRULED** (not leading and not argumentative)

- Plaintiff's objection at 246:17-19 - **SUSTAINED** (leading unless witness is ruled to be a hostile witness)

- Plaintiff's objection at 246:21-25 - 247:1-10 - **RESERVED FOR TRIAL** (if exhibit introduced at trial, objection should be **OVERRULED**)

- Plaintiff's objection at 247:11-14 - **OVERRULED** (not leading)

- Plaintiff's objection at 247:16-23 – **SUSTAINED** (hearsay – not witness' e-mail)

- Plaintiff's objection at 248:10-13 – **RESERVED FOR TRIAL** (foundation – if Sauters testifies that he was encouraged);

- Plaintiff's objection at 248:14-21 – **OVERRULED** (Defendants can ask question re their lack of discriminatory motive);

- Plaintiff's objection at 248:22-25 - 249:1 – **RESERVED FOR TRIAL**

- Plaintiff's objection at 249:5-10 – **OVERRULED** (if foundation established at trial)

- Plaintiff's objection at 250:4-7 – **OVERRULED** (not leading; scope objection – **RESERVED FOR TRIAL**)

- Plaintiff's objection at 251:6-9 – **SUSTAINED** (no need to refresh recollection)

- Plaintiff's objection at 252:5-7 – **SUSTAINED** (speculation)

- Plaintiff's objection at 254:10-12 – **OVERRULED** (not leading)

- Plaintiff's objection at 257:6-9 – **OVERRULED** as to leading; **SUSTAINED** as to speculation

- Plaintiff's objection at 259:9-12 – **SUSTAINED** (speculation)

- Plaintiff's objection at 259:18-19 – **OVERRULED** (not leading)

- Plaintiff's objection at 261:15-19 – **OVERRULED** (speculation – he's explaining his thought process at the time and explaining why he thought it was a dummy account, this is what he was investigating)

- Plaintiff's objection at 261:25-262:1-20 – **OVERRULED** (not leading)

- Plaintiff's objection at 263:6-15 – **SUSTAINED** (hearsay and speculation – unless a business record, but he is speculating as to who made the calls)

- Plaintiff's objection at 265:6-17 – **SUSTAINED** (speculation);

- Plaintiff's objection at 265:18-22 – **OVERRULED** (this is witness' personal knowledge about Patterson)

- Plaintiff's objection at 266:6-10 – **SUSTAINED** (speculation – document speaks for itself, Patterson is not the witness)

- Plaintiff's objection at 268:4-8 – **OVERRULED** (not leading)

- Plaintiff's objection at 270:5-10 – **OVERRULED** (not leading); **RESERVED FOR TRIAL** (foundation objection)

- Plaintiff's objection at 272:24-25-273:1-3 – **OVERRULED** (not improper, hypothetical or speculation)

- Plaintiff's objection at 273:13-16 – **SUSTAINED** (speculation)

- Plaintiff's objection at 274:22-25 – **SUSTAINED** (speculation)

- Plaintiff's objection at 275:17-24 – **OVERRULED** (to extent witness has personal knowledge)

- Plaintiff's objection at 280:1-13 – **SUSTAINED** – (improper use of exhibit to refresh recollection)

- Plaintiff's objection at 280:18-23 – **SUSTAINED** (speculation)

- Plaintiff's objection at 281:4-17 – **SUSTAINED** (these are all leading questions that would only be allowed if (1) witness is a hostile witness or (2) it is proper cross examination of something in direct by EEOC)

- Plaintiff's objection at 282:18-25 - 283:1-16 – **OVERRULED** (not leading)

- Plaintiff's objection at 286:23-25 - 287:1-5 – **OVERRULED** (not leading)

- Plaintiff's objection at 287:16-20 – **OVERRULED** (not speculation)

- Plaintiff's objection at 288:20-25 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's objection at 289:1-25 - 290:1-5 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's objection at 290:13-15 – **OVERRULED** (relevant and not prejudicial)

- Plaintiff's objection at 290:19-25 - 291:1-4 – **SUSTAINED** (after-acquired evidence)

- Plaintiff's objection at 292:21-24 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375 - when read with 292:25 - 293:1-17)

- Plaintiff's objection at 292:25 - 293:1-17 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's objection at 295:13-17 – **OVERRULED**

- Plaintiff's objection at 295:18-19 – **SUSTAINED** (legal conclusion)

