IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| BOK FINANCIAL CORPORATION d/b/a BANK OF ALBUQUERQUE; | |
| BANK OF ALBUQUERQUE, NATIONAL ASSOCIATION d/b/a BANK OF ALBUQUERQUE; and | |
| BOKF, NA d/b/a BANK OF ALBUQUERQUE | |
| Defendants. | |

CASE NO. 1:11-cv-01132-RB-LAM

**EEOC'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION**

Plaintiff Equal Employment Opportunity Commission submits this Motion for Clarification and/or Reconsideration of the Magistrate Judge's Order on Contested Exhibits and Deposition Designations. [Doc. 434]. The EEOC would like clarification or reconsideration of five matters in the Court's Order.

## I. Exhibits

### a. Clarification on the Admissibility of Comparator Discipline.

EEOC requests clarification of the treatment of Exhibits 6, 7, 64-66, 120-122, 125, 126-128, and 130, [Ex. 1], which are disciplinary forms and emails relating to the discipline of comparator branch managers and assistant branch managers for offenses other than sales assurance violations, losses to the bank, fraud, and the like. [Doc. 434, at p. 2, A.3, and p. 3, B.2]; Doc. 435, at pp. 3-4 (delimiting the comparators to branch managers); Ex. 2, Doc. 444, p. 57-58 (including assistant branch managers as comparators)]. There are a number of reasons EEOC makes this request. First, the written Order, [Doc. 434], is contrary to the Court's oral rulings made April 2, 2014, regarding these exhibits, and results in an unfair evidentiary ruling where Defendants are allowed to present evidence of prior unrelated disciplines for Ms. Morantes and Ms. Fernandez, but EEOC is precluded from presenting evidence of similar background discipline for comparators. [Exhibits 307-311, 334, and 335 attached as Ex. 3]. This disparate result contradicts the Court's stated intent that Ms. Morantes and Ms. Fernandez be put on equal footing with their comparators. Whether "background" discipline on formal counseling forms including Exhibits 6, 7, 120-122, 125, 126-128, and 130, is admitted or excluded, the standard should apply uniformly to all, or the comparison between Ms. Morantes, Ms. Fernandez, and similarly situated younger and male managers is skewed.

Second, Exhibits 6 and 7 are discipline for violations similar to the alleged offenses asserted by Defendants as the basis for firing Ms. Morantes and Ms.

Fernandez, [Ex. 1, at pp. 1-4], and thus, should not be excluded, even if the other "background" disciplinary actions above are excluded. Finally, Exhibits 64-66, [*Id.* at pp. 5-9], contain emails relating to the discipline of Adam Schaer, the younger male who replaced Elizabeth Morantes and whom the Court has already identified as a comparator to Ms. Morantes. [*See* Doc. 273, at pp. 5-6; Doc. 413, at p. 3]. Thus, these Exhibits are directly relevant to an identified comparator, and should not be excluded.

On April 2, 2014, this Court made a preliminary ruling regarding relevant discipline but indicated that it was taking the matter ***"under advisement."*** [*See* Ex. 4, Hearing Transcript from April 2, 2014, 7:7-10; 10:2-10; 29:6-14; 31:9-13]. Later during the April 2nd Hearing, the Court returned with a final decision, and held that all discipline captured on Defendants' counseling form is relevant and may come in:

> Okay. I have, over the break that I just took, ***thought about my advisement ruling…Whether or not it rises to the level of minor infraction or grounds for termination is part of a continuum of discipline.*** The fact that the defendant used the very same form for all kinds of discipline, ***whether it's a verbal warning that has been reduced to writing, you use the same form. You don't have to, but you do.*** So if the defendant does not distinguish discipline by using the same form for all kinds of discipline, it sounds as if it is something that is important to the bank, meeting your sales goal, having outages of your drawer, the sooner you nip those bad habits or mistakes in the bud, and the way to do that is to give a written verbal warning, and I'm sure that its used, so that you don't – so that you impress upon your employees the importance of balancing those drawers, because that's money right out of your bank pocket. ***So all of that is going to come in.***

[*Id.* at 38:10-40:5].

For the remainder of the Hearing, both parties and the Court assumed that all discipline of comparators was relevant and the Court overruled objections to these. For

example, Defendants' relied on the above ruling when later advocating for the admission of a discipline for a witness, Cody Polanco. [Statements of BOK Counsel, *Id.* at 44:1-4 "**And as Your Honor recognizes, this is a counseling,** you know, that was dealt with by the bank. And **since we are bringing in everything that everybody ever did wrong at the bank in this case**, we think that [this discipline should also] come in."].

