# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          **Plaintiff,**

v.                                    **No. CIV 11-1132 RB/LAM**

BOK FINANCIAL CORPORATION d/b/a
BANK OF ALBUQUERQUE,
et al.,

          **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART EEOC's MOTION FOR CLARIFICATION AND/OR RECONSIDERATION [*Doc. 447*]

**THIS MATTER** is before the Court on Plaintiff *EEOC's Motion for Clarification and/or Reconsideration (Doc. 447)*, filed April 17, 2014. Defendants filed a response to the motion on May 5, 2014. [*Doc. 465*]. In its motion, Plaintiff seeks clarification or reconsideration of the *Order on Contested Exhibits and Deposition Designations (Doc. 434)*, entered April 7, 2014 pursuant to the presiding judge's March 21, 2014 *Order of Reference (Doc. 402)* designating the undersigned to hear and determine the parties' contested exhibits and designations of deposition testimony pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). [*Doc. 402*].[1] It is unclear from the motion itself whether Plaintiff is seeking clarification or reconsideration from the undersigned, or whether the motion was the EEOC's objections to the undersigned's order directed to the presiding judge pursuant to

---

[1] 28 U.S.C. § 636(b)(1)(A) states: "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Rule 72(a).   However, on April 24 and 25, 2014, the EEOC filed objections pursuant to Rule 72(a) (*Docs. 452* and *454-1*), which indicates that this motion for clarification or reconsideration is intended for the undersigned's ruling.  Having considered the motion, record of the case, and relevant law, the Court **FINDS** that the motion should be **GRANTED in part** and **DENIED in part**.

In its motion, Plaintiff asks for clarification or reconsideration of five matters:

(1)   Exhibits relating to "comparator discipline" (EEOC Exhibits 6, 7, 64-66, 120-122, 125, 126-128, and 130) (*Doc. 447* at 2-7);

(2)   Exhibits relating to admissions of a party opponent made in the EEOC's investigation records (EEOC Exhibits 203, 216, 220, and 221, and deposition testimony of Margaret Gayle at 91:24-5 - 92:1-15; 96:15-25; 102:18-25 - 103:1-2; 106:10-20; 109:21-25 - 110:1-15 (excluding lines 3 and 4); 110: 24-25 - 111:1-5; 111:16-21; and 113:8-23);

(3)   EEOC Exhibit 59;

(4)   Asking the witness to read from a document in Kyle Hazelrigg's deposition at 245:4-25 - 246:1-2; and 246:21-25 - 247:1-10; and

(5)   Attorney statements in deposition designations.

Defendants contend that Plaintiff's motion does not meet the standards to alter or amend a judgment under Fed. R. Civ. P. 59(e), or for relief from a judgment or order under Fed. R. Civ. P. 60(b).  [*Doc. 465* at 1].  Defendants further contend that the motion should be denied because Plaintiff "has improperly requested that both Magistrate [Judge] Martinez and Judge Brack address the very same issues herein by filing both a motion for clarification and/or reconsideration and Objections [p]ursuant to FRCP 72(a)."  *Id.* (citing Document 452, Plaintiff's objections to the undersigned's Order).  Defendants state that Plaintiff addresses the same issues

regarding the comparators in a trial brief which is before Judge Brack.  [*Doc. 465* at 1-2] (citing Document 448).  Defendants also state that Plaintiff obtained orders in its favor by filing motions in limine and is now ignoring those orders when doing so is to its benefit.  [*Doc. 465* at 2].  Despite Defendants' contentions that Plaintiff's motion for clarification and/or reconsideration is an improper motion, the undersigned notes that, at the April 10, 2014 pretrial conference, Judge Brack permitted the parties to seek clarification from the undersigned, albeit for a discrete question or two.  *See* [*Doc. 444* at 34].  The undersigned has also been asked by Judge Brack to address this motion, and she will do so as set forth below.

### 1.  Comparator Discipline Exhibits

Plaintiff first contends that EEOC Exhibits 6, 7, 64-66, 120-122, 125, 126-128, and 130 "are disciplinary forms and emails relating to the discipline of comparator branch managers and assistant branch managers for offenses other than sales assurance violations, losses to the bank, fraud and the like."  [*Doc. 447* at 2].  Plaintiff contends that: (1) the written order [*Doc. 434*] is contrary to oral rulings made by the Court on April 2, 2014 regarding these exhibits such that Defendants have been permitted to present evidence of prior unrelated disciplines for the charging parties, Ms. Morantes and Ms. Fernandez, but Plaintiff is precluded from presenting similar background discipline for comparators (*id.*); (2) that EEOC Exhibits 6 and 7 should not be excluded because they "are discipline for violations similar to the alleged offenses asserted by Defendants as the basis for firing Ms. Morantes and Ms. Fernandez (*id.* at 2-3); (3) that EEOC Exhibits 64-66 should not be excluded because they are emails relating to the discipline of Adam Schaer who is a comparator to Ms. Morantes (*id.* at 3).  Plaintiff states that it withdrew its objections to BAQ Exhibits 307-311, 334 and 335, which Plaintiff states are discipline records for Ms. Morantes and Ms. Fernandez on alleged offenses unrelated to sales assurance,