- Plaintiff's objection at 296:1-13 – **OVERRULED** (based on witness' experience)

- Plaintiff's objection at 296:23-25 – **OVERRULED** (not leading)

- Plaintiff's objection at 297:1-12 – **OVERRULED** (based on witness' experience and opinion)

- Plaintiff's objection at 298:8-303:18 – **OVERRULED** (based on witness' knowledge, not leading, relevant, not prejudicial)

- Plaintiff's objection at 312:5-8 – **OVERRULED** (not leading)

- Plaintiff's objection at 316:4-12 – **SUSTAINED** (leading)


## IV.  BAQ DEPOSITION DESIGNATIONS:

### A.  *LILY CURRIN'S NOVEMBER 28, 2012 30(b)(6) DEPOSITION (Doc. 415-1)*:

- Plaintiff's objections at 6:21-25 – **OVERRULED** (mitigation)

- Plaintiff's objection at 7:1-5 – **OVERRULED** (mitigation)

- Plaintiff's objection at 7:17-20; 7:24-25 - 8:1-12 – **OVERRULED** (relevant)

- Defendants' objections at 10:20-21 – **OVERRULED** (it's her reason for leaving RGCU)

- Defendants' objections at 12:5-8 – **OVERRULED** (not prejudicial)

- Plaintiff's objection at 12:12-25 – **OVERRULED** (mitigation and not leading)

- Plaintiff's objection at 13:3-15 – **OVERRULED** (mitigation and not leading)

- Plaintiff's objection at 13:16-19 – **OVERRULED** (not leading and relevant)

- Plaintiff's objection at 13:20-25 - 14:1-2 – **OVERRULED** (foundation objection reserved for trail, not hearsay)

- Plaintiff's objection at 14:20-23 – **OVERRULED** (not leading)

- Plaintiff's objection at 15:23-25 - 16:1-7 – **OVERRULED** (mitigation and not leading)

- Plaintiff's objection at 17:1-6 – **OVERRULED** (mitigation)

- Plaintiff's objection at 17:1-5; 17:7-9 – **OVERRULED** (not leading)

- Plaintiff's objection at 25:2-4 – **OVERRULED** (relevant)

- Plaintiff's objection at 26:10-13 – **OVERRULED** (does not misstate prior testimony)

- Plaintiff's objection at 36:8-9 – **SUSTAINED** (leading question)

- Defendants' objection at 36:10-15 – **SUSTAINED** (irrelevant, but not prejudicial)

- Plaintiff's objection at 40:15-23 – **SUSTAINED** (irrelevant)


**B.  _CODY GALLEGOS POLANCO'S NOVEMBER 14, 2012 DEPOSITION (Doc. 415-2)_:**

- Plaintiff's objection at 9:22-25 – **OVERRULED** (not hearsay FRE 801(d)(2)(A))

- Plaintiff's objection at 12:5-11 – **OVERRULED** (not hearsay FRE 801(d)(2)(A))

- Plaintiff's offer at 12:12-15 – allowed in because 12:5-11 was overruled, 12:16-20 excluded because pertains to EEOC investigation

- Plaintiff's objection at 12:21-24 – **SUSTAINED** (EEOC investigation evidence not allowed, Document 371)

- Plaintiff's objection at 12:25 - 13:1-21 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

18

- Plaintiff's offer at 13:22-25 - 14:1-3 – **MOOT** (because objection to 12:25-13:21 was sustained)

- Plaintiff's objection at 14:6-13; 14:20-25 - 15:1-17; 16:1-5; 16:15-19 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's offer at 14:14-19 – **MOOT** (because objection to 14:6-13; 14:20-25 - 15:1-17; 16:1-5; 16:15-19 was sustained)

- Plaintiff's offer at 16:6-14 – **MOOT** (because objection to 14:6-13; 14:20-25 - 15:1-17; 16:1-5; 16:15-19 was sustained)

- Plaintiff's objection at 17:5-10 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's objection at 20:14-25 - 21:1-4 – **OVERRULED** (foundation objection reserved for trial, relevant)

- Plaintiff's objection at 21:18-25 - 22:1-4 – **OVERRULED** (not leading and relevant)

- Plaintiff's objection at 22:14-16 - **OVERRULED** (personal knowledge)