The Court's oral ruling quoted above is consistent with the Court's prior rulings. Specifically, in a telephonic status conference on March 26, 2014, the Court ruled that Ms. Morantes and Ms. Fernandez would be treated analogously with their comparators. [Doc. 413, at p. 3]. In so reasoning, the Court indicated that all other discipline was relevant. Additionally, the court urged the parties to reduce their objections based on preliminary rulings made during the conference. Understanding that the Court had ruled that all discipline was relevant and would be admitted, EEOC took to heart the Court's urging to reduce objections based on the preliminary rulings, and thus withdrew its objections to discipline records for Ms. Morantes and Ms. Fernandez on alleged offenses which are unrelated to sales assurance, and were not a basis for their terminations. Specifically, EEOC withdrew its objections to Exhibits 307-311, 334, and 335. [*See* Ex. 5, p. 26].

The Court's written Order, [Doc 434], however, is contrary to the above rulings because the written Order sustains objections to Exhibits 6, 7, 120-122, 125, 126-128, and 130, all of which are disciplinary records for branch managers and assistant branch managers other than Ms. Morantes or Ms. Fernandez. The disciplinary records in these

4

Exhibits are not for sales assurance violations, fraud, losses to the bank, or the like with the exception of Exhibits 6 and 7. Rather, they are for other offenses which are part of the "continuum of discipline" referenced by the Court in its oral ruling, quoted above. These are the same kinds of discipline as the discipline in Exhibits 307-311, 334, and 335, from which EEOC withdrew its objections at the Court's urging and based on the Court's preliminary rulings that all discipline was relevant. Similarly, Exhibits 64-66 are contemporaneous emails during Defendants' investigation and discipline of Mr. Schaer, the same type of communications the Court admitted relating to Ms. Morantes and Ms. Fernandez. [*See, e.g.,* Doc. 434, at p. 5, A.3 Exhibits 326-328, 344 attached as Ex. 6].

Also, because Ms. Fernandez is charged with a broad allegation of negligent supervision, many of these disciplines should be admissible as comparisons of possible negligence. For example, Exhibit 6 is a Counseling Report – "Written Notice"- for Mark Leyva, who was at the time an assistant branch manager, and the report cites multiple incidents, including at least two incidents of negligence. [Ex. 1, at p. 1]. On April 17, 2008, Mr. Leyva was responsible for an unresolved loss for which he made no effort to follow-up and fix. [*Id.*] Second, on April 24, 2008, Mr. Leyva left both a gate door to the vault and the actual vault door unlocked. [*Id.*] As Mr. Leyva's actions occurred within about a month of Ms. Fernandez' March 14, 2008 termination, Exhibit 6 is relevant temporally as well.

In addition, Exhibit 7, a counseling report for Mr. Leyva dated March 3, 2008, specifically mentions repeated "unsatisfactory" audit ratings and reminds Leyva of his responsibilities to know and understand BOKF policies and procedures relating to

5

operations, including, "Sales Assurance." [Ex. 1, at p. 3]. Because Defendants' Sales Assurance policies are directly involved in this litigation, Exhibit 7 should be admissible.

As to Exhibits 120-122, 125, 126-128 and 130 which are counseling reports concerning performance and conduct standards, EEOC does not disagree that these are less related to the actual reasons for terminating Ms. Morantes and Ms. Fernandez, *i.e.* Sales Assurance policy violations and negligence (Fernandez). However, similar unrelated prior disciplines for Ms. Morantes and Ms. Fernandez are now admissible by the Court because EEOC withdrew its objections to Defendants' Exhibits 307-311, 334, and 335, under the impression that all discipline history for the victims of discrimination and their comparators would be admitted.

The result is a gross inequity in the evidentiary rulings. Defendants will be allowed to present evidence of **all** background discipline from the files of Ms. Morantes and Ms. Fernandez, including discipline unrelated to sale assurance or other serious offense, and discipline which was not a basis for the terminations. In contrast, however, EEOC will be precluded from presenting similar evidence of background discipline for the comparators, many of whom have far more such disciplinary actions than Ms. Morantes and Ms. Fernandez. As a result, these two women will appear to the jury to be much worse overall employees than their comparators -- which is untrue.