based on the Court's statements at the March 26, 2014 hearing that all comparator discipline was relevant (*id.* at 4), so Plaintiff asks that EEOC Exhibits 6, 7, 64-66, 120-122, 125, 126-128, and 130 be treated the same as BAQ Exhibits 307-311, 334, and 335.  *Id.* at 4-7.

In response, Defendants contend that this issue is before Judge Brack in Plaintiff's brief regarding the comparators, and Defendants state that they incorporate by reference their arguments from their response to that brief.  [*Doc. 465* at 2] (citing Document 450).  As stated above, at Judge Brack's request, the undersigned will address this issue regardless of the pending brief before Judge Brack.  The undersigned will not consider the arguments made in the parties' trial briefs or responses to those trial briefs as those issues will be determined by Judge Brack.

In Document 434, the Court sustained Defendants' objections to EEOC Exhibits 6, 7, 64-66, 120-122, 125, 126-128, and 130 stating that they were "different from issues of plaintiffs and other comparators."  [*Doc. 434* at 3].  The Court's ruling with regard to these exhibits is not contrary to statements made at either the March 26, 2014 or April 2, 2014 hearings.  As the Court explained to the parties at the April 2, 2014 hearing, with regard to comparators named by Judge Brack in his previous rulings, the Court overruled objections to exhibits that showed disciplinary actions taken by Defendants as long as the disciplinary actions were reduced to the Bank's written disciplinary form.  *Id.* at 2.  For other individuals, the Court only allowed in exhibits showing disciplinary actions taken by Defendants that were reduced to a written disciplinary form *if the individuals "fall within the parameters set by Judge Brack at this time: branch managers or teller supervisors; male of any age or female under 40; accused of sales manipulation, causing a loss to the bank, or issues with opening new accounts.*"  *Id.* at 2-3. EEOC Exhibits 6 and 7 are written disciplinary forms pertaining to Mark Leyva and involving disciplinary actions regarding customer service, problems with a double accounting of a

4

transaction not resulting in a loss to the Bank, failure to close a vault door, and issues with an audit rating, none of which fall into the parameters for comparators' discipline set by Judge Brack at the time of the hearing (*i.e.*, sales manipulation, causing a loss to the bank, or issues with opening new accounts). *See* [*Doc. 447-1* at 1-4]. EEOC states that EEOC Exhibits 64-66 "contain emails relating to the discipline of Adam Schaer" who is a named comparator. [*Doc. 447* at 3]; *see* [*Doc. 273*]. These documents, however, are <u>not</u> on written disciplinary forms, which was a requirement by the Court for disciplinary actions allowed in for named comparators. *See* [*Doc. 447-1* at 5-9]. EEOC Exhibits 120, 121, 122, 125-128 and 130 are all disciplinary forms for non-named comparators involving failure to meet sales goals, assessment of fees on a personal account, and failure to meet service quality goals. [*Doc. 447-1* at 10-20]. As with EEOC Exhibits 6 and 7, these documents involve disciplinary actions outside of the parameters for comparators' discipline set by Judge Brack at the time of the hearing (*i.e.*, sales manipulation, causing a loss to the bank, or issues with opening new accounts). In contrast, Defendants' exhibits which Plaintiff claims are unfairly allowed because they include minor disciplinary actions by Ms. Morantes and Ms. Fernandez on formal disciplinary forms (*see* BAQ Exhibits 307-311, 334, and 335 at *Doc. 447-3* at 1-15) are all on written disciplinary forms, which is consistent with the Court's rulings that even minor infractions by the named Plaintiffs and comparators named by Judge Brack are allowed in if they are on disciplinary forms. If Judge Brack decides at the trial to treat all comparators, including those not mentioned in his prior rulings (*Docs. 273* and *275*) identically, he may certainly do so.

Plaintiff's citation to a portion of the transcript from the April 2, 2014 hearing (*Doc. 447* at 3) is out of context and Plaintiff fails to attach the portion of the transcript in which the Court explained her rulings regarding disciplinary actions of named comparators and other indivicuals.