- Plaintiff's objection at 22:17-19 – **SUSTAINED** (speculative)

- Plaintiff's offer at 22:20-25 – **ALLOWED IN**

- Plaintiff's objection at 23:1-6 – **OVERRULED** (foundation objection reserved for trial, relevant, not leading)

- Plaintiff's objection at 38:2-25 – **OVERRULED** (relevant as to Plaintiffs' claims)

- Plaintiff's objection at 39:1-25 - 40:1-23 – **OVERRULED** (foundation objection for trial, relevant)

- Plaintiff's objection at 41:4-21; 41:23 – **OVERRULED** (foundation objection for trial, relevant)

- Plaintiff's objection at 44:7-10 – **OVERRULED** (not leading)

- Plaintiff's objection at 45:3-15; 45:21-24 – **OVERRULED** (this is not related to the after-acquired evidence defense precluded by Document 375)

- Plaintiff's objection at 45:16-19 - **SUSTAINED**

- Plaintiff's objection at 96:1-6 - **OVERRULED** (not improper hypothetical, relevant)

- Plaintiff's objection at 96:7-8 - **OVERRULED** (not improper hypothetical, relevant, foundation objection reserved for trial)

- Plaintiff's objection at 96:9-13 - **OVERRULED** (not improper hypothetical, relevant, foundation objection reserved for trial)

- Plaintiff's objection at 96:14-18 - **OVERRULED** (not leading, not improper hypothetical, relevant, foundation objection reserved for trial)

- Plaintiff's objection at 96:19-22 - **OVERRULED** (not improper hypothetical, relevant, foundation objection reserved for trial)

- Plaintiff's objection at 96:23-25 – **OVERRULED** (not leading, not improper hypothetical, relevant, foundation objection reserved for trial)

- Plaintiff's objection at 97:1-4, 8-10 - **OVERRULED** (not improper hypothetical, relevant)

- Plaintiff's objection at 97:5-7 - **SUSTAINED** (leading, unless witness is determined to be a hostile witness, then **OVERRULED**)

- Plaintiff's objection at 97:11-25 - 98:1-20 - **OVERRULED** (relevant)

- Plaintiff's objection at 97:1-8 - **OVERRULED** (not improper character evidence)

- Plaintiff's objection at 97:20-21; 98:5-8; 98:10; 98:12-16; 98:18-19 - **OVERRULED** (not leading)

- Plaintiff's objection at 97:12-25 - 98:1-17 - **OVERRULED**

- Plaintiff's objection at 117:6-23 – **SUSTAINED** (irrelevant, counsel's questions)

- Plaintiff's objection at 118:20-25 - 119:1-23; 118:20-25 - 119:1-24 – **SUSTAINED** (irrelevant, counsel's questions)

- Plaintiff's objection at 165:16; 167:16 – **SUSTAINED** (counsel's statements)

- Plaintiff's objection at 165:13-15; 165:17-19; 165:20-24; 165:25 - 166:1-3 – **SUSTAINED** (irrelevant, leading)

- Plaintiff's objection at 166:12-22 – **SUSTAINED** (after-acquired evidence)

- Plaintiff's objection at 166:23-25 – **SUSTAINED** (speculative)

- Plaintiff's objection at 167:17-21 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's objection at 168:11-16 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375 and irrelevant)

- Plaintiff's objection at 168:17-23 – **OVERRULED** (relevant)

- Plaintiff's objection at 274:11-25 - 275:1-5 – **SUSTAINED** (after-acquired evidence of misconduct not allowed as a defense by Judge Brack in Document 375)

- Plaintiff's objection at 277:17-25 - 279:1-3 – **OVERRULED** (foundation)

- Plaintiff's objection at 279:19-23 – **RESERVED FOR TRIAL**


**IT IS FURTHER ORDERED** that:

1.      Any objection to any exhibit listed in Documents 409 and 410 that is not specifically listed in this order is **OVERRULED**;

2.      Objections to any exhibit that is a duplicate of another exhibit are **SUSTAINED**;

**IT IS FURTHER ORDERED** that the parties shall file **no later than April 9, 2014** an updated consolidated exhibit list which shall supersede Document 399 and which reflects all of the Courts rulings at both the March 26, 2014 status conference at the April 2, 2014 hearing on the parties' contested exhibits and deposition designations.

**IT IS SO ORDERED**.


*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**