The standards should apply equally to both sides. Defendants content that all the discipline history of Ms. Morantes and Ms. Fernandez is relevant, but then so too is all discipline of male and younger comparator managers. *See  SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1227(10th Cir. 1227) (argument must be rejected when "[w]hat is

sauce for the goose is sauce for the gander"); *Poindexter v. Woodson*, 357 F. Supp. 443, 461 (D. Kan. 1973, *aff'd* 510 F.2d 464 (10th Cir. 1975) (if plaintiff o is allowed to amend its complaint "[w]hat is fair for the goose is fair for the gander" and so must defendant be allowed to amend its defenses); *Potter v. Bowman*, 2006 U.S. Dist. LEXIS 91042, *11 n. 1 (D. Colo. Dec. 18, 2006) ("[a]pparently, defendant is unaware of this court's 'sauce rule: 'what is sauce for the goose, is sauce for the gander.'").

Indeed, this theme of fairness for both sides runs throughout the Court's rulings, both in conference on March 26th and April 2nd, and in the Court's March 27th preliminary Order. [*See* Doc. 413, at p. 3 ("if Plaintiff wants to limit the information regarding Ms. Morantes' and Ms. Fernandez' discipline, then the information regarding comparators should also be limited.")]. The inequity in the final ruling, [Doc. 434], appears to be in error.

Accordingly, EEOC seeks clarification of the Court's order, such that Exhibits 6, 7, 64-66, 120-122, 125, 126-128, and 130, are treated the same as Exhibits 307-311, 334, and 335. Either all of these Exhibits should be admitted, or all should be excluded.

### b. Reconsideration of Admissions of a Party Opponent Made In Records of EEOC Investigation.

In its Order entered January 28, 2014, [Doc. 371], the Court held that "the testimony of the former EEOC Investigator D'Ontae Sylvertooth, current EEOC Investigator James Snyder, and another unnamed EEOC employee to challenge the sufficiency of the agency's investigation and efforts at conciliation will be excluded under Federal Rule of Evidence 403." In ruling on objections to exhibits, the Court relied

on Doc. 371 to exclude all records from the EEOC investigation, except for Exhibits 396 and 429 (including attachments), [Ex. 7], which are statements made to the EEOC by Ms. Morantes during the course of the EEOC's investigation into her charge of discrimination. Though initially the Court sustained the EEOC's objections, these two Defendant Exhibits were held substantively admissible as statements of a party opponent, despite the fact that these were documents from the EEOC investigative file. [Doc. 434, at p. 6, E.2; Ex. 3, at pp. 55:16-58:7]. At the same time, the Court ruled that similar statements made by Defendants to the EEOC during its investigation, Exhibits 203, 216, 220, and 221, [Ex. 8], are excluded under Doc. 371. [Doc. 434, at p. 4].

EEOC requests that the rulings on these exhibits be consistent for both sides. *See SCO Group, Inc.,* 578 F.3d at 1227; *Poindexter*, 357 F. Supp. at 461; *Potter*, 2006 U.S. Dist. LEXIS 91042, at *11 n. 1. Although Ms. Morantes is not a named party in the lawsuit, EEOC acknowledges that her statements made to the EEOC during its investigation might be viewed as statements of a party opponent at trial. Defendants, however, are actual parties in the case, and their statements made to the EEOC during its investigation are unquestionably statements of a party opponent. Thus, if Ms. Morantes' statements to the EEOC (Exhibits 396 and 429) are admitted as statements of a party opponent, then Defendants' statements to the EEOC, Exhibits 203, 217, 220, and 221, should also be admitted on the same basis. Along with these Exhibits, the EEOC requests that designated deposition testimony of the author of the statements, Margaret Gayle, who identified the Exhibits and responded to questions about them in deposition thus establishing the foundation also be admitted. [Ex. 9, Gayle Depo. 91:24-

92:15; 96:15-25; 102:18-103:2; 106:10-20; 109:21-110:15 (excluding reference in lines 3 and 4 to a settlement proposal); 110:24-111:5; 111:16-21; 113:8-23].[1] If Defendant is allowed to admit in its case in chief statements made by Ms. Morantes to the EEOC on the grounds that they are a party admission, then EEOC should likewise be allowed to introduce the statements made by Defendants to the EEOC.

On the other hand, if the Defendants' statements to the EEOC made during the EEOC investigation are excluded based on the Court's ruling at Doc. 371, then the Ms. Morantes' statements made to the EEOC during its investigation should be excluded on the same basis. EEOC asks only that the rulings be consistent for both sides.