Plaintiff's statement that the Court's rulings have "result[ed] i[n] a gross inequity in the evidentiary rulings [because] Defendants will be allowed to present evidence of **all** background discipline from the files of Ms. Morantes and Ms. Fernandez[, while] EEOC will be precluded from presenting similar evidence of background discipline for the comparators" (*Doc. 447* at 6), is inaccurate and misleading.  The Court consistently allowed in **all** "background discipline" for the named comparators,[2] as well as Ms. Morantes and Ms. Fernandez, that was reduced to a formal disciplinary form.  *See, e.g.,* EEOC Exhibits 1, 2, 5, 9, 10, 15, 17, 18, 47, 60, 62, 68, 71-83, 86, 93, 95-100, 103, 107-116, 133,134, 136-139 (written disciplinary forms for named-comparators many of which involve actions Plaintiff is calling "background discipline," or discipline that is not sales manipulation, causing a loss to the bank, or issues with opening new accounts, and all of which were allowed in by the Court; *see Doc. 434* at 2).  Plaintiff, therefore, fails to show that the Court's Order at Document 434 is inconsistent with rulings made at the hearings, and Plaintiff has caused the Court to waste its time because of Plaintiff's failure to understand the Court's orders and Plaintiff's failure to think its arguments through before filing a motion.  The Court denies Plaintiff's motion to reconsider with regard to these documents.

### 2. *Exhibits relating to admissions of a party opponent*

Plaintiff next contends that the Court erred by allowing in statements made by Ms. Morantes during the course of the EEOC's investigation into her charge of discrimination (BAQ Exhibits 396 and 429) as a named party's admission, but did not allow in statements made by Defendants to the EEOC during the investigation (EEOC Exhibits 203, 216, 220, and 221).

---

[2] At the April 2, 2014 hearing, Defendant contended that it was Plaintiff who limited the scope of who are the comparators in this case because Plaintiff provided Judge Brack with the names of the comparators cited in Documents 273 and 275.  The undersigned explained to the parties at that hearing that, pursuant to guidance received from Judge Brack's chambers, she was to allow in all formal discipline for the comparators who had been named by Judge Brack in prior rulings, and to allow in only discipline of any other individuals for sales manipulation, or which caused a loss to the bank or involved issues with opening new accounts.  It was further explained at that hearing that Judge Brack could, of course, expand his definition of comparators, and the parties stated they would raise that issue with him at the pretrial conference.

[*Doc. 447* at 7-9], [*Doc. 447-7* at 1-11] and [*Doc. 447-8* at 1-35].   Plaintiff asks the Court to either exclude the statements made by Ms. Morantes or allow in the statements made by Defendants, as well as the deposition testimony of the author of the statements, Margaret Gayle, at Document 414-1, 91:24-5 - 92:1-15; 96:15-25; 102:18-25 - 103:1-2; 106:10-20; 109:21-25 - 110:1-15 (excluding lines 3 and 4); 110:24-25 - 111:1-5; 111:16-21; and 113:8-23.   [*Doc. 447* at 8-9].   Defendants contend that this argument should fail because BAQ Exhibit 396 is not a statement made to the EEOC during the investigation because it was made to Ms. Morantes' personal counsel Brian Thomas.   [*Doc. 465* at 2-3].

The Court overruled Plaintiff's objections regarding BAQ Exhibits 396 and 429, finding that, even though the exhibits were part of the EEOC investigation which is excluded pursuant to Judge Brack's ruling at Document 371, the exhibits were statements against interest by the real party-in-interest, Ms. Morantes.   [*Doc. 434* at 6].   A statement by a party that is an admission against that party's interest should be admitted, barring any other reason it should not be, regardless of when or to whom it was made.   Therefore, Defendant's response to this issue -- that the statement was made to Ms. Morantes' counsel -- is without merit.   The Court sustained Defendants' objections to EEOC Exhibits 203-221 because they were part of the EEOC investigation.   *Id.* at 4.   First, it does not appear that Plaintiff's current argument that these exhibits should be allowed in because they are also statements against interest made by the named Defendants was ever made to the Court at the April 2, 2014 hearing.   Secondly, with regard to Plaintiff's motion, EEOC Exhibit 221 is not a statement made by one of Defendants' corporate officers but, instead, is a compilation of exhibits from Ms. Fernandez' personnel file. Plaintiff's request for the Court to reconsider its decision to sustain Defendants' objection to this document is, therefore, denied.   Finally, EEOC Exhibits 203, 216 and 220 are documents created