### c. Reconsideration of Admissibility of Exhibit 59

During the April 2nd Hearing, the Court overruled Defendants' objections to Exhibit 56, finding it relevant because the matter of who made the decision to terminate Ms. Morantes and Ms. Fernandez is in dispute. [Doc. 434, at p. 4]. Defendants deny that Kyle Hazelrigg was the decision-maker and Exhibit 56 [Ex. 10], an email between two off the trial witnesses, Erika Crutchfield and Geri Weeks, implicates Mr. Hazelrigg as the decision-maker. Ms. Crutchfield asks Ms. Weeks, "Do you know who Kyle [Hazelrigg] talked to in Human Resources for Yolanda's termination." On Exhibit 56, this question is unanswered. Exhibit 59 [Ex. 11], which has been excluded [Doc. 434, at p. 4, G.4.], is based on the same email chain at the start, but then answers the question left unanswered by Exhibit 56, with the admission that "Geri told me that Kyle did not

---

[1] Defendants' objections to Ms. Gayle's testimony were sustained based on the Court's order at Doc. 371. [Doc. 434, pp. 7-8].

consult anybody in Tulsa." Because this message contained in Exhibit 59 is the answer to a question in Email 56, and for the same reasons as Email 56 is relevant – the decision-maker in this case is disputed – EEOC requests that the Court reconsider its decision as to this one exhibit and overrule Defendants' objections.

## II. Deposition Designations

### a. Clarification with Respect to Asking the Witness to Read from a Document.

In the deposition of Kyle Hazelrigg, Defendants' counsel provided the witness with an exhibit and on two occasions, counsel asked the witness to read into the record specific paragraphs from the document. [Ex. 12, Hazelrigg Depo. 245:4–246:2; 246:21-247:10]. In ruling on the second designation, the Court reserved ruling for trial, but noted that if the exhibit is introduced at trial, the objection should be overruled. [Doc. 434, at p. 15]. EEOC requests that the same ruling be applied to the earlier designation, to ensure that the witness does not read from an exhibit unless the exhibit has been admitted into evidence.

### b. Clarification with Respect to Attorney Statements Included in Deposition Designations.

In the Hazelrigg deposition, EEOC asserted a number of objections to Defendants' designation of attorney statements made during the deposition. These objections were all sustained, but the Court's Order [Doc. 434], indicates that these were Defendants' objections, when they were, in fact, EEOC objections and the EEOC seeks to have this error corrected. [*See, e.g.*, Doc. 434, at pp. 9, 11, 12, Rulings

Regarding Designations at 119:3-4; 149:22-23; 152:12-13; 153:18-19; 156:9-10; 161:14-15; Ex. 13]. More importantly, however, the Court ruled orally on April 2, 2014, that all attorney statements and objections should be excluded from the designations and need not be read into the record at trial, but this ruling is not reflected in the Court's written order. [Doc. 434]. EEOC requests that the Order at Doc. 434 be amended to include the Court's general ruling that attorney statements should be excluded from deposition designations and should not be included in what is read during trial.

## Conclusion

The EEOC does not make this Motion lightly. It is well aware of the significant time and energy that this Court has invested in reaching decisions on the hundreds of trial exhibits and many deposition designations submitted by the parties. For this effort Plaintiff thanks the Court. But for all of the foregoing reasons and to assure fairness and equal footing to all parties, EEOC respectfully requests clarification and/or reconsideration on the rulings in Doc. 434 as described above.

Dated: April 17, 2014

                                        Respectfully submitted,

                                        */s/ Iris Halpern*
                                        IRIS HALPERN
                                        Trial Attorney
                                        EQUAL EMPLOYMENT
                                        OPPORTUNITY COMMISSION
                                        Denver Field Office
                                        303 E. 17th Ave, Suite 410
                                        Denver, CO 80203
                                        (303) 866-1374
                                        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

        I hereby certify that on April 17, 2014, I filed the foregoing electronically through the CM/ECF system, causing the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:[2]

| | |
|---|---|
| Erica Dorwart, Esq. | Benjamin E. Thomas |
| Old City Hall | Sutin, Thayer & Browne |
| 124 East Fourth Street | P.O. Box 1945 |
| Tulsa, OK 74103 | Albuquerque, NM 87103 |
| edorwart@fdlaw.com | bet@sutinfirm.com |

        Attorneys for Defendant

*/s/ Iris Halpern*
Attorney for Plaintiff

---

[2] In accordance with D.N.M.LR-Civ. 7.1(1)(a) and the Court's Order at Doc. 382, the EEOC has attempted to confer in good faith with Defendants to ascertain whether they agree to this motion. Defendants did not provide a definitive response after three email attempts. The Lawyers Creed of Professionalism of the State Bar of New Mexico was reviewed and this pleading comports with the letter and the spirit of the Creed.