by Ms. Gayle in response to the EEOC's investigation, and Ms. Gayle's title is "Senior Resources Compliance Officer" for BOK Financial Corporation.  EEOC makes no showing that Ms. Gayle is the party representative for Defendants or that any of her statements would constitute a statement against interest by a party opponent.  Nevertheless, the Court finds that, if Plaintiff can show that Ms. Gayle is Defendants' representative for this case such that her statements during the EEOC investigation would constitute statements against interest like the statements made by Ms. Morantes, Plaintiff should be allowed to introduce EEOC Exhibits 203, 216 and 220, as well as Ms. Gayle's deposition testimony specifically about those documents. The Court, therefore, will grant Plaintiff's motion as to these three exhibits and Ms. Gayle's testimony regarding these three exhibits and finds that Defendants' objections to this ruling should be reserved for trial depending on whether Plaintiff can show that Ms. Gayle is Defendants' party representative for this case.

### 3.  Exhibit 59

Plaintiff contends that the Court erred by overruling Defendants' objections to EEOC Exhibit 56 but sustaining Defendants' objections to EEOC Exhibit 59.  [*Doc. 447* at 9-10]. EEOC Exhibit 56 is an email chain regarding the question of who made the decision to terminate Ms. Fernandez, with the last e-mail from Erika Crutchfield to Geraldine Weeks asking if Ms. Weeks knows who Kyle Hazelrigg talked to in Human Resources regarding Ms. Fernandez' termination.  *See* [*Doc. 447-10*].  EEOC Exhibit 59 is the exact same e-mail chain with added e-mails including one from Ms. Crutchfield to Shari Fogaley stating that Ms. Weeks told Ms. Crutchfield that Mr. Hazelrigg did not consult anybody in Tulsa.  [*Doc. 447-11*].  The Court overruled Defendants' objections to EEOC Exhibit 56, finding that the document is relevant because it indicated that Mr. Hazelrigg was involved in the termination of Ms. Fernandez, but

sustained Defendants' objections to EEOC Exhibit 59 finding that the additional e-mails were irrelevant.  [*Doc. 434* at 4].  The Court disagrees with Plaintiff's conclusion that the portion of EEOC Exhibit 59 that states that Ms. Weeks told Ms. Crutchfield that Mr. Hazelrigg did not consult anybody in Tulsa regarding Ms. Fernandez' termination shows that Mr. Hazelrigg made the decision to terminate Ms. Fernandez.  Moreover, had Plaintiff wanted to introduce EEOC Exhibit 59 which contains the question and the answer to the question, it should have done so rather than submitting both EEOC Exhibits 56 and 59.  Plaintiff's error was Plaintiff's alone, which has led to unnecessary and duplicative work by both Defendants and the Court in having to consider both exhibits.  Nevertheless, the Court will grant Plaintiff's motion to reconsider with regard to EEOC Exhibit 59 but only as to those portions of EEOC Exhibit 59 that are different from EEOC Exhibit 56, and only to the extent the presiding judge agrees with Plaintiff at trial that EEOC Exhibit 59 is relevant and does not contain impermissible hearsay, which is a determination better made in the context of trial contemporaneous with Plaintiff's submission of the exhibit.  Regardless of whether EEOC Exhibits 56 or 59, or both, are admitted, they are still subject to the Court's ruling that the exhibits must be redacted to remove references to the state unemployment decision.  *See* [*Doc. 434* at 4].

### 4.  Witness Reading from a Document

Plaintiff asks the Court to rule that the portion of Kyle Hazelrigg's deposition in which he reads from an exhibit only be allowed in at trial if the exhibit has been admitted into evidence. [*Doc. 447* at 10].  The Court finds that this is a reasonable request and will grant Plaintiff's motion to the extent that, if any approved designation of Mr. Hazelrigg's deposition in which he reads from a document (*Doc. 414-4* at 245:4-25) is used at trial, those portions of his deposition testimony should only be allowed in if the exhibit has been admitted into evidence.

### 5. *Attorney Statements in Deposition Designations*

Plaintiff's last request is that the Court amend Document 434 "to include the Court's general ruling that attorney statements should be excluded from deposition designations and should not be included in what is read during trial."  [*Doc. 447* at 11].  The Court finds that Plaintiff's request is reasonable, albeit unnecessary because this could be addressed at trial.  The Court, therefore, will grant Plaintiff's motion as to this request and hereby amends Document 434 such that all attorney statements should be excluded from deposition designations and should not be included in what is read during trial.

**IT IS THEREFORE ORDERED** that Plaintiff *EEOC's Motion for Clarification and/or Reconsideration (Doc. 447)* is **GRANTED in part** and **DENIED in part** as set forth above.

**IT IS SO ORDERED**.

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**